ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS  #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us

Attorneys for Defendant Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>OREGON STATE POLICE,<br><br>Defendant. | Case No. 3:21-CV-1719<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)<br><br>**COMPLAINT FOR DAMAGES**<br><br>Prayer Amount: Non-economic damages in an amount to be determined by a jury<br><br>ORS 21.160 (1)(e)<br><br>*Not Subject to Mandatory Arbitration*<br><br>DEMAND FOR JURY TRIAL |

Page 1 -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
        JBD/sv3/136638741

**TO THE JUDGES OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF OREGON:**

Defendant Oregon State Police respectfully files this Notice of Removal of this action to the United States District Court for the District of Oregon. In support of this notice, the State Defendant allege as follows:

1.     On or about October 29, 2021, plaintiffs commenced an action against defendant in the Circuit Court of the State of Oregon for the County of Clackamas entitled *Nicholas James McGuffin, as an individual and as guardian ad litem, on behalf of S.M., a minor v. Oregon State Police*, Case No. 21CV42190. A copy of the Complaint for Damages is attached to this petition as Exhibit A. Copies of the remaining pleadings on file in that action are attached to this notice as Exhibit B, which consist of:

    a.  Plaintiff S.M.'s Petition to Proceed Under Pseudonym,

    b.  Declaration of Christin A. Webb in Support of Plaintiff S.M.'s Petition to Proceed Under Pseudonym,

    c.  Order Granting Plaintiff S.M.'s Petition to Proceed Under Pseudonym,

    d.  Motion to Appoint Guardian *Ad Litem* for Minor Plaintiff S.M.,

    e.  Declaration of Nicholas McGuffin in Support of Motion to Appoint Guardian *Ad Litem*,

    f.  Order Appointing Guardian Ad Litem for Minor Plaintiff S.M., and

    g.  Return of Service and Summons.

2.     This case is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1331, because it asserts claims under 42 U.S.C. § 1983, and is one that can be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1443 because, although defendant denies that it is liable to plaintiffs, plaintiffs have alleged claims arising under the laws of the United States.

3.     Service of summons was made on or about November 1, 2021. Not more than thirty days have passed since the date on which defendant received the Complaint for Damages through service of summons. Accordingly, this notice is timely under 28 U.S.C. § 1446(b).

Page 2 -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
      JBD/sv3/136638741

WHEREFORE, Defendant respectfully requests that this action now pending against it in the Circuit Court in the State of Oregon for the County of Clackamas be removed from that Court to the United States District Court for the District of Oregon, Portland Division.

DATED November  30 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

    _s/ Jesse B. Davis_____
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us
    Of Attorneys for Oregon State Police

Page 3 -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
        JBD/sv3/136638741

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

_Verified Correct Copy of Original 10/29/2021._

STATE OF OREGON
CLACKAMAS COUNTY COURTS
ENTERED

2021 OCT 29 T P4:9 2:03

By: BZ

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

**21CV42190**

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | No.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| v. | Prayer Amount: Non-economic damages in an amount to be determined by a jury |
| OREGON STATE POLICE, | |
| Defendant. | Filing Fee: $1,178.00<br>ORS 21.160(1)(e) |
| | _Not Subject to Mandatory Arbitration_ |
| | DEMAND FOR JURY TRIAL |

COMES NOW Plaintiffs Nicholas James McGuffin and S.M., by and through their attorneys, Maloney Lauersdorf Reiner PC and Loevy & Loevy, and allege and claim as follows:

Page 1– COMPLAINT FOR DAMAGES

21CV42190
CM
Complaint
14505520





MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503.245 1518
Facsimile 503.245.1417

Exhibit A  Page 1 of 28
to Defendant's Notice of Removal of Action

_Verified Correct Copy of Original 10/29/2021._

# I. INTRODUCTION

1. Nicholas McGuffin spent nine years in prison for a crime that he did not commit—the murder of Leah Freeman.

2. McGuffin was wrongfully convicted because employees and agents of Defendant Oregon State Police ("OSP") fabricated and suppressed evidence and otherwise violated McGuffin's rights under the United States constitution, the Oregon constitution, and the law.

3. After fighting for his innocence for nearly two decades, McGuffin was exonerated when his conviction was vacated, and the Coos County District Attorney's Office unilaterally dismissed all charges against him.

4. Though nothing can bring back that time, McGuffin and his daughter, S.M., now bring this action to redress the devastating injuries that OSP caused them.

# II. PARTIES

5. Plaintiff Nicholas James McGuffin is, and was at all times material and relevant to this action, an individual and resident of the state of Oregon.

6. Plaintiff S.M. is, and was at all times material and relevant to this action, a minor individual and resident of the state of Oregon. S.M. appears in this lawsuit through her father, Nicholas McGuffin, as her guardian *ad litem*.

7. Defendant Oregon State Police, which includes the Forensic Services Division, and officers, employees, and agents of OSP, is a state agency and is, or was at times material and relevant to this action, the employer of Susan Hormann, Mary Krings, and Kathy Wilcox. In addition, Defendant Oregon State Police is responsible for the policies, practices, and customs of Defendant Oregon State Police, including the Forensic Services Division.

# III. JURISDICTION AND VENUE

8. Subject matter jurisdiction in this court is proper.

9. Venue in this court is proper under ORS 14.080.

Page 2–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste 300
Portland, Oregon 97214
Telephone: 503 245 1518
Facsimile. 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

# IV.  FACTUAL ALLEGATIONS

**A.    Background**

10.    McGuffin grew up in Coquille, Oregon and attended Coquille High School, where he and Freeman met and began dating in 1999.

11.    On the night of June 28, 2000, while walking alone after leaving her friend Cherie Mitchell's house, Freeman was abducted and murdered

12.    In August of 2010, after nearly ten years of being intimidated and harassed by law enforcement officers, McGuffin was arrested without probable cause and then prosecuted for Freeman's murder.

13.    McGuffin was convicted by 10-2 verdict of manslaughter, and sentenced to 10 years in prison, plus three years of post-prison supervision.

14.    In December of 2019, all charges against McGuffin were dismissed, and McGuffin was released, free and fully exonerated, from South Fork Forest Prison Camp, in Tillamook, Oregon.

15.    McGuffin was continuously confined in either jail or prison from the time of his arrest until his exoneration in December of 2019.

16.    McGuffin had absolutely nothing to do with the abduction or murder of Leah Freeman.

**B.    Freeman's Abduction and Murder**

17.    On the evening of June 28, 2000, McGuffin drove Freeman in his blue Ford Mustang to the home of Freeman's friend, Cherie Mitchell.

18.    McGuffin dropped Freeman off at the Mitchell residence at approximately 7:00 p.m. on June 28, 2000.  McGuffin did not see, speak with, or otherwise interact with Freeman ever again after dropping her off at the Mitchell residence.

///

///

Page 3–    COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone 503 245.1518
Facsimile 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

19. McGuffin was scheduled to return to the Mitchell residence to pick up Freeman around 9:00 p.m. for a double date with McGuffin and their friends, Brent Bartley, and Bartley's girlfriend, Nicole Price.

20. Sometime before 9:00 p.m., Freeman and Mitchell argued, Freeman grew angry with Mitchell, and Freeman left the Mitchell residence alone on foot.

21. Mitchell followed Freeman out of the house and watched Freeman walk by herself in the direction of North Central Boulevard.

22. Multiple other witnesses saw Freeman walking alone on North Central Boulevard in the direction of Coquille High School.

23. Witnesses also saw Freeman standing outside the high school, and then across the street from the high school on the corner of West Central Boulevard and North Elm Street.

24. The last witness known to have seen Freeman alive reported seeing her standing on the corner of West Central Boulevard and North Elm Street, in between the cemetery and the gas station, between 9:15 p.m. and 9:30 p.m. on June 28, 2000.

25. Freeman's right Nike tennis shoe was reportedly found around 11:30 p.m. that evening on North Elm Street, near the cemetery and the gas station.

26. On July 5, 2000, Coos County Sheriff's Deputy Kip Oswald presented Freeman's left Nike tennis shoe to the Coquille Police Department and reported that he had found the shoe on Hudson Ridge, a remote forested area approximately ten miles from the location where Freeman was last seen alive.

27. Deputy Oswald knew the shoe was connected to Freeman's abduction, but did not photograph it, its condition, position, or location, and did not conduct any other steps to preserve evidence from the area around where he purportedly found the left shoe.

28. On August 3, 2000, Freeman's body was found deep in the woods on an embankment of the Coquille River, approximately eight miles from the location where she had last been seen alive.

Page 4—  COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone 503.245.1518
Facsimile 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

## C.     Evidence of McGuffin's Innocence and Search for Freeman

29.     Shortly after 9:00 p.m. on the night that Freeman was abducted, McGuffin arrived at the Mitchell residence in his Ford Mustang to pick up Freeman.

30.     There, McGuffin learned from Mitchell that Freeman had left and started walking toward town.

31.     McGuffin began to search for Freeman.

32.     McGuffin spent more than five hours searching for Freeman, and more than 20 witnesses saw and interacted with McGuffin during that time, including Freeman's mother, sister, and friends, McGuffin's family and friends, and at least two City of Coquille Police Department police officers, including Officer Danny Lee and Officer David Zavala, each of whom pulled McGuffin over at different times while he was driving his Ford Mustang.

33.     Other records available to law enforcement also confirmed McGuffin's whereabouts and activities while searching for Freeman, including telephone records and card-lock gas station records.

34.     The next morning, McGuffin continued his search for Freeman with Freeman's sister, Denise.  McGuffin, Denise, and Freeman's mother together reported Freeman missing to the City of Coquille Police Department (CPD).

35.     The CPD, with knowledge and direction of the then-Chief of Police Michael Reaves, refused to investigate or even search for Freeman.

36.     Unable to get assistance from local police, McGuffin enlisted Freeman's sister and his own family and friends, and they continued to search for Freeman throughout Coquille, the surrounding counties, and all the way into California.

## D.     The Faulty and Reckless Initial Investigation into Freeman's Murder

37.     Acting pursuant to the policies, practices, and customs of the City of Coquille, then-Chief of Police Reaves and City of Coquille police officers and investigators initially refused to investigate Freeman's abduction.

Page 5–     COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone  503 245.1518
Facsimile: 503.245.1417

Verified Correct Copy of Original 10/29/2021

38.    In a departure from established practices and procedures, the City of Coquille even rejected assistance from other investigating law enforcement agencies.

39.    Eventually, the CPD and the City of Coquille decided to actually conduct an investigation. The City of Coquille, by and through Chief Reaves, appointed two inexperienced police officers to lead the investigation into Freeman's abduction

40.    There was no physical evidence or evidence of motive connecting McGuffin to Freeman's abduction or murder.

41.    In fact, evidence available to law enforcement at the time—including witness statements, physical evidence, and CPDs own contact with McGuffin——made it obvious that McGuffin was innocent.

42.    Despite his innocence, the investigating officers decided to pursue McGuffin as a suspect, agreed to violate his constitutional rights in order to implicate him in Freeman's abduction and murder, and began to deliberately fabricate evidence against McGuffin.

43.    The investigating officers worked in concert with Hormann, Krings, and Wilcox of the Oregon State Police Forensic Services Division (the "OSP Lab Analysts") in their efforts to falsely implicate McGuffin in the abduction and murder of Freeman despite his innocence.

44.    Pursuant to their agreement and collaboration with other investigators, the OSP Lab Analysts suppressed, tampered with, and/or destroyed evidence to falsely implicate McGuffin.

45.    For example, in July 2000, the OSP Lab Analysts examined Freeman's right Nike tennis shoe that was reportedly found on North Elm Street next to the cemetery on the night that Freeman was abducted.

46.    No blood was found on the right Nike tennis shoe.

47.    The OSP Lab Analysts also tested the right Nike tennis shoe for DNA, and found the DNA of Freeman and an unidentified male on the right Nike tennis shoe.

48.    The male DNA on the right Nike tennis shoe did not belong to McGuffin.

Page 6–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503.245 1518
Facsimile 503 245 1417

Verified Correct Copy of Original 10/29/2021.

49. The presence of DNA of an unidentified male on the right Nike tennis shoe was obviously of value, both for purposes of solving the crimes, and as exculpatory evidence of McGuffin's innocence.

50. Despite the nature and obvious importance of the DNA evidence found on the right Nike tennis shoe, this exculpatory evidence was suppressed by the investigating officers and OSP Lab Analysts.

51. The OSP Lab Analysts also fabricated evidence by issuing a report indicating that only Freeman's DNA was found on the right Nike tennis shoe to support the false narrative that all other suspects besides McGuffin had been eliminated.

52. The OSP Lab Analysts knew that the report was false and deliberately suppressed this fact to use the report as evidence to indict and convict McGuffin for the abduction and murder of Freeman.

53. The OSP Lab Analysts examined the left Nike tennis shoe that was reportedly found on Hudson Ridge approximately one week after Freeman disappeared.

54. Blood was found on the left Nike tennis shoe.

55. The OSP Lab Analysts also tested the left Nike tennis shoe for DNA and found the DNA of Freeman and a male on the left Nike tennis shoe.

56. Though they knew the male DNA from the left shoe did not belong to Deputy Oswald, the OSP Analysts falsely suggested in a report that this DNA was Oswald's in order to support the false narrative that all other suspects besides McGuffin had been eliminated.

57. The OSP Lab Analysts knew that the report was false and deliberately suppressed this fact to use the report as evidence to indict and convict McGuffin for the abduction and murder of Freeman.

///

///

///

Page 7–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone: 503 245 1518
Facsimile  503 245.1417

_Verified Correct Copy of Original 10/29/2021._

58.    The investigating officers and the OSP Lab Analysts also suppressed evidence that would have shown the male DNA on the left shoe did not belong to Deputy Oswald and, instead, would have confirmed the DNA of an unidentified male on the victim's bloodstained left shoe.

59.    Despite extensive evidence of McGuffin's innocence, and the lack of evidence implicating McGuffin in the abduction and murder of Freeman, the investigating officers continued to target and harass McGuffin for years for the purpose of intimidating and provoking him in an effort to fabricate additional evidence that might be used against McGuffin.

**E.    The Faulty and Reckless Investigation into the Cold Case**

60.    At the same time that the investigating officers were pursuing their campaign of harassment and intimidation, public pressure to solve the case with a conviction was intensifying, due in part to the seriousness of the crimes at issue, but also in large part to the fact that the investigating officers were very publicly targeting McGuffin and repeatedly reported to the media that McGuffin was implicated in Freeman's abduction and murder despite his innocence.

61.    In 2008, local authorities assembled a team of individuals to try to obtain a conviction for the Freeman murder, suggesting that it was a "cold" case even though officers had never stopped pursuing McGuffin (the "Cold Case Investigators"). The individuals referred to the Freeman investigation as a "cold case," so, for pleading purposes, Plaintiffs will refer to the team collectively as the "Cold Case Investigators," and their investigation as the "Cold Case Investigation."

62.    The Cold Case Investigators included officers and agents from the original investigation, such as OSP Lab Analysts Hormann and Wilcox, which allowed the Cold Case Investigators to pick up and follow through with the original investigation and incorporate the evidence that had been previously fabricated and/or suppressed.

///

Page 8–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone: 503 245 1518
Facsimile: 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

63. The Cold Case Investigators also included the CPD Chief of Police Mark Dannels, individual officers from local agencies, the Vidocq Society (an unlicensed private "investigation" firm), and Richard Walter (a "profiler" and agent of Vidocq Society).

64. The Cold Case Investigators picked up and proceeded with the original investigation, employing similar tactics and building upon the efforts of the original investigating officers and the OSP Lab Analysts, and focusing their efforts exclusively on implicating McGuffin in Freeman's murder through the fabrication, suppression, and/or destruction, of evidence.

65. Intense public pressure and increased media attention, much of which was at the invitation of the Cold Case Investigators, exacerbated the sense of urgency among the Cold Case Investigators and OSP Lab Analysts to obtain a conviction for Freeman's abduction and murder.

66. As one of the Cold Case Investigators explained to a national news outlet in 2010, the Freeman case was the "black sheep of Coquille" and most people thought it "could have got solved back in 2000," a reference to the targeting of McGuffin by the original investigating officers and the OSP Lab Analysts.

67. The Cold Case Investigators knew that the original investigating officers and the OSP Lab Analysts crafted a false narrative of McGuffin's guilt based on junk science, including the fabricated evidence as alleged above.

68. The Cold Case Investigators further knew about exculpatory evidence establishing McGuffin's innocence, including the exculpatory DNA evidence, which they suppressed through McGuffin's trial and for years thereafter.

69. Despite their knowledge of the misconduct, lack of credibility, unreliable and unconstitutional methods, and violations of McGuffin's rights by the original investigating officers and the OSP Lab Analysts, the Cold Case Investigators involved many of the original investigating officers and the OSP Lab Analysts in their own investigation, relied upon the prior investigation, and built-upon that investigation using unconstitutional tactics of their own in

Page 9–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503 245 1518
Facsimile  503 245 1417

furtherance of the same goal: arresting and prosecuting McGuffin for a crime that he did not commit.

F.    **The Cold Case Investigators' Fabrication and Suppression of Additional Evidence**

70.    By 2010, the Cold Case Investigators were focused exclusively on arresting and convicting McGuffin and were not conducting any meaningful investigation into other leads or suspects.

71.    The Cold Case Investigators faced several hurdles in their quest to convict McGuffin, however, including McGuffin's obvious innocence.

72.    In order to overcome these hurdles and reach their ultimate goal, the Cold Case Investigators fabricated additional evidence falsely implicating McGuffin in Freeman's abduction and murder, and suppressed other evidence, including DNA evidence and evidence of the misconduct of the original investigating officers, the OSP Lab Analysts, and themselves.

73.    The Cold Case Investigators deliberately fabricated evidence for the purpose of concocting a theory of how Freeman was murdered by falsely reporting that blood had been found on Freeman's right Nike tennis shoe when it had not.

74.    The Cold Case Investigators falsely reported and repeated on the nationally televised ABC network news program "20/20," while standing near the cemetery, that Freeman's right tennis shoe was found on the road right there with blood on it.

75.    The Cold Case Investigators all knew that Freeman's right Nike tennis shoe had been carefully examined and no blood whatsoever was found on the shoe. Nonetheless, they falsely reported that blood was found on Freeman's right Nike tennis shoe in an effort to explain how her abduction and murder occurred, and to implicate McGuffin in those crimes, despite his innocence.

76.    The Cold Case Investigators fabricated additional evidence by falsely reporting, and repeating on "20/20," that evidence of blood on the right tennis shoe indicated that Freeman was "smashed in the face" and forcibly taken from the location where the right shoe was

Page 10–   COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503 245 1518
Facsimile 503.245.1417

_Verified Correct Copy of Original 10/29/2021._

reportedly found, falsely suggesting that they had evidence to prove how the crime occurred.

77.    The Cold Case Investigators also deliberately fabricated evidence of potential motives by falsely reporting that Freeman may have been pregnant at the time of her murder, and that McGuffin may have been afraid that he would be charged with statutory rape due to the age difference between them if the pregnancy was discovered.

78.    The Cold Case Investigators falsely repeated this fabricated evidence of an alleged motive on the nationally televised ABC network news program "20/20."

79.    At the time that the Cold Case Investigators fabricated this evidence, and repeated it on national television, they all knew Freeman was not pregnant when she was abducted and killed.

80.    At the time that the Cold Case Investigators fabricated this evidence, and repeated it on national television, they knew that consensual sex between McGuffin and Freeman was not "statutory rape" as a matter of Oregon law.

81.    Walter bolstered this fabricated motive with his own false "profile" of Freeman's murderer by reporting, and repeating on "20/20," that based upon his determination of how the murder happened, he concluded that Freeman's murderer wanted to get Freeman out of the way, suggesting that the killer was not a stranger, but someone very close to Freeman, or to whom Freeman's continued existence posed a substantial threat.

82.    At the time that Walter conjured up his false "profile" and reported his conclusions regarding the murderer's motives, Walter had no knowledge of how the murder actually happened and simply fabricated a false "profile" and motive based upon the agreement he had made with the Cold Case Investigators and City of Coquille in an effort to effect the arrest, indictment, and conviction of McGuffin for a crime he did not commit.

83.    The Cold Case Investigators also fabricated evidence for the purpose of creating the false inference that McGuffin had used his Ford Mustang to transport Freeman's body after she was abducted and murdered, including falsely reporting, and repeating on "20/20," that the

Page 11–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503 245.1518
Facsimile: 503 245.1417

Verified Correct Copy of Original 10/29/2021

Ford Mustang had been "wiped clean" shortly after Freeman's abduction and murder, when that claim was untrue and the Cold Case Investigators knew there was nothing to suggest McGuffin's car had been cleaned or "wiped" in any way at all.

84.    The Cold Case Investigators also deliberately suppressed, tampered with, and/or destroyed relevant and material impeachment evidence that undermined the credibility of key prosecution witnesses, including evidence of their own misconduct and violations of McGuffin's rights described herein.

G.    **The Arrest and Defamation of McGuffin for a Crime He Did Not Commit**

85.    On August 23, 2010, based upon evidence fabricated by the Cold Case Investigators, including the original investigating officers and the OSP Lab Analysts, and without any probable cause, McGuffin was arrested and charged with Freeman's murder.

86.    To add further insult, the Cold Case Investigators invited producers from the nationally televised ABC network program "20/20" to have what the show called "exclusive access" to the investigation.

87.    The Cold Case Investigators fed the "20/20" producers false information to claim McGuffin had murdered Freeman, despite McGuffin's innocence.

88.    The "20/20" cameras were invited to film the arrest, and the Cold Case Investigators made a dramatic, unlawful arrest for the cameras by stopping McGuffin along the side of the road and accosting him as he was driving home from work.

89.    Along the way, Cold Case Investigators made false and inflammatory statements about McGuffin, including that everyone should assume that McGuffin was carrying a gun.

90.    Cold Case Investigators even attempted to use the media to question McGuffin on-camera about the Freeman case, despite the fact that they knew McGuffin was represented by counsel and they were not permitted to speak with him.

91.    The "20/20" television show was broadcast to the public, including the jury pool in Coos County, before McGuffin's criminal trial.

Page 12–   COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503 245 1518
Facsimile 503 245 1417

92. The "20/20" television show was also published on the internet for the public, including the jury pool in Coos County, before McGuffin's criminal trial.

93. The "20/20" television show was broadcast to the public in 2010, before jury selection in McGuffin's criminal trial, and included information that would have been inadmissible at trial. This inadmissible evidence was deliberately provided to "20/20" by the Cold Case Investigators to sway public opinion before the trial and ensure the conviction.

**H.    McGuffin's Wrongful Conviction**

94. Between the date of his arrest and trial, McGuffin was continuously confined and deprived of his liberty.

95. In July 2011, McGuffin was tried for Murder in the First Degree.

96. McGuffin was acquitted of murder and convicted of the lesser-included offense of manslaughter by a non-unanimous jury.

97. McGuffin was sentenced to 10 years in prison, plus three years of post-prison supervision.

98. The basis for McGuffin's arrest, indictment, and conviction was evidence that was fabricated and/or suppressed by the OSP Lab Analysts and the investigating officers and agents (including the original investigating officers and the cold case investigators), including, for example, as described above.

99. At grand jury and trial, the OSP Lab Analysts and the investigating officers and agents continued to suppress exculpatory evidence, including the DNA results, their own misconduct, and other exculpatory and material evidence, including, but not limited to, the evidence described above.

100. Without the fabrication and suppression of evidence, McGuffin would not have been convicted.

///

///

Page 13–   COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER pc
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone· 503.245 1518
Facsimile. 503 245 1417

Exhibit A  Page 13 of 28
to Defendant's Notice of Removal of Action

_Verified Correct Copy of Original 10/29/2021._

101. No direct, tangible, or objective evidence linked McGuffin to the abduction and murder of Leah Freeman, and no reasonable jury could have convicted McGuffin in the absence of the fabricated evidence, or if presented with the suppressed evidence.

102. McGuffin appealed his conviction to the Oregon Court of Appeals, and the judgment of conviction was affirmed without opinion in December 2013.

103. McGuffin's petition for review was denied by the Oregon Supreme Court in 2014.

I. **McGuffin's Exoneration**

104. McGuffin filed a petition for post-conviction relief.

105. The post-conviction court found that McGuffin's constitutional rights were violated by, among other reasons, the suppression of the exculpatory DNA evidence.

106. The post-conviction court vacated McGuffin's conviction.

107. In December 2019, the District Attorney unilaterally moved the court to dismiss all charges against McGuffin.

108. The dismissal was not the product of any agreement between the parties. Indeed, the District Attorney pursued an *ex parte* order of dismissal within hours after filing his motion to dismiss, without waiting for any response to the motion. He earlier told a reporter that "There is unknown male DNA on those shoes. Does it exonerate McGuffin? Maybe, but I don't know."

109. Based upon information and belief, the District Attorney recognized that, if pursued, the action would result in a decision in favor of McGuffin due to the lack of inculpatory evidence, as well as the exculpatory evidence and government misconduct discovered during the post-conviction case.

110. On December 17, 2019, the court dismissed the criminal case and McGuffin was released from custody.

111. By the time McGuffin was released from custody he had served over nine years in jail and prison for a crime that he did not commit.

Page 14— COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone· 503 245 1518
Facsimile 503.245.1417

Verified Correct Copy of Original 10/29/2021

## J.    McGuffin's Damages

112.    Even before his wrongful arrest, prosecution, and conviction, McGuffin spent years being intimidated, harassed, and tormented by police officers at the hands of the law enforcement.  The police admitted their campaign of harassment to the public and producers of "20/20".

113.    The Cold Case Investigators' open and very public targeting of McGuffin and his family, and deliberate dissemination of fabricated and false information to the news media, resulted in McGuffin and his family members, including his young daughter, S.M., being subjected to public humiliation, harassment, and even death threats.

114.    McGuffin spent over nine years incarcerated in jail and then prison for a crime that he did not commit.

115.    McGuffin was wrongfully convicted when his daughter, S.M., was only three years old, and incarcerated hundreds of miles from his family, including S.M., causing him to miss out on birthdays, holidays, first days of school, and every other highlight of parenting a young child, such as teaching her how to swim and ride a bike.

116.    During his incarceration, McGuffin's only option for maintaining a relationship with his daughter was to have his parents bring her to the prison to visit him.  S.M. spent her formative years missing her dad and being exposed to prison life in order to have any kind of relationship with him.

117.    During his incarceration, McGuffin was further deprived of the ability to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and pursue his chosen career in the culinary field; and to live freely as an autonomous being.

118.    As a result of his wrongful incarceration, McGuffin was forced to leave his lucrative position as an Executive Banquet Chef at one of the most highly regarded restaurants in Coos County and abandon the training and skills he had developed through culinary school and

Page 15–   COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste  300
Portland, Oregon  97214
Telephone.  503 245 1518
Facsimile  503 245 1417

_Verified Correct Copy of Original 10/29/2021._

his time as a chef.

119. In addition to causing the severe trauma of McGuffin's wrongful imprisonment and loss of liberty, the government misconduct caused and continues to cause McGuffin extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other physical and psychological effects.

120. The government misconduct further caused and continues to cause McGuffin's loss of reputation in his community and loss of employment options in his chosen vocation.

121. The government misconduct further caused and continues to cause S.M. the loss of care, comfort, consortium, love, and emotional and financial support from her father.

## V. CONSPIRACY AMONG AND BETWEEN THE DEFENDANTS

122. Defendant Oregon State Police and its agents and employees conspired with the other investigating officers and agents to convict McGuffin of a crime that he did not commit.

123. The circumstances suggest that there was a meeting of the minds between the OSP Lab Analysts and the other investigating officers and agents. These individuals worked as a team, sharing information and collaborating on next steps. The acts described above, including fabricating reports, withholding exculpatory evidence, and coercing witnesses, are unlikely to have been undertaken without an agreement because multiple individuals on the team were involved in those acts of misconduct.

124. The acts described above are further unlikely to have been undertaken without an agreement because at least five of the investigating officers and agents, including OSP Lab Analysts Hormann and Wilcox, overlapped between the original investigation and the cold case investigation, and each of the overlapping individuals knew about exculpatory evidence that had been suppressed and evidence that had been fabricated to falsely suggest McGuffin's guilt. For example:

///

Page 16— COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile  503 245 1417

a. OSP Lab Analyst Hormann participated in the DNA testing that produced exculpatory DNA evidence in the original investigation, and Hormann then participated in the cold case investigation, wherein that evidence was suppressed.

b. OSP Lab Analysts Hormann and Wilcox participated in examining Freeman's shoes during the original investigation, and these individuals then participated in the cold case investigation, wherein the Cold Case Investigators fabricated blood evidence on Freeman's right shoe that did not exist.

c. OSP Lab Analyst Wilcox participated in examining McGuffin's car during the original investigation, and Wilcox then participated in the cold case investigation and at trial, wherein the Cold Case Investigators fabricated evidence that the car had been wiped clean when it had not.

125. The OSP Lab Analysts, and the original investigating officers, fabricated evidence, and suppressed exculpatory evidence, for the purpose of exerting influence to initiate, continue, and perpetuate judicial proceedings against McGuffin. These individuals handed those efforts over to the Cold Case Investigators to continue the same campaign.

126. The Cold Case Investigators fabricated additional evidence and suppressed additional exculpatory evidence, suggesting that the meeting of the minds began during the original investigation, carried over to the cold case investigation through the overlapping individuals, and continued throughout that cold case investigation.

## VI. POLICIES AND PRACTICES THAT WERE THE MOVING FORCE BEHIND THE CONSTITUTIONAL VIOLATIONS

127. The violation of McGuffin's constitutional rights and resulting wrongful conviction were not mere accidents or anomalies but, instead, were caused by the policies, practices, and/or customs of Defendant Oregon State Police, among other municipalities.

128. The constitutional violations that were the proximate cause of McGuffin's wrongful conviction further arose out of the failure to train and supervise in a manner that

Page 17– COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone 503 245 1518
Facsimile. 503.245.1417

_Verified Correct Copy of Original 10/29/2021._

_Verified Correct Copy of Original 10/29/2021._

amounts to deliberate indifference by Defendant Oregon State Police.

129.    In addition, Defendant Oregon State Police failed to adopt adequate procedural safeguards concerning the suppression of material evidence; the fabrication of evidence; the prosecution of individuals in the absence of probable cause; and other law enforcement functions that violated McGuffin's constitutional rights.

130.    Agents and employees of Defendant Oregon State Police withheld material exculpatory and/or impeachment evidence as alleged above, and did so pursuant to Defendant Oregon State Police's policies, practices, and/or customs that permit the suppression of such evidence, even where it would obviously be exculpatory and/or impeaching, as it was here.

131.    The violations of McGuffin's constitutional rights were approved of and ratified by Defendant Oregon State Police and/or by the final policymaker for Defendant Oregon State Police such that the actions of the individual agents and employees constitute the official policy, practices, and/or customs of Defendant Oregon State Police.

132.    In addition, the agents and employees of Defendant Oregon State Police knowingly gave false statements and provided false information to the media in order to influence potential fact finders in the small community of Coos County as alleged above.

133.    These acts were committed, or ratified, by officials whose acts fairly represent official policy such that the challenged action constituted official policy.

134.    These unlawful acts were, furthermore, the result of longstanding policies, practices, or customs that constitute the standard operating procedure of Defendant Oregon State Police.

135.    Defendant Oregon State Police recognized the need for adequate training of its employees and was deliberately indifferent to the necessity of training regarding *Brady* obligations and evidence collection, handling, and preservation.

136.    Defendant Oregon State Police knew very well that its training, supervision, procedures, practices, and customs to prevent due process violations related to the suppression

Page 18–    COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste 300
Portland, Oregon 97214
Telephone· 503 245 1518
Facsimile. 503.245.1417

Verified Correct Copy of Original 10/29/2021.

and/or fabrication of evidence were inadequate, but refused to implement adequate training and supervision or other programs to prevent violations of due process, exhibiting deliberate indifference to such violations.

## VII.  FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983

### (Unconstitutional Policies, Practices, and Customs of Defendant Oregon State Police)

137.    Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 136 in their entirety.

138.    As alleged above, Defendant Oregon State Police and its agents and employees, while acting individually, jointly, and/or in conspiracy with the City of Coquille, City of Coos Bay, and Coos County, and the respective agents and employees of those entities, and while acting within the scope of their employment, deprived McGuffin of his constitutional right to due process and his right to a fair trial.

139.    In the manner described more fully above, Defendant Oregon State Police and its agents and employees deliberately withheld exculpatory and impeachment evidence from McGuffin, his attorneys, and prosecutors, among others, thereby misleading and misdirecting McGuffin's criminal prosecution.

140.    In addition, as described more fully above, Defendant Oregon State Police and its agents and employees fabricated and solicited false evidence, obtained charges against McGuffin, obtained his conviction using that false evidence, and failed to correct fabricated evidence that Defendant Oregon State Police and its agents and employees knew to be false when it was used against McGuffin in grand jury proceedings and during his criminal trial.

141.    In addition, based on information and belief, Defendant Oregon State Police and its agents and employees concealed and fabricated additional evidence that is not yet known to McGuffin.

142.    Defendant Oregon State Police and its agents and employees' misconduct

Page 19– COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste  300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile· 503 245 1417

Verified Correct Copy of Original 10/29/2021

described in this count resulted in McGuffin's unjust and wrongful criminal prosecution and conviction, deprived him of his liberty, caused witnesses to provide false and involuntary statements that were used to incriminate him, and denied him his constitutional right to a fair trial guaranteed by the Fourteenth Amendment. Absent this misconduct, McGuffin's prosecution could not, and would not, have been pursued.

143. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and with total disregard for the truth and McGuffin's clear innocence.

144. As a result of the misconduct described in this claim, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

145. At a result of the misconduct described in this claim, S.M. suffered a violation of her constitutionally protected liberty interest under the Fourteenth Amendment in the companionship, society, and comfort between herself and her father, McGuffin, causing her great mental anguish, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

146. Plaintiffs' injuries were caused by the policies, practices, and customs of Defendant Oregon State Police.

147. At all times relevant and material to this action, and for a period of time before and after, Defendant Oregon State Police failed to promulgate proper or adequate rules, regulations, policies, and procedures governing the collection, documentation, preservation, testing, and disclosure of evidence, including physical evidence; writing of lab reports; and the maintenance of files and disclosure of those files in criminal proceedings by agents and employees of Defendant Oregon State Police.

148. In addition or alternatively, Defendant Oregon State Police failed to promulgate proper and adequate rules, regulations, policies, and procedures for the training and supervision

Page 20– COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone· 503.245.1518
Facsimile: 503 245 1417

of agents and employees with respect to the collection, documentation, preservation, testing, and disclosure of evidence, including physical evidence; writing of lab reports; and the maintenance of files and disclosure of those files in criminal proceedings.

149.    Agents and employees of Defendant Oregon State Police committed these failures to promulgate proper or adequate rules, regulations, policies, and procedures.

150.    Had agents and employees of Defendant Oregon State Police promulgated appropriate rules, regulations, policies, and procedures, then the violation of McGuffin's constitutional rights would have been prevented.

151.    In addition, at all times relevant and material to this action, and for a period of time before, Defendant Oregon State Police had notice of practices and customs by their agents and employees pursuant to which individuals suspected of criminal activity, like McGuffin, were routinely deprived of exculpatory evidence, falsely charged, defamed and insulted in the media, subjected to the fabrication of evidence, and prosecuted with false evidence.

152.    These practices and customs, individually and/or together, were allowed to flourish because the leaders, supervisors, and policymakers of Defendant Oregon State Police directly encouraged and were thereby the moving force behind the very type of misconduct at issue by failing to adequately train, supervise, and control their officers, agents, and employees on proper techniques and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses like those affecting McGuffin.

153.    The above practices and customs, so well settled as to constitute *de facto* policies of Defendant Oregon State Police, were able to exist and thrive, individually and/or together, because policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

154.    In addition, the misconduct described in this claim was undertaken pursuant to Defendant Oregon State Police policies and practices in that the constitutional violations committed against McGuffin were committed with the knowledge or approval of persons with

Page 21–   COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste  300
Portland, Oregon  97214
Telephone· 503 245 1518
Facsimile. 503.245.1417

_Verified Correct Copy of Original 10/29/2021._

final policymaking authority for Defendant Oregon State Police, or were actually committed by persons with such final policymaking authority.

155.    McGuffin's injuries were directly and proximately caused by officers, agents, and employees of Defendant Oregon State Police, including but not limited to Hormann, Krings, and Wilcox, who acted pursuant to one or more of the policies, practices, and customs set forth above in engaging in the misconduct described in this count.

## VIII.  SECOND CLAIM FOR RELIEF

### (State Law – False Imprisonment)

156.    Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 155 in their entirety.

157.    By letters dated May 8, 2020, Plaintiffs provided notice to the Defendant Oregon State Police of their state law claims as required by ORS 30.275.

158.    McGuffin was incarcerated beginning on August 23, 2010.

159.    The incarceration was not lawful.  The indictment against McGuffin was made without probable cause because it was based on fabricated evidence as alleged above, and was made without regard to exculpatory evidence that had been deliberately suppressed as alleged above.

160.    Defendant Oregon State Police violated McGuffin's rights by incarcerating him without probable cause.

161.    Defendant Oregon State Police is responsible for the misconduct of its agents and employees who acted as alleged above under a theory of vicarious liability and/or respondeat superior.

162.    As a result of the misconduct of Defendant Oregon State Police, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

///

Page 22–   COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER ℗
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone 503.245.1518
Facsimile· 503 245.1417

_Verified Correct Copy of Original 10/29/2021._

_Verified Correct Copy of Original 10/29/2021._

163. As a result of the misconduct of Defendant Oregon State Police, S.M. suffered a loss of consortium as set forth above.

## IX. THIRD CLAIM FOR RELIEF

### (State Law – Malicious Prosecution)

164. Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 163 in their entirety.

165. Based on the misconduct alleged above, agents and employees of Defendant Oregon State Police caused McGuffin to be unreasonably seized and further caused McGuffin to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in McGuffin's favor in a manner indicative of his innocence.

166. As alleged above, agents and employees of Defendant Oregon State Police accused McGuffin of criminal activity knowing those accusations to be without genuine probable cause, and they made statements to prosecutors and grand jurors with the intent of exerting influence to institute and continue judicial proceedings against McGuffin.

167. The proceedings lacked probable cause because they were based on fabricated evidence as alleged above, and were made without regard to exculpatory evidence that had been deliberately withheld and suppressed as alleged above.

168. The statements by agents and employees of Defendant Oregon State Police about McGuffin's alleged culpability were made with knowledge that the statements were false and perjured.

169. The misconduct alleged above was undertaken with malice, willfulness, and/or reckless indifference.

///

///

Page 23–   COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste  300
Portland, Oregon  97214
Telephone. 503 245.1518
Facsimile· 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

170. Defendant Oregon State Police is responsible for the misconduct of its agents and employees who acted as alleged above under a theory of vicarious liability and/or respondeat superior.

171. As a result of the misconduct of Defendant Oregon State Police, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

172. As a result of the misconduct of Defendant Oregon State Police, S.M. suffered a loss of consortium as set forth above.

## X. FOURTH CLAIM FOR RELIEF

### (State Law – Civil Conspiracy)

173. Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 172 in their entirety.

174. Defendant Oregon State Police and other co-conspirators, known and not yet known to Plaintiffs, reached an agreement amongst themselves to "close" the Freeman case by arresting and indicting McGuffin with the intent that he would be convicted.

175. Agents and employees of Defendant Oregon State Police and the other co-conspirators had a meeting of the minds as alleged above.

176. Agents and employees of Defendant Oregon State Police and the other co-conspirators took one or more unlawful overt steps in furtherance of the conspiracy by fabricating evidence as alleged above; suppressing, tampering with, or destroying material exculpatory and impeachment evidence as alleged above; and concealing their misconduct, all in violation of McGuffin's constitutional rights, including, for example, as alleged above.

177. The misconduct alleged above was objectively unreasonable and was undertaken intentionally with willful indifference to McGuffin's constitutional rights.

178. As a result of the misconduct alleged above, McGuffin was indicted and ultimately wrongly convicted.

Page 24– COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503 245.1518
Facsimile. 503.245.1417

_Verified Correct Copy of Original 10/29/2021._

179.   Defendant Oregon State Police is responsible for the misconduct of its respective agents and employees who acted as alleged above under a theory of vicarious liability and/or respondeat superior.

180.   As a result of the misconduct of Defendant Oregon State Police, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

181.   As a result of the misconduct of Defendant Oregon State Police, S.M. suffered a loss of consortium as set forth above.

## XI.   FIFTH CLAIM FOR RELIEF

### (State Law – Negligent Training and Supervision)

182.   Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 181 in their entirety.

183.   Defendant Oregon State Police had a duty to properly train and supervise its agents and employees.

184.   Defendant Oregon State Police breached its duty to train and supervise its agents and employees by creating policies, practices, and customs as alleged above.

185.   Defendant Oregon State Police also breached its duty to train and supervise its agents and employees by failing to institute policies, practices, and customs that would prohibit the misconduct alleged above.

186.   As a result of Defendant Oregon State Police's negligence, its agents and employees violated McGuffin's constitutional rights by committing the misconduct alleged above.

187.   As a result of the negligent training and supervision by Defendant Oregon State Police, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

Page 25–   COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone· 503.245 1518
Facsimile. 503 245.1417

_Verified Correct Copy of Original 10/29/2021._

188. As a result of the negligent training and supervision by Defendant Oregon State Police, S.M. suffered a loss of consortium as set forth above.

## XII.  SIXTH CLAIM FOR RELIEF

### (State Law – Intentional Infliction of Emotional Distress)

189. Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 188 in their entirety.

190. The acts and misconduct of Defendant Oregon State Police as alleged above were extreme and outrageous.  The actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their actions would cause, severe emotional distress to McGuffin and S.M. as alleged above.

191. As a direct and proximate result of the actions by Defendant Oregon State Police, McGuffin has suffered and continues to suffer physical sickness and severe emotional distress.

192. As a result of the misconduct by Defendant Oregon State Police, McGuffin suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

193. As a result of the misconduct by Defendant Oregon State Police, S.M. suffered a loss of consortium as set forth above.

## XIII.  SEVENTH CLAIM FOR RELIEF

### (State Law – Negligent and/or Intentional Spoliation of Evidence)

194. Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 193 in their entirety.

195. Defendant Oregon State Police had a duty to preserve evidence.

196. Defendant Oregon State Police breached its duty to preserve evidence by negligently and/or intentionally suppressing, tampering with, and/or destroying evidence that was exculpatory and materially favorable to McGuffin.

197. Agents and employees of Defendant Oregon State Police destroyed evidence in

Page 26– COMPLAINT FOR DAMAGES

MALONEY | LAUERSDORF | REINER rc
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone· 503 245 1518
Facsimile. 503 245 1417

_Verified Correct Copy of Original 10/29/2021._

their possession, including their communications about exculpatory evidentiary examinations, evidence of any file review in 2010, and evidence of their own misconduct.

198.   Defendant Oregon State Police knew or should have known that the information, physical items, and records that were suppressed, tampered with, and/or destroyed would be required as evidence.

199.   As a direct and proximate result of the actions by Defendant Oregon State Police, the value of Plaintiffs' claims in this lawsuit were diminished.

200.   As a result of the misconduct by Defendant Oregon State Police, Plaintiffs are entitled to any diminished value of their claims.

## XIV.  EIGHTH CLAIM FOR RELIEF

### (Attorney Fees Pursuant to 42 U.S.C. § 1988(b))

201.   Plaintiffs incorporate by reference herein the allegations set forth above in paragraphs 1 through 200 in their entirety.

202.   Pursuant to 42 U.S.C. § 1988(b), Plaintiffs are entitled to their attorney fees incurred in this action.

## XV.  JURY DEMAND

Plaintiffs request a trial by jury of twelve.

///

///

///

///

///

///

///

///

//

///

Page 27–  COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503.245.1518
Facsimile. 503.245.1417

_Verified Correct Copy of Original 10/29/2021._

## XVI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1.    Judgment against Defendant and in favor of Plaintiffs on all claims for relief stated herein;

2.    An award of Plaintiffs' economic and non-economic damages;

3.    An award of Plaintiffs' costs and attorney fees in this action pursuant to 42 U.S.C. § 1988(b); and

4.    Such other relief as the Court finds just and equitable.

Plaintiffs reserve the right to amend to add a claim for punitive damages.

DATED:  October 29, 2021

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail: jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail: acl@mlrlegalteam.com<br>    Christine A. Webb, OSB #184744<br>    E-Mail: caw@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail: david@loevy.com<br>    *Pro hac vice* |

Page 28–   COMPLAINT FOR DAMAGES



MALONEY | LAUERSDORF | REINER PC
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503.245.1518
Facsimile  503 245 1417

Verified Correct Copy of Original 10/29/2021

STATE OF OREGON
CLACKAMAS COUNTY COURTS

2021 OCT 29 PM 2:39

ENTERED_____ BY_____

ENTERED
OCT 29 2021
By: KLC

21CV42190

21CV42190
PT
Petition
14505979

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.:

PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM

## I. RELIEF REQUESTED

Plaintiff S.M. respectfully requests that the Court grant her request to proceed under a pseudonym to prevent the disclosure of her identity as a minor party, and to protect her from retaliatory threats of harm.

## II.    STATEMENT OF FACTS

S.M.'s father, Nicholas McGuffin, was wrongfully convicted of manslaughter by a non-unanimous jury, and he spent nine years in prison for a crime that he did not commit.[1]

///

_____

[1] Declaration of Christine A. Webb in Support of Plaintiff S.M.'s Petition to Proceed Under Pseudonym ("Webb Decl.") ¶ 2.

Page 1–    PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone: 503 245.1518
Facsimile: 503 245 1417

Verified Correct Copy of Original 10/29/2021

Mr. McGuffin's biological daughter, S.M., was just three-years-old when her father was wrongly arrested and taken from her.[2]

Mr. McGuffin was exonerated in 2019 after a post-conviction court in Oregon found that Defendant Oregon State Police lab violated his constitutional rights by failing to report exculpatory DNA evidence that was known to the lab since 2000.[3]

After serving over nine years of his ten-year sentence, Mr. McGuffin's conviction was vacated by the post-conviction court on November 29, 2019, and the State dismissed all charges against him on December 17, 2019.[4] The details of the investigation into the death of Leah Freeman (the victim), and of Mr. McGuffin's wrongful arrest and conviction, and his subsequent exoneration, are set forth in Plaintiffs' Complaint.

This lawsuit arises out of the wrongful acts of the lab analysts and investigating officers and agents who caused Mr. McGuffin's wrongful conviction. Mr. McGuffin is the primary plaintiff in this action, and he is identified by his full name throughout the complaint. S.M., a minor child, alleges claims for damages suffered as a result of her father's wrongful prosecution, conviction, and incarceration.

The investigation, prosecution, and conviction of Mr. McGuffin received significant media attention at the local, state, and national level.[5] Over the course of the officers' open and very public targeting of Mr. McGuffin, S.M. was subjected to public humiliation, harassment, and death threats.[6] S.M. is now, and was at all relevant times, a minor child.[7] Due to S.M.'s status as a minor, the heightened public scrutiny caused by the media attention, and prior threats and harassment directed at her, S.M. respectfully requests that this court grant her request to proceed under a pseudonym.

---

[2] *Id.* ¶ 3.
[3] *Id.* ¶ 4.
[4] *Id.* ¶ 5.
[5] *Id.* ¶ 6.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 3.

Page 2– PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503.245.1518
Facsimile. 503.245 1417

_Verified Correct Copy of Original 10/29/2021._

## III. ANALYSIS

Plaintiff S.M. is a minor and has been the subject of threats and harassment related to the wrongful conviction of her biological father, Plaintiff Nicholas McGuffin. As a result, S.M. should be permitted to proceed under a pseudonym.

There is a general presumption in civil litigation that all parties must be identified by their full names in pleadings and other court filings.[8] However, there are certain circumstances under which a party may be permitted to proceed anonymously. Supplementary Local Rule 2.016 allows the Court to designate a known party by a name other than the party's true name.

Although the Oregon Rules of Civil Procedure do not specifically address when a party should be allowed to proceed under a pseudonym, the Federal Rules of Civil Procedure do. Under FRCP 5.2(a)(3), a minor litigant is permitted to proceed anonymously by including only his or her initials in pleadings and other filings. Additionally, in circumstances where FRCP 5.2(a) does not clearly provide an exception, litigants who wish to proceed under pseudonym, may be permitted to do so anonymously under special circumstances where "the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity."[9]

Here, S.M. is unquestionably a minor litigant. Additionally, S.M. has been the subject of retaliatory threats of harm directed towards her and her father, Mr. McGuffin.

Given S.M.'s status as a minor, the nature of the threats against her, and the lack of prejudice to Defendant Oregon State Police if S.M. proceeds anonymously, S.M.'s request to proceed under pseudonym should be granted.

///

---

[8] Or. R. Civ. P. 26(A).

[9] *Does I thru XXIII v Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Page 3–    PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503 245.1518
Facsimile 503 245 1417

Verified Correct Copy of Original 10/29/2021.

## IV.  CONCLUSION

Plaintiff S.M. is a minor litigant, and nondisclosure of her identity is necessary to protect her from threatened harm.  Therefore, S.M. requests that the Court permit her to proceed under a pseudonym.

DATED:  October 29, 2021

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com<br>    Christine A. Webb, OSB #184744<br>    E-Mail:  caw@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail:  david@loevy.com<br>    *Pro hac vice pending* |

Page 4—    PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone. 503.245 1518
Facsimile· 503 245 1417

Verified Correct Copy of Original 10/29/2021.

STATE OF OREGON
CLACKAMAS COUNTY COURTS

2021 OCT 29 PM 2: 39

ENTERED _____ BY ___ ENTERED

OCT 29 2021

By: KLC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS    **21CV42190**

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.:

DECLARATION OF CHRISTINE A. WEBB IN SUPPORT OF PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM



21CV42190
DD
Declaration
14505988

I, Christine Webb, declare as follows:

1.    I am an attorney with Maloney Lauersdorf Reiner PC, counsel to Plaintiffs in this matter. I have personal knowledge of the following facts gained in my capacity as counsel.

2.    Plaintiff Nicholas McGuffin was wrongfully convicted of manslaughter arising out of the death of Leah Freeman, a fifteen year old girl. Mr. McGuffin was convicted by a non-unanimous jury, and he spent nine years in prison for a crime that he did not commit

3.    S.M. is the biological child of Mr. McGuffin, and S.M. was three years old when her father was wrongly arrested and incarcerated. S.M. is now, and was at all relevant times, a minor child.

4.    Mr. McGuffin was exonerated in 2019 after a post-conviction court in Oregon found that Defendant Oregon State Police lab violated his constitutional rights by failing to report exculpatory DNA evidence that was known to the lab since 2000.

Page 1– DECLARATION OF CHRISTINE A. WEBB



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503.245 1518
Facsimile 503.245 1579

Verified Correct Copy of Original 10/29/2021.

5.      After serving over nine years of his ten-year sentence, Mr. McGuffin's conviction was vacated by the post-conviction court on November 29, 2019, and the State dismissed all charges against him on December 17, 2019.

6.      The death of Ms. Freeman, and Mr. McGuffin's subsequent conviction, received significant media attention at the local, state, and national level.

7.      Over the course of the officers' open and very public targeting of Mr. McGuffin, S.M. was subjected to public humiliation, harassment, and death threats.

8.      Plaintiffs intend to file a complaint alleging damages for the wrongful acts of the lab analysts and investigating officers and agents who caused Mr. McGuffin's wrongful conviction.

9.      Due to S.M.'s status as a minor, the heightened public scrutiny caused by the media attention, and prior threats and harassment directed at her, S.M. respectfully requests that this court grant her request to proceed under a pseudonym.

I declare under penalty of perjury under the laws of the state of Oregon that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 29th day of October, 2021.

                                        MALONEY LAUERSDORF REINER PC


                                        By /s/Christine A. Webb
                                            Christine A. Webb, OSB #184744
                                            E-Mail:  caw@mlrlegalteam.com

Page 2– DECLARATION OF CHRISTINE A. WEBB

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone. 503 245 1518
Facsimile: 503 245 1617

Exhibit B Page 6 of 18
to Defendant's Notice of Removal of Action

_Verified Correct Copy of Original 10/29/2021._

STATE OF OREGON
CLACKAMAS COUNTY CLERKS

2021 OCT 29 PM 2:38 ENTERED

ENTERED _____ BY OCT 29 2021

By: KLC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

**21CV42190**

FOR THE COUNTY OF CLACKAMAS

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.:

ORDER GRANTING PLAINTIFF S.M.'S PETITION TO PROCEED UNDER PSEUDONYM

After considering the Plaintiff S.M.'s petition to proceed in this civil action using a pseudonym, it is hereby ORDERED that Plaintiff S.M. may proceed in this civil action using a pseudonym until further order of the Court.

10/29/21

Submitted by:

MALONEY LAUERSDORF REINER PC

/s/Christine A. Webb
Christine A. Webb, OSB #184744
E-Mail: caw@mlrlegalteam.com

21CV42190
OR
Order
14506002

Page 1–   ORDER TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503 245 1518
Facsimile 503 245 1611

**CERTIFICATE OF READINESS**
**(PURSUANT TO UTCR 5.100)**

This proposed ORDER TO PROCEED UNDER PSEUDONYM is ready for judicial signature because:

☐     Each opposing party affected by this order or judgment has *stipulated* to the order or judgment, as shown by each opposing party's signature on the document being submitted.

☐     Each opposing party affected by this order or judgment has *approved* the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

☐     I have served a copy of this order or judgment on all parties entitled to service and provided written notice of the three-day objection period set out in subsection 1(a) of UTCR 5.100 and:

         ☐     No objection has been served on me within that time frame.

         ☐     I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed with the court a copy of the objections I received and indicated which objections remain unresolved.

         ☐     After conferring about objections, the opposing party agreed to file any remaining objection with the court by [*date*], which predated my submission.

☐     The relief sought is against an opposing party who has been found in default.

☐     An order of default is being requested with this proposed judgment.

☒     Service is not required pursuant to subsection 3 of this rule, or by statute, rule, or otherwise.

☐     This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection 5 of this rule.

MALONEY LAUERSDORF REINER PC


/s/Christine A. Webb
Christine A. Webb, OSB #184744
E-Mail: caw@mlrlegalteam

Page 1– CERTIFICATE OF READINESS



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone 503 245 1518
Facsimile 503 245 1417

Exhibit B  Page 8 of 18
to Defendant's Notice of Removal of Action

Verified Correct Copy of Original 10/29/2021

Verified Correct Copy of Original 10/29/2021

STATE OF OREGON ENTERED
CLACKAMAS COUNTY COURTS
FILED      OCT 29 2021
2021 OCT 29  PM 2: 48  By: KLC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS     **21CV42190**

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

No.:

Plaintiffs,

MOTION TO APPOINT GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF S.M.

v.

OREGON STATE POLICE,

Defendant.

## I. MOTION—RELIEF REQUESTED

Plaintiff Nicholas McGuffin respectfully requests that the Court appoint him to act as guardian *ad litem* on behalf of his minor daughter, S.M., a co-plaintiff in this lawsuit to recover damages suffered as a result of Mr. McGuffin's wrongful arrest, prosecution, conviction, and incarceration.

///

///

///

///

///

21CV42190
MO
Motion
14506017

Page 1– MOTION TO APPOINT GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF S.M.



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503.245.1518
Facsimile 503 245 1417

## II. STATEMENT OF FACTS

Mr. McGuffin was wrongfully convicted of manslaughter by a non-unanimous jury, and he spent nine years in prison for a crime that he did not commit.[1]

Mr. McGuffin's biological daughter, S.M., was just three-years-old when her father was wrongly arrested and taken from her.[2]

Mr. McGuffin was exonerated in 2019 after a post-conviction court in Oregon found that Defendant Oregon State Police lab violated his constitutional rights by failing to report exculpatory DNA evidence that was known to the lab since 2000.[3]

This lawsuit arises out of the wrongful acts of the lab analysts and investigating officers and agents who caused Mr. McGuffin's wrongful conviction. S.M. alleges claims for damages suffered as a result of her father's wrongful prosecution, conviction, and incarceration. Indeed, before his wrongful arrest in 2010, Mr. McGuffin was responsible for co-parenting S.M., who was just three-years-old at the time.[4] Mr. McGuffin and S.M.'s mother lived separately, and their daughter spent equal time in Mr. McGuffin's care and her mother's care.[5]

Mr. McGuffin files this motion to ask that the court appoint Mr. McGuffin to act as guardian *ad litem* on behalf of S.M. to protect her legal interests in this lawsuit.

## III. ANALYSIS

Oregon Rule of Civil Procedure 27 provides that the interests of a minor shall be represented in a lawsuit by a guardian *ad litem*.[6]

---

[1] Declaration of Nicholas McGuffin in Support of Motion to Appoint Guardian *Ad Litem* ("McGuffin Decl.") ¶ 2.

[2] *Id.* ¶ 4.

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 4.

[5] *Id.* ¶ 5.

[6] Or. R. Civ. P. 27(B).

Page 2–  MOTION TO APPOINT GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF
S.M.



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503 245 1518
Facsimile 503 245.1417

_Verified Correct Copy of Original 10/29/2021._

S.M., here, is a minor because she is under the age of 18.[7] The court should, therefore, appoint a guardian *ad litem* for S.M.

Mr. McGuffin is S.M.'s biological father and his interests in this lawsuit align with those of S.M. such that he can serve as her guardian *ad litem*. Before his wrongful conviction, Mr. McGuffin was responsible for co-parenting S.M., who was just three-years-old at the time.[8] Mr. McGuffin and S.M.'s mother lived separately, and their daughter spent equal time in Mr. McGuffin's care and her mother's care.[9]

As a result of his wrongful incarceration, Mr. McGuffin relinquished his rights as legal guardian for the protection of S.M. Since his exoneration, however, Mr. McGuffin and S.M.'s mother have returned to their efforts at co-parenting responsibilities.[10]

In this lawsuit, S.M.'s interests are aligned with those of her father and co-plaintiff, Mr. McGuffin. Because S.M.'s interests align with those of Mr. McGuffin, the court should appoint Mr. McGuffin as S.M.'s guardian *ad litem* to protect S.M.'s legal interests in this lawsuit.

///

///

///

///

///

///

///

///

///

///

---

[7] McGuffin Decl. ¶ 4.

[8] *Id.* ¶ 4.

[9] *Id.* ¶ 5.

[10] *Id.* ¶ 6.

Page 3–    MOTION TO APPOINT GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF
S.M.

 MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone. 503 245.1518
Facsimile. 503 245 1417

Verified Correct Copy of Original 10/29/2021.

_Verified Correct Copy of Original 10/29/2021._

## IV.  CONCLUSION

Based upon the foregoing, Mr. McGuffin requests that the court appoint him to act as guardian *ad litem* for his minor daughter, S.M.

DATED:  October 29, 2021

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>   Janis C. Puracal, OSB #132288<br>   E-Mail:  jcp@mlrlegalteam.com<br>   Andrew C. Lauersdorf, OSB #980739<br>   E-Mail:  acl@mlrlegalteam.com<br>   Christine A. Webb, OSB #184744<br>   E-Mail:  caw@mlrlegalteam.com | By /s/David B. Owens<br>   David B. Owens, WSBA #53856<br>   E-Mail:  david@loevy.com<br>   *Pro hac vice pending* |

Page 4—  MOTION TO APPOINT GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF
        S.M.



MALONEY | LAUERSDORF | REINER ᵣ
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone. 503 245.1518
Facsimile  503 245 1417

DocuSign Envelope ID. AAEAE5BC-B67E-42A6-A9E6-F9852E27610F

Verified Correct Copy of Original 10/29/2021

STATE OF OREGON
CLACKAMAS COUNTY COURTS
FILED                ENTERED
2021 OCT 29 PM 2: 41    OCT 29 2021

By: KLC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

21CV42190

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.:

DECLARATION OF NICHOLAS MCGUFFIN IN SUPPORT OF MOTION TO APPOINT GUARDIAN *AD LITEM*



21CV42190
DD
Declaration
14506032

I, Nicholas McGuffin, declare as follows:

1. I am an individual over the age of 18. I have personal knowledge of the following facts.

2. In 2011, I was wrongfully convicted of manslaughter. I spent nine years in prison for a crime that I did not commit.

3. I was exonerated in 2019 after a post-conviction court in Oregon found that the Oregon State Police lab violated my constitutional rights by failing to report exculpatory DNA evidence that was known to the lab since 2000.

4. Before my wrongful arrest in 2010, I was responsible for co-parenting my biological daughter, S.M., who was just three-years-old at the time. My daughter and I were very close.

///

Page 1– DECLARATION OF NICHOLAS MCGUFFIN



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503 245.1417

Exhibit B  Page 13 of 18
to Defendant's Notice of Removal of Action

DocuSign Envelope ID: AAEAE5BC-B67E-42A6-A9E6-F9852E27610F

Verified Correct Copy of Original 10/29/2021

5. S.M.'s mother and I lived separately, and S.M. spent equal time in my care and her mother's care.

6. Since my exoneration, I and S.M.'s mother have returned to our efforts at co-parenting responsibilities.

I declare under penalty of perjury under the laws of the state of Oregon that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 27th day of October, 2021.



By _____
Nicholas McGuffin

Page 2– DECLARATION OF NICHOLAS MCGUFFIN

MALONEY|LAUERSDORF|REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile 503.245.1417

Verified Correct Copy of Original 10/29/2021.

STATE OF OREGON
CLACKAMAS COUNTY COURTS
FILED
2021 OCT 29 ENTERED PM 2: 4 F
OCT 29 2021
By: KLC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS    **21CV42190**

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.:

ORDER APPOINTING GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF S.M.

After considering the Plaintiffs motion to appoint guardian *ad litem* for minor Plaintiff S.M., it is hereby ORDERED that Plaintiff Nicholas McGuffin shall serve as guardian *ad litem* for minor Plaintiff S.M. until further order of the Court.

10/29/21

Submitted by:

MALONEY LAUERSDORF REINER PC

/s/Christine A. Webb
Christine A. Webb, OSB #184744
E-Mail: caw@mlrlegalteam.com

21CV42190
ORAG
Order – Appointing Guardian Ad Litem
14506066

Page 1– ORDER APPOINTING GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF S.M.



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503.245.1518
Facsimile 503.245.1119

_Verified Correct Copy of Original 10/29/2021._

**CERTIFICATE OF READINESS**
**(PURSUANT TO UTCR 5.100)**

This proposed ORDER APPOINTING GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF S.M. is ready for judicial signature because:

☐ Each opposing party affected by this order or judgment has *stipulated* to the order or judgment, as shown by each opposing party's signature on the document being submitted.

☐ Each opposing party affected by this order or judgment has *approved* the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

☐ I have served a copy of this order or judgment on all parties entitled to service and provided written notice of the three-day objection period set out in subsection 1(a) of UTCR 5.100 and:

☐ No objection has been served on me within that time frame.

☐ I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed with the court a copy of the objections I received and indicated which objections remain unresolved.

☐ After conferring about objections, the opposing party agreed to file any remaining objection with the court by [*date*], which predated my submission.

☐ The relief sought is against an opposing party who has been found in default.

☐ An order of default is being requested with this proposed judgment.

☒ Service is not required pursuant to subsection 3 of this rule, or by statute, rule, or otherwise.

☐ This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection 5 of this rule.

MALONEY LAUERSDORF REINER PC


/s/Christine A. Webb
Christine A. Webb, OSB #184744
E-Mail: caw@mlrlegalteam

Page 1– CERTIFICATE OF READINESS



MALONEY | LAUERSDORF | REINER ᴘᴄ
ATTORNEYS AT LAW
1111 E Burnside Street, Ste 300
Portland, Oregon 97214
Telephone 503.245 1518
Facsimile 503.245 1618

Exhibit B  Page 16 of 18
to Defendant's Notice of Removal of Action

# RETURN OF SERVICE

**State of Oregon**                           **County of CLACKAMAS**                           **CIRCUIT Court**

Case Number: 21CV42190

Plaintiff:
**NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on
behalf of S.M., a minor**

vs.

Defendant:
**OREGON STATE POLICE**

Received by PREFERRED PROCESS SERVERS, LLC. on the 1st day of November, 2021 at 11:40 am to be served on
**OREGON STATE POLICE, GENERAL HEADQUARTERS, 3565 TRELSTAD AVENUE SE, SALEM, OR 97317**.

I, Julie Field, do hereby affirm that on the **1st day of November, 2021** at **3:40 pm**, I:

Served  **OREGON STATE POLICE, GENERAL HEADQUARTERS** pursuant to ORCP 7D(3)(b)(i) by delivering a true copy
of the **Summons and Complaint For Damages; Order Granting Plaintiff S.M.'s Petition to Proceed Under
Pseudonym; Petitioner's Petition to Proceed Under Pseudonym and Declaration of Christine A. Webb in support of
Plaintiff' S.M.'s Petition to Proceed Under Pseudonym; Order Appointing Guardian ad litem for Minor Plaintiff S.M.,
Motion to Appoint Guardian ad litem for Minor Plaintiff S.M., and Declaration of Nicholas McGuffin in Support of
Motion to Appoint Guardian ad litem.** to **SANDRA VALLEJO, RECEPTIONIST**, person in charge of the office who is
authorized to accept service at **3565 TRELSTAD AVENUE SE, SALEM, OR 97317**.

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the
state of service.  I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise
and I know that the person, firm or corporation served is the identical one named in the action.

I also certify that the above statement is true to the best of my knowledge and belief, and that I understand it is made for
use as evidence in court and is subject to penalty for perjury.

**Julie Field**
Process Server

**PREFERRED PROCESS SERVERS, LLC.
167 High Street S.E.
P.O. Box 846
Salem, OR 97308-0846
(503) 990-6637**

Our Job Serial Number: PAT-2021001678

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e



to Defendant's Notice of Removal of Action

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

No.: 21CV42190

**SUMMONS**

TO:      Oregon State Police, General Headquarters, 3565 Trelstad Ave. SE, Salem, OR 97317

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in the case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/Janis C. Puracal
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Janis C. Puracal, OSB No. 132288
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO.(IF ANY)

1111 E. Burnside Street, Suite 300
ADDRESS

Portland, Oregon 97214 (503-245-1518)
CITY          STATE       ZIP        PHONE

Janis C. Puracal, OSB No. 132288
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

**MALONEY | LAUERSDORF | REINER** PC
ATTORNEYS AT LAW

1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

/s/ Janis C. Puracal
ATTORNEY(S) FOR PLAINTIFF(S)

Page 1–   SUMMONS

# CERTIFICATE OF SERVICE

I certify that on November  30  , 2021, I served the foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)  upon the parties hereto by the method indicated below, and addressed to the following:

**Andrew C. Lauersdorf**
**Christine A. Webb**
**Janis C. Puracal**
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street
Suite 300
Portland, OR 97214
  *Of Attorneys for Plaintiffs*

\_\_\_ HAND DELIVERY
\_\_\_ MAIL DELIVERY
\_\_\_ OVERNIGHT MAIL
 X  SERVED BY E-FILING
 X  SERVED BY E- MAIL
caw@mlrlegalteam.com;
jcp@mlrlegalteam.com;
acl@mlrlegalteam.com

**David B. Owens**
Loevy & Loevy
100 S. King Street, Ste. 100
Seattle, WA 98104-2885

\_\_\_ HAND DELIVERY
\_\_\_ MAIL DELIVERY
\_\_\_ OVERNIGHT MAIL
 X  SERVED BY E-FILING
 X  SERVED BY E- MAIL
david@loevy.com

    *s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Jesse.B.Davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us
  Of Attorneys for Oregon State Police

Page 1 -   CERTIFICATE OF SERVICE
    JBD/sv3/McGuffin 2 2190 CERT CERTIFICATE OF SERVICE (rep'd).DOCX