ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants
Hormann, Krings, Riddle, Wilcox and Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>    v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | Case No.  6:20-cv-1163-MK (Lead Case)<br>        3:21-cv-1719-MK (Trailing Case)<br><br>DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS |

Page 1 -    DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS
JBD/db5/369458208

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor,<br><br>        Plaintiff,<br><br>    v.<br><br>OREGON STATE POLICE,<br><br>        Defendant. | Case No.  6:20-cv-1163-MK (Lead Case)<br>        3:21-cv-1719-MK (Trailing Case)<br><br>DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS |

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to L.R. 7-1(a)(1), undersigned counsel certifies that he has conferred with plaintiffs' counsel in a good faith effort to resolve the issues disputed in this motion prior to seeking a decision from the Court, but the parties were unable to do so.

## PARTIAL MOTION TO DISMISS

Defendant in the trailing case, the Oregon State Police (OSP), respectfully moves the Court for an order dismissing the following claims and counts:

A.    First Claim, under 42 U.S.C. § 1983, for unconstitutional policies, practices and customs, because the Oregon State Police is not a "person" subject to suit under § 1983;

B.    Third Claim, for malicious prosecution, because plaintiffs do not allege facts sufficient to establish favorable termination of criminal proceedings;

C.    Fourth Claim, for conspiracy, because plaintiffs do not allege a plausible conspiracy; and

D.    Seventh Claim, for negligent and/or intentional spoliation of exculpatory evidence, because plaintiffs do not identify any evidence destroyed by OSP or its officials.

JBD/db5/369458208

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

This motion is supported by Fed. R. Civ. P. 12(b)(6) and the Court's files and records in in each of the consolidated cases.

## I.    Introduction

This case is related to *McGuffin et al. v. Dannels, et al.*, Case No. 6:20-cv-1163-MK, which is pending before this Court. On February 11, 2022, the Court consolidated the two cases by consent of all parties; Case No. 6:20-cv-1163-MK was designated as the leading case, and Case No. 3:21-cv-1719-MK became the trailing case. ECF 117, 118; Trailing Case ECF 113.[1]

Each case arises from a common core of operative facts. Plaintiff Nicholas McGuffin was convicted on July 19, 2011, by a jury in Coos County Circuit Court for manslaughter for the death of his girlfriend, Leah Freeman. In November 2019, the Malheur County Circuit Court vacated McGuffin's conviction on post-conviction relief.

After his convictions were vacated, plaintiffs filed Case No. 6:20-cv-1163-MK, the leading case. Plaintiffs named many defendants, including the Oregon State Police and four of its current and former officials. Other defendants were the City of Coquille and Coos County, current and former law enforcement officials of those municipalities, and two private party defendants. Plaintiffs' original complaint asserted seven counts for relief under 42 U.S.C. § 1983 and nine tort claims arising under state law. All defendants moved to dismiss. The Court issued a Findings and Recommendation granting the motions in part and denying them in part, which was adopted in full by the Court. ECF 83, 99. Among other things, the Court dismissed 42 U.S.C. § 1983 claims against OSP. ECF 83 at 15-16.

The Court granted plaintiffs leave to replead, in part. Plaintiffs then filed their First Amended Complaint on October 27, 2021. ECF 100. In that pleading, plaintiffs no longer named OSP as a defendant on any claims, federal or state. Plaintiffs instead proceeded against just the individual state defendants, the municipal defendants, and the private party defendants.

---

[1] Unless otherwise noted, all citations to documents filed in the Court's electronic case filing system (ECF) will refer to the docket of the leading case, Case No. 6:20-cv-1163-MK.

Page 3 -    DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS
JBD/db5/369458208

Two days later, plaintiffs filed a new action in Clackamas County Circuit Court, naming OSP as the sole defendant. OSP timely removed to this Court, where it was given Case No. 3:21-cv-1719-AC and, after consolidation and judicial reassignment, became the trailing case, Case No. 3:21-cv-1719-MK.

**II.    The Court should dismiss plaintiffs' conspiracy, destruction and spoliation of exculpatory evidence, and malicious prosecution claims for failure to state a claim (Third, Fourth, and Seventh Claims).**

Each of the consolidated cases features identical plaintiffs and targets the same or closely related conduct by OSP or its officers, which plaintiffs allege resulted in the wrongful conviction of Mr. McGuffin. The cases share a significant common core of parties, operative facts, claims, and defenses. *See* Defendants' Unopposed Motion to Consolidate (ECF 113) at 2-4 (so describing).

All defendants in the leading case have filed motions to dismiss or partial motions to dismiss against the First Amended Complaint, all of which motions remain pending. The State Defendants (the four current and former OSP officials) filed a Partial Motion to Dismiss. ECF 104.

For purposes of the individual State Defendants and OSP as a group, the Complaint in the trailing case adds just two claims—negligent training and supervision and unconstitutional policies, practices, and customs—that are not already asserted in the leading case. Other than the allegations in support of those two claims, the two operative complaints assert functionally identical facts, and the intent of plaintiffs' claims in the trailing case is to hold OSP liable for the same conduct for which they seek to hold the individual State Defendants liable in the leading case.

The claims targeted by the State Defendants' Partial Motion to Dismiss in the leading case included plaintiffs' claims for conspiracy, destruction and spoliation of exculpatory evidence, and malicious prosecution. ECF 104. Those same claims, and others, are asserted against OSP in the trailing case. By this motion, OSP respectfully requests an order dismissing

Page 4 -    DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS

those claims—conspiracy, destruction and spoliation of evidence, and malicious prosecution—

from the trailing case, because plaintiffs fail to plead facts sufficient to sustain them.

Because the pleaded facts in each case are identical for purposes of these claims, in the

interest of simplicity, OSP hereby incorporates those portions of State Defendants' Partial

Motion to Dismiss First Amended Complaint and their reply memorandum in support of that

motion that are directed to the conspiracy, destruction and spoliation of evidence, and malicious

prosecution claims. *See* ECF 104 at 1-5, 7-15; ECF 116 at 3-8.[2]

**III.    The Court should dismiss plaintiffs' 42 U.S.C. § 1983 claim for unconstitutional policies, practices, and customs because OSP is not a "person" subject to suit under that statute (First Claim).**

In addition, OSP moves to dismiss plaintiffs' First Claim, a claim under 42 U.S.C. § 1983

alleging unconstitutional policies, practices, and customs.  In their original Complaint in the

leading case, all of plaintiffs' § 1983 claims were asserted against OSP and the individual State

Defendants.  The Court dismissed OSP from those claims, including a claim for unconstitutional

policies, practices, and customs.  ECF 83 at 15-16.  Plaintiffs now reassert the previously

dismissed § 1983 claim for unconstitutional policies, practices, and customs against OSP.  OSP

respectfully requests that the Court dismiss this claim for the same reasons it was dismissed

originally: the Oregon State Police is not a "person" within the meaning of § 1983.  *Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).  In support of this motion, OSP

hereby incorporates the arguments it made in support of State Defendants' Motion to Dismiss

(ECF 57 at 9-10) and Reply in Support of State Defendants' Partial Motion to Dismiss (ECF 71

at 6-7), directed at the original Complaint in the leading case.  In addition to those arguments,

OSP adds the following.

The basis for dismissal of the § 1983 claims is not weakened by OSP's removal of the

trailing case from state court to federal court.  That removal resulted in a waiver of OSP's

---

[2] Specifically, OSP incorporates by reference all of the State Defendants' briefing on their Partial Motion to Dismiss except for those portions that were targeted at plaintiff's claim for "Illegal Pretrial Detention Following the Issuance of Legal Process" under 42 U.S.C. § 1983.

Page 5 -    DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS
JBD/db5/369458208

immunity from suit under the Eleventh Amendment.  In other words, OSP merely waived its immunity to be free from suit in *federal court*.  That immunity is forum-focused, recognizing that a state has a constitutional interest in avoiding the jurisdiction of federal courts absent the state's consent or abrogation of that immunity by Congress.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (stating, a "State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued").

OSP's removal waived its immunity from federal court jurisdiction, but that waiver does not change the nature of the cause of action under 42 U.S.C. § 1983, which authorizes an action against a "person."  In ultimately holding that states are not persons for purposes of § 1983, *Will* considered the issue of Eleventh Amendment immunity.  *Will*, 491 U.S. at 66 (noting that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect," thus supporting the conclusion that states were not persons subject to suit under § 1983) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).  However, *Will* also refuted the contention that "personhood" was coextensive with the reach of Eleventh Amendment:

> Given that a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through § 1983.
>
> This does not mean, as petitioner suggests, that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it."

*Id*. at 66-67.

OSP, by removing to federal court, merely waived its immunity from the jurisdiction of federal court.  But OSP, by doing so, did not concede it was a person for purposes of § 1983.  As *Will* made explicit, Eleventh Amendment immunity and "personhood" are distinct issues, and the

Page 6 -    DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS
JBD/db5/369458208

court should not adopt a reading of § 1983 that disregards that distinction. Because OSP is not a person under § 1983, the Court should dismiss plaintiffs' First Claim for Relief.

## IV.   Conclusion

For the reasons set forth above and in the various previous pleadings in the leading case identified above, OSP respectfully requests that the Court dismiss plaintiff's First, Third, Fourth, and Seventh Claims for Relief.

DATED March 8, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants Hormann, Krings, Riddle, Wilcox and Oregon State Police

Page 7 -   DEFENDANT OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS
JBD/db5/369458208

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000