Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
**CAMBRELENG MARTON LLC**
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899
*Attorney for Gabriella Cato*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No.   6:20-CV-01163-MK |
| Plaintiffs, | |
| v. | |
| MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMISINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY, | **MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO GRANT PROTECTIVE ORDER** |
| Defendants. | |

**L.R. 7-1(a) CERTIFICATE OF COUNSEL**

Counsel for Gabriella Cato certifies that she has conferred with counsel for Plaintiffs, Andrew Lauersdorf and Defendants, Robert Franz Jr. Plaintiffs oppose this motion, Defendants do not oppose this motion.  Cambreleng Decl., ¶ 2.

**MOTION**

Pursuant to Fed. R. Civ. Pro. 45(d), Gabriella Cato objects to and moves this Court to quash Plaintiff's subpoena ordering her to testify regarding her settled case against Fisher Golf Group LLC, and individual defendants, Clackamas County case No. 22CV07337 ("Retaliation Matter"). Cambreleng Decl., Ex. 1; Cambreleng Decl., Ex. 2. In the alternative, Ms. Cato asks that if she is compelled to testify, that this court grant a protective order limiting the lines of questioning pursuant to Fed. R. Civ. Pro. 26(c)(1).

**MEMORANDUM IN SUPPORT**

**A. Factual and Procedural Background**

Prior to retaining counsel, Ms. Cato agreed to testify regarding the Retaliation Matter pursuant to a witness subpoena. Cambreleng Decl., Ex. 3. During the deposition, counsel for Defendants began asking Ms. Cato about details of the settlement agreement in the Retaliation Matter that are subject to a confidentiality agreement. Cambreleng Decl., Ex. 3, pp. 19-20 at 19:1-20:5; Cambreleng Decl., ¶ 5.

After Defendants' counsel concluded his questioning, counsel for Plaintiff began his. Cambreleng Decl., Ex. 3, p. 25 at 25:6. It soon became apparent that Plaintiff's counsel was asking questions designed to do nothing more than harass and humiliate Ms. Cato. Cambreleng Decl., Ex. 3, pp. 30-31 at 30:8 – 31:19.

During discussions between the attorneys on the record, counsel for plaintiffs stated:

**CAMBRELENG MARTON LLC**
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899

"Okay. I'm asking her
questions about representations she made while sworn
in a document that she submitted to the court.
I believe that she has a tendency to make
misrepresentations and falsify records and submit
them to the court. I get to pursue that."

Cambreleng Decl., Ex. 3, p. 32 at 32:2-7.

Defense counsel then objected to the line of questioning, the parties went off the record,

came back on, and Ms. Cato invoked her right to counsel and the deposition was ended.

Cambreleng Decl., Ex. 3, pp. 32-34 at 32:8- 34:3.

Counsel for plaintiffs then served Ms. Cato a new subpoena for deposition, which was

served at the time. Cambreleng Decl., Ex. 1. Ms. Cato then retained Ms. Cambreleng, her

attorney in the Retaliation Matter. Cambreleng Decl., ¶ 7.

In a conferral call on July 18, 2023, between Ms. Cambreleng and Mr. Lauersdorf, Mr.

Lauersdorf stated that he intended to depose Ms. Cato to illicit information that would call into

question her credibility, specifically to rebut allegation #51 in her Retaliation Matter which

reads: "Upon information and belief, Minor 1 is currently engaged in a sexual relationship with

Mr. McGuffin which started when Minor 1 was under 18 years of age. Minor 1 may still be

under 18 years of age."

In an email conversation, Mr. Lauersdorf stated: "[Ms.Cato] will also be asked about the

amount that she accepted in settlement of that lawsuit and the express terms of any

confidentiality provision in any corresponding settlement agreement, so she should be prepared

with that information." Cambreleng Decl., Ex. 4.

**B. Argument**

1.   The Subpoena Should be Quashed as the Line of Questioning by Plaintiffs is Outside
     the Bounds of Fed. R. Civ. P. 26(b)(1)

P a g e | 3 **MOTION TO QUASH SUBPOENA, OR IN
THE ALTERNATIVE, MOTION TO GRANT
PROTECTIVE ORDER**

**CAMBRELENG MARTON LLC**
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899

Fed. R. Civ. P. 26(b)(1) reads:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

This Court should quash the subpoena to Ms. Cato as the questions to be asked by Plaintiff's counsel are over-broad, unduly burdensome, and an invasion of privacy. A party's authority to gather discovery through deposition is constrained by Fed. R. Civ. Pro. 26(b)(1), which requires discovery to be relevant to a party's claim or defense, proportional to the needs of the case, not unduly burdensome. Fed. R. Civ. P. 26(b)(1). "'[A] subpoena seeking completely irrelevant information might be quashed as unduly burdensome." *Bokenfohr v. Gladen*, No. 3:17-CV-01870-BR, 2018 WL 3364659, at *3 (D. Or. July 10, 2018*) citing Williams v. Khan*, CV–17–00029–TUC–BPV, 2018 WL 2240261, at *5 (D. Ariz. May 16, 2018) (quotation omitted).

The actions at issue in the underlying litigation, and the claims predicated upon those actions, took place well over a decade ago. Ms. Cato met Mr. McGuffin only after he was released from incarceration, and even then, she did not have any personal relationship with him other than briefly as a colleague.

Moreover, the Retaliation Matter had nothing to do with Mr. McGuffin other than Ms. Cato's allegation that her complaints about his inappropriate behavior resulted in her termination. Cambreleng Decl., Ex. 2.

i.    <u>Ms. Cato has Already Testified as to what she personally observed regarding Mr. McGuffin.</u>

Ms. Cato has already been questioned under oath regarding her direct knowledge of Mr. McGuffin. Cambreleng Decl., Ex. 3, pp. 10-16 at 10:16-16:12.

Mr. Lauersdorf's own statements on the record indicate that he does not believe she has any more direct knowledge of Mr. McGuffin, only that he seeks to discredit her statements in the complaint for the Retaliation Matter. Cambreleng Decl., Ex. 3 p. 32 at 32:2-7.

ii.     <u>Ms. Cato's Allegations in the Retaliation Matter are Subject to the Litigation Privilege</u>

"Oregon law provides an absolute privilege for the statements and conduct of parties and their attorneys 'undertaken in connection with litigation.' *Mantia v. Hanson*, 190 Or. App. 412, 417, 423 (2003). Although the litigation privilege originated as a bar to defamation claims, Oregon courts have explicitly extended the privilege to "any tort action." Id. at 420–27 (*quoting Wollam v. Brandt*, 154 Or. App. 156, 162 n.5 (1998)); *see also Yeti Enterprises Inc. v. NPK,* LLC, No. 3:13–cv–012003–ST, 2015 WL 3952115, at *5 (D. Or. June 29, 2015) (reaching the same conclusion)."

*Chase v. Gordon, Aylworth & Tami, P.C.*, No. 3:18-CV-00568-AC, 2020 WL 1644310, at *6 (D. Or. Feb. 14, 2020), report and recommendation adopted, No. 3-18-CV-0568-AC, 2020 WL 3977608 (D. Or. July 14, 2020).

Plaintiffs here are attempting to question Ms. Cato regarding allegations in her Supplemental First Amended Complaint. Any claim made by Ms. Cato in her Complaint is subject to the litigation privilege and discrediting her is an attempted end-run around such privilege. Allowing Mr. Lauersdorf to continue his attack on her veracity and character serves no purpose other than to chill other individuals from coming forward and engaging in the civil justice system.

In the phone conversation between Mr. Lauersdorf and Ms. Cambreleng, Mr. Lauersdorf stated he believed Ms. Cato, and by extension Ms. Cambreleng, was untruthful in the Retaliation Matter when it came to claims regarding Mr. McGuffin. Cambreleng Decl., ¶ 8.

Setting aside Mr. Lauersdorf's aspersions upon counsel's ethical obligations, to question Ms. Cato about statements made in her complaint is an attempt to get around attorney-client privileged discussions regarding the allegation, and the absolute privilege of allegations made in the course of litigation.

2.    <u>In the Alternative, Ms. Cato Requests the Court Grant a Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)(D) Limiting the Scope of Questioning.</u>

Fed. R. Civ. P. 26(c)(1)(D) allows the court to grant a protective order to limit the line of questioning "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense".

If this court determines that Mr. Lauersdorf should be allowed to move forward with deposing Ms. Cato a second time, Ms. Cato respectfully requests that the line of questioning be limited to personal interactions or knowledge of Mr. McGuffin or any knowledge about Mr. McGuffin's underlying lawsuit against the Defendants.

The settlement agreement in the retaliation matter is confidential, and there is no reason to break confidentiality where no party to the Retaliation Matter is a party in this action and Ms. Cato's claims of retaliation are not based upon any action by Mr. McGuffin, but rather the actions of her former employer.

## CONCLUSION

For the foregoing reasons, Gabriella Cato moves this Court to quash defendants subpoena or in the alternative, grant a motion for a protective order limiting the line of questioning.

//

//

//

//

**MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO GRANT PROTECTIVE ORDER**

**CAMBRELENG MARTON LLC**
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899

Dated this 20th day of July, 2023.

/s Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
Rebecca@workplacelawpdx.com
CAMBRELENG & MARTON LLC
3518 South Corbett Avenue
Portland, OR 97239
(503) 477-4899

P a g e | 7 **MOTION TO QUASH SUBPOENA, OR IN
THE ALTERNATIVE, MOTION TO GRANT
PROTECTIVE ORDER**

**CAMBRELENG MARTON LLC**
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899

# CERTIFICATE OF SERVICE

I certify that on the date listed below, I served the foregoing **MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO GRANT PROTECTIVE ORDER** upon the following attorneys and designated recipients for plaintiffs and defendants listed below via electronic means through the Court's Case Management/Electronic Case File system:

Andrew Lauersdorf, OSB No. 980739
acl@mlrlegalteam.com
Janis C. Puracal, OSB No. 132288
jcp@mlrlegalteam.com
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street, Suite 300
Portland, Oregon 97214
*Attorneys for Plaintiff*

David B. Owens, WSBA No. 53856, *pro hac vice*
david@loevy.com
Loevy & Loevy
100 S. King Street, Suite 100
Seattle, Washington 98104-2885
*Of Attorneys for Plaintiff*

Jesse B. Davis, OSB No. 052290
Jesse.b.davis@doj.state.or.us
Todd Marshall, OSB No. 112685
Todd.marshall@doj.state.or.us
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
*Attorneys for Defendants Oregon State Police, John Riddle, Susan Hormann, Mary Krings, Kathy Wilcox*

Eric S. DeFreest, OSB No. 920475
edefreest@luvaascobb.com
Luvaas Cobb
777 High Street, Suite 300
Eugene, Oregon 97401
*Attorney for Defendant Richard Walter*

Robert E. Franz, Jr., OSB No. 730915
rfranz@franzlaw.comcastbiz.net
Sarah R. Henderson, OSB No. 153474
shenderson@franzlaw.comcastbiz.net
Law Office of Robert E. Franz, Jr.
PO Box 62
Springfield, Oregon 97477
*Attorneys for Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore, Shelly McInnes*

Anthony R. Scisciani III, OSB No. 070013
ascisciani@hwslawgroup.com
Kelsey L. Shewbert, OSB No. 221063
kshewbert@hwslawgroup.com
Meredith A. Sawyer, OSB No.
msawyer@hwslawgroup.com
HWS Law Group
101 SW Main Street, Suite 1605
Portland, Oregon 97204
*Attorneys for Defendant Vidocq Society*

**MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO GRANT PROTECTIVE ORDER**

**CAMBRELENG MARTON LLC**
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899

DATED July 20, 2023.

CAMBRELENG & MARTON LLC


By: *s/ Maxwell Joyner*
Max Joyner, Paralegal

**MOTION TO QUASH SUBPOENA, OR IN
THE ALTERNATIVE, MOTION TO GRANT
PROTECTIVE ORDER**

CAMBRELENG MARTON LLC
3518 S Corbett Ave.
Portland, Oregon 97239
(503) 477-4899