Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>              Plaintiffs,<br><br>     v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>              Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br><br>STIPULATED PROTECTIVE ORDER |

Page 1– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

Cross-Claimant,

v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

## STIPULATED PROTECTIVE ORDER

This action concerns civil rights and other claims arising out of an investigation into the murder of a 15-year-old girl, the resulting criminal prosecution of Plaintiff Nicholas McGuffin, and subsequent post-conviction proceedings. The parties in this action expect to request, obtain and exchange documents and information containing personal and confidential information, including, but not limited to, personal health, financial, education and employment information, and one or more of the parties has requested or will request the production of documents or information that at least one party considers to be or to contain confidential information subject to protection under Federal Rule of Civil Procedure 26(c).

Page 2– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

In addition, Plaintiff S.M., a minor, has obtained permission from the Court to file and participate in this action under a fictitious name due to the sensitivity of the claims and allegations at issue, and the parties wish to minimize the potential danger of additional fear, embarrassment, humiliation or retaliation that could result if confidential materials and the identity of S.M. were to be disclosed pre-trial.

The parties agree that good cause exists to protect the confidential nature of certain information contained in documents obtained through discovery and investigation in this action, and further agree that entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure and misuse of such confidential documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.     All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.     Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, competitive, or other purpose.

3.     This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.     The phrase "designating party" as used in this Protective Order shall mean the party, third-party, or non-party that has designated any document, testimony, or other material as "Confidential" pursuant to this Protective Order.

5.     A designating party may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information for which

Page 3– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the designating party has a good faith basis for asserting confidentiality under the applicable legal standards.  The designating party shall stamp each page of the document identifying it as "Confidential," if practical to do so.

6.　　If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal.  If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal.  If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document.  Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.  Where redaction is possible, a party must file a redacted version of a document rather than placing the entire filing under seal.

7.　　Within thirty (30) days after receipt of the transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

Page 4– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

8.    "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized by the Court to do so.

9.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a.    Counsel of record for the parties, including paralegals and clerical staff employed by counsel for work in this action;

   b.    In-house counsel for the parties, and the administrative staff for each in-house counsel;

   c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation;

   d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation;

   e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

   f.    The authors and the original recipients of the documents;

   g.    Any court reporter or videographer reporting a deposition in the above-captioned action;

   h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the

Page 5– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

parties during the litigation of this action, but only to the extent necessary to perform the services for which they are engaged;

i.    Deponents, witnesses, and former agents or employees, provided that such individuals shall not be allowed to retain documents marked as "Confidential," but may inspect them as necessary for purposes of preparing for, or responding to, examination; and

j.    The parties' insurer(s) and those regularly employed by such insurers.

10.    Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraphs 9(c), 9(d), or 9(h) – 9(j) shall agree to be bound by the terms of this Order by signing the agreement attached hereto as Exhibit A.

11.    Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

12.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the right to later designate the

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to any prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14.    Any designation of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  No one shall introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

15.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order.  Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request.  Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

16.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

17.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the limited purpose of enforcing the terms of this Protective Order.

19.    Nothing in this Protective Order shall prohibit the Department of Justice from using or disclosing information or documents for legitimate law enforcement purposes and to carry out its duties under ORS chapter 180, with the exception of any information or document designated as "Confidential" by any federal agency subject to 28 C.F.R. § 16.21 *et seq*.  The Department of Justice shall not use or disclose any information or document designated by any federal agency as "Confidential" pursuant to this Protective Order without first providing timely notice to the federal agency that it has received a request for such information or document and then providing additional notice to the federal agency at least 10 days before disclosing the information or document.

20.    Nothing in this Order shall be construed to change or restrict any obligation of the Oregon State Police or the Department of Justice to respond to public records requests pursuant to ORS chapter 192, except as described in paragraph 19 of this Protective Order.

21.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents.  It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection.  A party may assert the privilege and/or protection at any time in the litigation.  After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c)

Page 8– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

may not further use or discloses the information.  A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim.  Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

**IT IS SO STIPULATED** this 27th day of July, 2023.


  /s/Andrew C. Lauersdorf
Janis C. Puracal, OSB #132288
Andrew C. Lauersdorf, OSB #980739
David B. Owens, WSBA #53856, *pro hac vice*
Of Attorneys for Plaintiffs

  /s/Jesse B. Davis
Jesse B. Davis, OSB #052290
Todd E. Marshall, OSB #112685
Of Attorneys for Defendants,
Oregon State Police, Kathy Wilcox,
Susan Hormann, Mary Krings and
John Riddle


  /s/Sarah R. Henderson
Robert E. Franz, Jr., OSB #730915
Sarah R. Henderson, OSB #153474
Of Attorneys for Defendants Mark Dannels,
Pat Downing, Kris Karcher, Shelly McInnes,
Raymond McNeely, Kip Oswald, Michael Reaves,
Sean Sanborn, Eric Schwenninger, Craig Zanni
Richard Walter, Anthony Wetmore, David Zavala,
City of Coquille, City of Coos Bay, Coos County,
Estate of Dave Hall

  /s/Laura E. Coffin
Eric S. DeFreest, OSB #920475
Laura E. Coffin, OSB #075825
Taylor K. Gersch, OSB #213945
Of Attorneys for Defendant Richard Walter


  /s/Meredith A. Sawyer
Anthony R. Scisciani III, OSB #070013
Kelsey L. Shewbert, OSB #221063
Rachel C. Jones, OSB #231399
Meredith A. Sawyer, *pro hac vice*
Of Attorneys for Defendant Vidocq Society


///


///


///


///

Page 9– STIPULATED PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: <u>August 2, 2023</u>

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

Submitted by:  Andrew C. Lauersdorf
Maloney Lauersdorf Reiner PC
Of Attorneys for Plaintiffs

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**EXHIBIT A**

I, _____, have been advised by counsel of

record for _____ in *Nicholas James McGuffin, et al. v. Mark*

*Dannels, et al.*, United State District Court for the District of Oregon, Case No. 6:20-cv-01163,

of the protective order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation.  I have read a copy of the Stipulated

Protective Order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date

EXHIBIT A – CONFIDENTIALITY PLEDGE