Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM DEFENDANT VIDOCQ SOCIETY |

PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

                    Cross-Claimant,

        v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY
                    Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,
                    Plaintiffs,

        v.

OREGON STATE POLICE,

                    Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

///

///

///

///

///

///

///

///

PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I.  RELIEF REQUESTED / INTRODUCTION

Plaintiffs request the Court order Vidocq to produce two categories of documents:

1.    Confidentiality agreements with law enforcement agencies:  The agreements are relevant to establish a "policy of action" under Plaintiffs' *Monell* claim.  Specifically, the documents are relevant to assessing whether Vidocq had an unconstitutional practice of withholding material information in violation of *Brady v. Maryland*.[1]

2.    Vidocq's "Synopses" of Other Cases:  The synopses of Vidocq's work in other cases are relevant to establish a "policy of inaction" under Plaintiffs' *Monell* claim.  Specifically, the documents are relevant to illustrating whether Vidocq was indifferent to Defendant Richard Walter's fabrication of evidence and withholding of material information in violation of the 14th Amendment.

Contrary to Vidocq's objections, the First Amendment privilege does not apply.  Federal courts apply the First Amendment privilege to protect the right to associate in order to engage in activities protected under the First Amendment (*e.g.*, speech).  Courts, therefore, protect from discovery documents such as membership lists, donor information, and lobbying activities, which could subject members to reprisal for engaging in protected activities, such as political speech.  Vidocq does not associate to engage in protected activities; the requested documents are not the type that are privileged under the First Amendment; and Vidocq cannot establish a *prima facie* showing of First Amendment infringement.  The Court should compel production.

## II.  POINTS AND AUTHORITIES

### A.    The documents are relevant and proportional to the needs of the case.

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  "Actions alleging violations of § 1983 require especially broad discovery."[2]  As one

---

[1] 373 U.S. 83, 87 (1963).  *See also Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

[2] *Lamarr v. Jackson*, No. 3:14-CV-32, 2015 U.S. Dist. LEXIS 67524, at *4 (N.D. W.Va. May 20, 2015) (collecting cases).

Page 1– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
       DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

federal court explained in the context of a civil rights action, "relevant matters may include suitably focused inquiries into 'other incidents of the same type,' 'information about organizational arrangements,' and 'information that could be used to impeach a likely witness.'"[3]

Here, the requested documents are, at a minimum, relevant to Plaintiffs' *Monell* claim against Vidocq.  A private corporation acting under color of law may be subject to a number of theories of liability under § 1983, just as any municipality would per *Monell*.[4]  In rejecting Vidocq's claims otherwise, and following controlling authority submitted by Plaintiffs,[5] this Court has already explained that "*Monell* also applies to suits against private entities."[6]

In its opposition to Vidocq's second motion to dismiss, Plaintiffs briefed in detail the theories that govern *Monell* liability against Vidocq, including a "policy of action," a "policy of inaction," and "ratification."[7]  The requested documents are relevant to all three.

1.    **The confidentiality agreements are relevant to prove a "policy of action."**

A policy of action is one in which the entity "violates someone's constitutional rights, or instructs its employees to do so[.]"[8]  Vidocq's "Code of Ethics and Conduct" expressly directs its members to withhold information about Vidocq's investigative actions:  "No disclosure will be made of any information relating to the Vidocq Society's participation in an investigation without the WRITTEN permission of the Chairman of the Board and/or the Commissioner of the Vidocq Society ('Chairperson')."[9]  This policy is unconstitutional as a plain violation of *Brady*.

---

[3] *Wright v. S. Ariz. Child's Advocacy Ctr.*, No. CV-21-00257-TUC-JGZ, 2023 U.S. Dist. LEXIS 90238, at *4 (D. Ariz. May 23, 2023) (citing FED. R. CIV. P. 26 Advisory Committee's Note to 2015 Amendment).

[4] *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

[5] Plaintiffs' Opposition to Rule 12 Motion by Vidocq Society and Walter at 3 [Dkt. No. 112].

[6] Findings and Recommendations, dated September 16, 2022, at 14 [Dkt. No. 128].

[7] Plaintiffs' Opposition to Rule 12 Motion by Vidocq Society and Walter at 3 [Dkt. No. 112].

[8] *Jackson v. Barnes*, 749 F.3d 755, 763 (2014) (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)).

[9] Vidocq Code of Conduct at 1 (Exhibit 1 to Declaration of Janis C. Puracal ("Puracal Decl.")).

Page 2– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
  DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The unconstitutional practice is at the heart of the constitutional violations Plaintiffs assert here.  Plaintiffs allege Mr. Walter—as Vidocq's agent—withheld material information (including exculpatory and impeaching evidence about the faulty basis for his claims that Mr. McGuffin fit the "profile" of a murderer and the extent of his involvement in the investigation),[10] and those violations are a direct result of Vidocq's unconstitutional practice.[11]

The confidentiality agreements with law enforcement are further evidence relevant to defining the full nature of Vidocq's practices.  Plaintiffs are entitled to discovery that shows when Vidocq refuses to disclose evidence of its investigation, what type of evidence is withheld (as a practice of action), and who at Vidocq authorized the practice (relevant to ratification).[12]

## 2.    The synopses are relevant to prove a "policy of inaction."

A *Monell* custom of inaction can be based, among other things, on an entity's "failure to implement procedural safeguards to prevent constitutional violations," such as by failing to enact a policy or separately by failing to train or supervise its agents.[13]  For some of these theories, such as failure to train, a plaintiff must also show the entity's inactions constitute deliberate indifference.[14]  Indifference can be proved, for example, by showing the entity "was on actual or constructive notice that its omission would likely result in a constitutional violation."[15]

---

[10] *See, e.g.*, Second Amended Complaint ¶¶ 106–21, 146, 230–36 [Dkt. No. 143].

[11] *Id.* ¶¶ 198–205.

[12] The confidentiality agreements may also be relevant to showing that Vidocq was acting under color of law in its interactions with the Defendants here.  *See Tsao*, 698 F.3d at 1139; *Perez-Morciglio v. Las Vegas Metro. Police Dep't.*, 820 F. Supp. 2d 1100, 1108 (D. Nev. 2011).  Vidocq continues to deny it operated as a state actor in the McGuffin investigation.  Its pattern of conduct in other cases is relevant to rebutting that contention.  *See* Plaintiffs' Opposition to Rule 12 Motion by Vidocq Society and Walter at 6 [Dkt. No. 61] (discussing the factors that establish state action); Findings and Recommendations, dated July 27, 2021, at 32 [Dkt. No. 83] ("Plaintiffs have alleged facts to establish that the Vidocq Defendants partnered with the police to investigate Freeman's murder, and jointly deprived Plaintiffs of constitutional rights. . . . On this record, Plaintiffs have alleged that the Vidocq Defendants were state actors for the purposes of § 1983 liability.").

[13] *Tsao*, 698 F.3d at 1143 (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)).

[14] *Id.* (quoting *Oviatt*, 954 F.2d at 1474).

[15] *Id.* at 1145 (citing *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1186 (9th Cir. 2002)).

Page 3– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
    DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Or, a plaintiff can prove indifference by offering a "pattern of similar constitutional violations[.]"[16]  A pattern can illustrate both notice and indifference, and courts, such as the Ninth Circuit in *Henry v. County of Shasta*, routinely permit discovery of pre- and post-incident events.[17]  Indeed, a federal district court in *Corona v. City of Fontana*, found that post-incident policy and training materials were relevant to show the municipality "continues to turn a blind eye" to constitutional violations, allowing the jury to infer the existence of a previous policy or custom of deliberate indifference.[18]

The synopses of Vidocq's work in other criminal cases are relevant to establish a pattern of deliberate indifference.  There is evidence that, prior to the McGuffin investigation, Mr. Walter—as Vidocq's agent—fabricated evidence in criminal cases by finding out who the lead suspect was from law enforcement and then concocting a false psychological profile and narrative of the crime that fit the existing suspect, encouraging law enforcement to continue its pursuit with fabricated evidence.  Prior to his work in pursuing Mr. McGuffin, multiple courts admonished Mr. Walter's misconduct,[19] and Plaintiffs allege Vidocq's actual knowledge of this in the Second Amended Complaint.[20]

///

---

[16] *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).

[17] *See Henry v. Cnty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997).

[18] No. 5:22-cv-00034-JGB-SP, 2023 U.S. Dist. LEXIS 74550, at *8 (C.D. Cal. Apr. 27, 2023).

[19] *Drake v. Portuondo*, 553 F.3d 230, 238, 244 (2nd Cir. 2009) ("Walter's deposition on remand confirms that he grossly exaggerated most of his qualifications and outright lied about some of them. . . . Walter then had two weeks to conjure up his quackery.  His direct testimony on picquerism, which spans twelve pages of trial transcript, consisted largely of uninterrupted and prolix exposition, weaving the complicated facts of the case into a seemingly coherent narrative, all pointing to the symptoms of the fictive syndrome called picquerism.  Walter even adapted the symptoms of the syndrome to remedy any potential weaknesses in the prosecution's theory of Drake's motive, for example, the lack of semen evidence."); *Drake v. Portuondo*, 321 F.3d 338, 342 (2nd Cir. 2003) ("It is now apparent that Walter's testimony concerning his qualifications was perjurious."); *State v. Roquemore*, 620 N.E.2d 110, 114 (Ct. App. Ohio 1993) (finding Walter's opinions inadmissible as "stereotyping the defendant"); *State v. Haynes*, 1988 Ohio App. LEXIS 3811, at *13 (1988) (finding Walter's opinions inadmissible as "stereotyping").

[20] Second Amended Complaint ₱ 110 [Dkt. No. 143].

Page 4– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Despite Vidocq's knowledge of the need for a policy or further training and supervision, Vidocq turned a blind eye to Mr. Walter's fabrications and suppression of material information. Plaintiffs seek evidence—and believe it exists—demonstrating that Vidocq offered Mr. Walter up to the City/County Defendants to commit the same constitutional violations. Vidocq's synopsis of work in this case confirms its members (including Mr. Walter) met with some of the City/County Defendants on January 21, 2010, to discuss the McGuffin investigation, after which Mr. Walter—one of Vidocq's founders—became more involved, offering his fabricated theory of motive, a false narrative about how the crime occurred, and a false "profile" of the killer, always conveniently fitting only Mr. McGuffin. Recent depositions have confirmed that Vidocq turned a blind eye to Mr. Walter's continued misconduct, never once contacting the City/County Defendants or stepping in to supervise Mr. Walter. Vidocq's synopsis of its work, through Mr. Walter, describes in detail the false narrative that Mr. Walter offered and the prosecutor then adopted in his closing argument at the criminal trial against Mr. McGuffin.

The same sorts of documents exist in other cases. Plaintiffs should be permitted discovery of the synopses to determine whether they illustrate a pattern where Vidocq turned a blind eye to Mr. Walter's misconduct elsewhere. These documents add "weight to [*Monell*] claims" and show "the policy was a long-standing one."[21] The Ninth Circuit recognizes that the type of evidence sought here is "highly probative."[22] After all, if what Mr. Walter did and failed to do was not acceptable to Vidocq, "changes would have been made."[23]

Vidocq cannot seek to avoid its *Monell* liability by refusing to disclose the very evidence that establishes that liability. A defendant may stipulate that proof of a pattern is unnecessary because the need is "so 'obvious' that ignoring it amounted to deliberate indifference."[24] But

---

[21] *Henry*, 132 F.3d at 521.
[22] *Id.* at 519 (citations omitted).
[23] *See id.* at 520.
[24] *Tsao*, 698 F.3d at 1145. A pattern of violations is unnecessary when the need for a policy is "obvious." *See id.*

Page 5– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
      DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

absent such a stipulation from Vidocq, Plaintiffs are entitled to the evidence necessary to prove deliberate indifference.

**B.      The documents are not protected by First Amendment privilege.**

Vidocq asserts a First Amendment privilege under the right of expressive association. Vidocq is wrong.  The privilege cannot apply for at least three reasons as discussed below.

**1.      Vidocq is not engaged in expressive conduct for a protected purpose.**

"Not all groups . . . are entitled to this First Amendment protection; it can be invoked only by those groups actually engaged in expressive association."[25]  That is, "the right to expressive association is a derivative right, which has been implied from the First Amendment in order to assure that those rights expressly secured by that amendment can be meaningfully exercised.  Thus, *there is no constitutional right to associate for a purpose that is not protected by the First Amendment*."[26]  For that reason, "[p]arties may only bring an expressive-association claim under the First Amendment if they demonstrate that they are asserting their right to associate 'for the purpose of engaging in those activities protected by the First Amendment— speech, assembly, petition for the redress of grievances, and the exercise of religion.'"[27]

Vidocq does not associate to engage in expressive conduct for a protected purpose. "Expressive conduct is characterized by two requirements: (1) an 'intent to convey a particularized message' and (2) a 'great' 'likelihood . . . that the message would be understood by those who viewed it.'"[28]  The right "presupposes that a group *has* an official policy" or "official stance on a subject."[29]  For example, "the Supreme Court has recognized the expressive association rights of members of organizations that advocate for political, social, and cultural

---

[25] *Sullivan v. Univ. of Wash.*, 60 F.4th 574, 579 (9th Cir. 2023).

[26] *Salvation Army v. Dept. of Community Affairs*, 919 F.2d 183, 199 (3d Cir. 1990) (citing *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989)) (emphasis added).

[27] *Steel MMA, LLC v. Newsom*, No. 21-CV-49-CAB-AGS, 2021 U.S. Dist. LEXIS 37709, at *8 (S.D. Cal. Mar. 1, 2021) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984)).

[28] *Id.* at **9–10 (quoting *Edge v. City of Everett*, 929 F.3d 657, 668 (9th Cir. 2019)).

[29] *Sullivan*, 60 F.4th at 580 (emphasis in original).

Page 6– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM
        DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

issues, including the NAACP, political parties and organizations, unions, and non-profit organizations,"[30] such as those that advocate for a particular system of values.[31]

By contrast, courts have denied protection to groups that have not joined together for the purpose of expressing shared beliefs that would be protected by the First Amendment if pursued individually.[32]  For example, in *Stanglin*, the Supreme Court denied protection to a group of young people who wanted to associate in dance halls because the Court found "no suggestion that these patrons 'take positions on public questions' or perform any of the other similar activities described in *Board of Directors of Rotary International v. Rotary Club of Duarte*," a Supreme Court case describing activities protected by the First Amendment.[33]  Likewise, in *Anderson*, a federal district court in California denied protection to Saxon Creed Motorcycle Club, an unincorporated fraternal association, engaged in a social gathering.[34]

Vidocq does not associate for a protected purpose.  Vidocq does not "take positions on public questions" or engage in any of the other similar activities described in cases that protect expressive association.[35]  Indeed, Vidocq's Articles of Amendments prohibit public advocacy, and its Code of Conduct insists upon confidentiality, which belies any suggestion that it "expresses" any public views at all.[36]

Vidocq's stated purpose is to assist law enforcement agencies in solving cold cases.[37] There is no First Amendment right to investigate crime and, therefore, no derivative right to associate together in an effort to investigate crime.  The mere fact that Vidocq creates writings of

---

[30] *Id.* at 579 (collecting cases).

[31] *See*, *e.g.*, *Am. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2380 (2021).

[32] *Sullivan*, 60 F.4th at 580.

[33] *Stanglin*, 490 U.S. at 25.

[34] *Anderson v. City of Rio Vista*, No. 2:13-1328-WBS-CKD, 2013 U.S. Dist. LEXIS 166026, at *6 (E.D. Cal. Nov. 20, 2013).

[35] *See* Vidocq Constitution and Bylaws (Exhibit 2 to Puracal Decl.).

[36] Vidocq Articles of Amendment at 3 (Exhibit 3 to Puracal Decl.); Vidocq Code of Conduct at 1 (Exhibit 1 to Puracal Decl.).

[37] *Id.*

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

its activities does not make those activities subject to First Amendment protection.[38]  If the law were otherwise, every police report would be privileged under the First Amendment.

Vidocq's activities are analogous to the associational activities in *Stanglin*, *Anderson*, and the other cases where courts have found that members associate for social, commercial, or other purposes not protected under the First Amendment.[39]  Vidocq collects dues from its membership and offers its investigative services to law enforcement agencies across the country.[40]  As the Supreme Court puts it, "[t]hese opportunities might be described as 'associational' in common parlance, but they simply do not involve the sort of expressive association that the First Amendment has been held to protect."[41]

### 2.    The requested documents do not fall within First Amendment protection.

Even where a group engages in protected conduct, not all documents are privileged.[42]  To assess a claim of First Amendment privilege, the Ninth Circuit employs a two-part framework.[43]  First, "[t]he party asserting the privilege 'must demonstrate . . . a *prima facie* showing of arguable first amendment infringement.'"[44]  If the party can make the necessary *prima facie* showing, the evidentiary burden shifts to the requesting party "to demonstrate that the information sought through the [discovery] is rationally related to a compelling governmental

---

[38] *Stanglin*, 490 U.S. at 25 ("The cases cited in *Roberts* recognize that 'freedom of speech' means more than simply the right to talk and to write.  It is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.").

[39] *See*, *e.g.*, *id.* at \*\*24–25; *N.C. Right to Life v. Leake*, No. 5:99-CV-798-BO(3), 2000 U.S. Dist. LEXIS 24025, at \*12 (E.D. N.C. Sept. 11, 2000) ("NCRL-EF exists for 'educational, religious, charitable, and scientific purposes,' not political lobbying.  By its own definitional limitations, none of its activities revolve around political speech, political advocacy or political association. No associational rights are implicated in regards to any of the plaintiffs nor NCRL-EF[.]").

[40] *See* Vidocq Constitution and Bylaws (Exhibit 2 to Puracal Decl.).

[41] *Stanglin*, 490 U.S. at \*24.

[42] *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010) ("The right to associate for expressive purposes is not, however, absolute.").

[43] *Id.* at 1160.

[44] *Id.* (quoting *Brock v. Local 375, Plumbers Int'l Union of Am.*, 860 F.2d 346, 349–50 (9th Cir. 1988)).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

interest . . . [and] the 'least restrictive means' of obtaining the desired information."[45]

Plaintiffs address the two-step framework below.

> **(a)    Vidocq cannot satisfy its burden to establish a prima facie showing of First Amendment infringement.**

The *prima facie* showing requires the party asserting the privilege "demonstrate that enforcement of the discovery request will result in either (1) 'harassment, membership withdrawal, or discouragement of new members,' or (2) 'other consequences which objectively suggest an impact on, or chilling of, the members' associational rights.'"[46]  Vidocq cannot satisfy its burden.

First, Plaintiffs do not seek the type of information protected by the First Amendment.  In each of the cases in which courts have applied the First Amendment privilege, the requesting party sought information that would reveal the association's membership or core political strategy and subject the members to reprisal for their beliefs.[47]  Plaintiffs seek no such thing here. Plaintiffs seek Vidocq's summaries of investigative work in other cases and its confidentiality agreements with law enforcement.  Plaintiffs do not seek membership lists, donor contacts, or any information that will have a deterrent effect on the exercise of protected activities—"speech, assembly, petition for the redress of grievances, and the exercise of religion."[48]  If Vidocq's argument for First Amendment protection was sufficient, it would mean that any investigative organization could raise a First Amendment objection to any discovery request for information pertaining to a criminal investigation or contracts with other investigators.  *Brady*,[49] the criminal discovery statutes,[50] and the civil rules[51] expressly provide otherwise.

---

[45] *Id.* at 1161 (quoting *Brock*, 860 F.2d at 350).
[46] *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 83 (D. Ariz. 2022) (quoting *Perry*, 591 F.3d at 1160).
[47] *See, e.g.*, *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462–63 (1958).
[48] *Steel MMA*, 2021 U.S. Dist. LEXIS 37709, at *8 (quoting *Roberts*, 468 U.S. at 618).
[49] 373 U.S. at 87.
[50] ORS 135.815.
[51] FED. R. CIV. P. 26(b)(1).



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Second, Vidocq cannot establish an impact on associational rights.  Bare allegations of "membership withdrawal" are not enough.[52]  A party seeking to make its *prima facie* showing must "demonstrate an ***objectively reasonable probability*** that disclosure will chill associational rights, *i.e.*, that disclosure will deter membership due to fears of threats, harassment or reprisal from either government officials or private parties which may affect members' physical well-being, political activities or economic interests."[53]  Vidocq cannot satisfy this standard.

**(b)      Plaintiffs have established a required need and a narrowly tailored request.**

Vidocq cannot satisfy its burden to make a *prima facie* showing of privilege.  And in any event, Plaintiffs have established a sufficient need to counterbalance any alleged infringement.[54]  As discussed above, the requested documents are relevant to Plaintiffs' *Monell* claim, and Plaintiffs cannot obtain this information from any other source.  Vidocq is in sole possession of the records of its own work.

In addition, Plaintiffs have narrowly tailored their requests to seek only the synopses and not full investigative files.  Plaintiffs have further tailored their requests to seek only the confidentiality agreements and not all communications with law enforcement agencies.

Vidocq has already disclosed one of its "synopses" (the synopsis summarizing its work in the McGuffin investigation) under protective order, and Plaintiffs do not object to production of the other synopses or confidentiality agreements under protective order.

### III.  CONCLUSION

Based upon the foregoing, Plaintiffs request the Court order Vidocq to produce (1) confidentiality agreements with law enforcement and (2) the synopses of other cases.

---

[52] *In re Motor Fuel Temperature Sales Practices Litigation*, 707 F. Supp. 2d 1145, 1159 (D. Kan. 2010).  *See also Mia Familia Vota v. Hobbs*, 343 F.R.D. 71, 84 (D. Ariz. 2022).

[53] *Id.* at 1158 (emphasis added).

[54] *See Perry*, 591 F.3d at 1164.

Page 10– PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM DEFENDANT VIDOCQ SOCIETY

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DATED:  September 15, 2023

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>   Janis C. Puracal, OSB #132288<br>   E-Mail:  jcp@mlrlegalteam.com<br>   Andrew C. Lauersdorf, OSB #980739<br>   E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>   David B. Owens, WSBA #53856<br>   E-Mail:  david@loevy.com<br>   *Pro hac vice* |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, the foregoing PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FROM DEFENDANT VIDOCQ SOCIETY was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon State*<br>   *Police, John Riddle, Susan Hormann,*<br>   *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Laura E. Coffin<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br>lcoffin@luvaascobb.com<br>   *Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

MALONEY LAUERSDORF REINER PC

By  /s/Janis C. Puracal
        Janis C. Puracal, OSB #132288
        E-Mail:  jcp@mlrlegalteam.com
    Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417