Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>Defendants. | Civil No. 6:20-cv-01163-MK (Lead Case)<br><br><br>PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION FOR PROTECTIVE ORDER |

PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

                Cross-Claimant,

       v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

                Plaintiffs,

       v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

///

///

///

///

///

///

///

///

///

PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I. INTRODUCTION / RELIEF REQUESTED

Vidocq admits in its motion for protective order that it has a policy and practice of attempting to keep the extent of its involvement in criminal cases confidential.[1] That policy and practice is in direct conflict with *Brady* and may serve as a basis for Vidocq's liability under *Monell*. Vidocq also claims that it was no longer involved in the Criminal Case after January 21, 2010, despite Richard Walter's continued involvement with the City/County Defendants.[2] If this is indeed true, then that failure to act is evidence of Vidocq's deliberate indifference to the consequences of failing to adequately train or supervise employees.

Vidocq disputes Plaintiffs' right to discovery of pre- and post-event information related to Mr. Walter and to other cases, but it is precisely that information that is relevant to establish notice and deliberate indifference. The information sought does not consist of membership lists or contact information; Vidocq is not an association formed for the purpose of advancing First Amendment rights; and the information sought is not privileged under the First Amendment. The information sought is relevant, proportional to the needs of the case, and not privileged, and Plaintiffs are entitled to the information to pursue their claims.

Plaintiffs ask the Court to deny Vidocq's motion for protective order and grant Plaintiffs' motion to compel. Plaintiffs specifically ask the Court to compel Vidocq to:

- produce all confidentiality agreements with law enforcement agencies,

- produce the complete document entitled "Synopsis of Vidocq Cases," and

- prepare its Rule 30(b)(6) designee to testify to Vidocq's knowledge of the topics listed in Plaintiffs' Rule 30(b)(6) notice, including pre- and post-event information.

---

[1] Vidocq's Motion at 11 [Dkt. No. 192]. Plaintiffs object to Vidocq's motion in excess of the page limit authorized by Local Rule 26-3(b).

[2] *Compare* Vidocq's Motion at 4 [Dkt. No. 192] *with* "Synopsis of Vidocq Society Cases, 207. The Murder of Leah Freeman, 2000" (Exhibit A to Scisciani Decl.) [Dkt No. 193 ECF p.5].

Page 1– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
    FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## II. RESPONSE

Vidocq admits that it partners with law enforcement agencies to investigate criminal cases.[3] That admission supports Plaintiffs' allegations of Vidocq's liability as a state actor.[4] Vidocq, as a state actor in partnership with law enforcement, is not entitled to conceal its conduct or its knowledge of misconduct. Vidocq's suggestion that it can work in partnership with law enforcement, and at the same time keep information confidential and avoid the implications of *Brady*, is not consistent with established law. Such an arrangement would allow law enforcement to avoid its constitutional obligations simply by delegating criminal investigations to organizations like Vidocq, and the Supreme Court has rejected such arrangements: "[I]f this were the basis for delimiting § 1983 liability, 'the state will be free to contract out all services which it is constitutionally obligated to provide and leave its citizens with no means for vindication of those rights, whose protection has been delegated to 'private' actors, when they have been denied.'"[5]

Plaintiffs, here, seek information that is relevant to vindicate the constitutional rights that were denied to Plaintiffs. The information is relevant, proportional to the needs of the case, and not privileged. Vidocq is asking the Court to protect its information so that its members and law enforcement partners may continue to violate *Brady* and the criminal discovery statutes without interference.[6] This the Court cannot do.

///

///

///

---

[3] Vidocq's Motion at 2–3 [Dkt. No. 192].

[4] *Cf.* Findings and Recommendations, dated July 27, 2021, at 32 [Dkt. No. 83] ("Plaintiffs have alleged facts to establish that the Vidocq Defendants partnered with the police to investigate Freeman's murder, and jointly deprived Plaintiffs of constitutional rights. . . . On this record, Plaintiffs have alleged that the Vidocq Defendants were state actors for the purposes of § 1983 liability.").

[5] *West v. Atkins*, 487 U.S. 42, 56 n.14 (1988) (citation omitted).

[6] Vidocq's Motion at 11 [Dkt. No. 192].

Page 2– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
    FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**A.    The documents and information are relevant and proportional to the needs of the case.**

Despite the plain language of Rule 26(b)(1), Vidocq asserts that the requested information is "not reasonably calculated to lead to the discovery of admissible evidence."[7] Vidocq again[8] conflates the standard for relevance and the now-obsolete requirement that information be "reasonably calculated to lead to the discovery of admissible evidence."[9] The Federal Rules were amended in 2015 to remove the "reasonably calculated" requirement and make clear that the court must analyze the requested discovery to determine whether it seeks information that is "relevant" and "proportional to the needs of the case."[10] As discussed in Plaintiffs' motion to compel, Plaintiffs seek information that is both relevant and proportional to the needs of this case.

**1.    Pre- and post-event evidence is relevant to Plaintiffs' *Monell* claims.**

As discussed in Plaintiffs' motion to compel, the information prior to and after Vidocq's involvement in the Criminal Case is relevant to Plaintiffs' *Monell* claims to prove a practice of withholding favorable information in violation of *Brady*, as well as Vidocq's deliberate indifference to the risk of constitutional deprivations generally and the potential for those to be committed by Mr. Walter specifically.[11] Vidocq does not address the case law directly on point

---

[7] *Id.* at 9, 10, 13.

[8] Vidocq made the same error of law in its motion to quash Plaintiffs' subpoena to the American Academy of Forensic Sciences. *See* Plaintiffs' Opposition to Motion to Quash at 9 [Dkt. No. 137].

[9] *See* FED. R. CIV. P. 26, Advisory Committee Notes (2015 Amendment) ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the 'reasonably calculated' phrase to define the scope of discovery 'might swallow any other limitation on the scope of discovery.' The 2000 amendments sought to prevent such misuse by adding the word 'Relevant' at the beginning of the sentence, making clear that ''relevant' means within the scope of discovery as defined in this subdivision . . . .' The 'reasonably calculated' phrase has continued to create problems, however, and is removed by these amendments.").

[10] *Id.*

[11] *See* Plaintiffs' Motion to Compel at 2–5 [Dkt. No. 190].

Page 3– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
         FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

authorizing discovery of pre- and post-event incidents to prove *Monell* liability.[12]  Vidocq also ignores the case law directly on point authorizing discovery of unconstitutional policies and practices to prove *Monell* liability.[13]

Mr. McGuffin's case is a prime example of Vidocq's unconstitutional practices, and deliberate indifference, at play.  As discussed in Plaintiffs' motion to compel, the City/County Defendants met with Vidocq, including Mr. Walter, in January 2010.[14]  Mr. Walter was a co-founder of Vidocq[15] who was held out as a leader[16] and was the subject of a book about the organization.[17]  His presence alone at this meeting—and in committing misconduct—could make the organization liable in its own right.[18]

Mr. Walter became more involved in the Criminal Case after the January 2010 meeting.  In a letter written after Mr. McGuffin's wrongful conviction, the District Attorney informed the Department of Justice that Mr. Walter's "theory or profile of the killer of Leah Freeman was spot on as to Mr. McGuffin."[19]  The District Attorney disclosed in that letter that he, in fact, intended to rely on Mr. Walter as an expert witness for trial in the Criminal Case against Mr. McGuffin.[20]  In an internal document that Vidocq withheld in the Criminal Case, Vidocq wrote, "Richard [Walter] says that the DA was very impressed and indicated that they now saw the case in a new

---

[12] *See id.* at 3–5.

[13] *See id.* at 2–3.

[14] *Id.* at 5.

[15] *History of the Vidocq Society: The Founding of the Vidocq Society*, available on the Vidocq website at https://www.vidocq.org/history/.  *Cf.* Declaration of Barbara Cohan ¶ 8 ("The information on Vidocq Society's website, https://www.vidocq.org/, is up-to-date and accurate.").

[16] *The Vidocq Society: Solving Murders Over Lunch*, National Public Radio (August 12, 2010), available on the Vidocq website at https://www.vidocq.org/news-publications/.

[17] *See* Michael Capuzzo, *The Murder Room: The Heirs of Sherlock Holmes Gather to Solve the World's Most Perplexing Cold Cases*, available on the Vidocq website at https://www.vidocq.org/news-publications/.

[18] *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

[19] Letter from Paul Frasier to Paul Reim, dated August 10, 2016 (Exhibit C to Scisciani Decl.) [Dkt. No. 193 at ECF p.36].

[20] *Id.* at ECF p.37.

Page 4– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
        FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

light and he may have enough to indict."[21]

At no point during the Criminal Case, however, did Vidocq disclose its knowledge of Mr. Walter's fabrications in prior cases. In addition, it appears that Vidocq never stepped in to supervise Mr. Walter, despite Vidocq's knowledge about the extent of Mr. Walter's involvement in the Criminal Case.[22]

The District Attorney learned during the Criminal Case about Mr. Walter's history of fabricating evidence in other cases from Defendant Craig Zanni (retired Sheriff of Coos County), and then the District Attorney began an attempt to "distance" himself from Mr. Walter and Vidocq.[23] Unbeknownst to the defense and the prosecution in the Criminal Case, however, the state's closing argument in the Criminal Case was replete with conjecture from Mr. Walter's fabricated theories, fed through law enforcement and documented in Vidocq's "Synopsis of Vidocq Cases."[24]

The extent of Mr. Walter's involvement and influence upon the prosecution will be questions of fact for a jury to decide. The extent of Vidocq's liability for its unconstitutional practices that were the moving force behind the constitutional violations, as well as its deliberate indifference to training and supervision, are also questions for the jury. Plaintiffs are entitled to discovery of evidence relevant to these issues and Plaintiffs' claims against Vidocq.

### 2. Plaintiffs' discovery requests are proportional to the needs of this case.

Contrary to Vidocq's suggestion in its motion, Plaintiffs did not request in its Rule 30(b)(6) notice all information going back to 1990.[25] Plaintiffs narrowly tailored the majority of

---

[21] "Synopsis of Vidocq Society Cases, 207. The Murder of Leah Freeman, 2000" (Exhibit A to Scisciani Decl.) [Dkt No. 193 ECF p.5].

[22] *See id.*

[23] Letter from Paul Frasier to Paul Reim, dated August 10, 2016 (Exhibit C to Scisciani Decl.) [Dkt. No. 193 at ECF p.37].

[24] "Synopsis of Vidocq Society Cases, 207. The Murder of Leah Freeman, 2000" (Exhibit A to Scisciani Decl.) [Dkt No. 193 ECF p.5].

[25] *See* Plaintiffs' Fed. R. Civ. P. 30(b)(6) and 34 Deposition Notice to Defendant Vidocq Society (Exhibit G to Scisciani Decl.) [Dkt. No. 193 at ECF p.73].

Page 5– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
    FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the topics in the notice to the time period from 2009 through the present.[26]  Plaintiffs requested a broader time period for only three categories of information:  (1) Richard Walter, (2) the "Synopsis of Vidocq Cases," and (3) Vidocq's work in other cases.[27]

Vidocq cannot conceal relevant evidence behind unfounded objections about the time that it would take to prepare its Rule 30(b)(6) witness.  Regardless of its "volunteer-based membership model,"[28] Vidocq is a corporation registered under Pennsylvania law.[29]  Under Rule 30(b)(6), a corporation "has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects [listed in the notice]."[30]

The mere passage of time does not excuse a corporation from its obligations under the Rule.  Federal courts make clear that "[t]he fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare and produce an appropriate designee."[31]  In fact, "it is not uncommon to find that a corporation no longer employs individuals who have memory of distant events, or to find that individuals with knowledge are deceased.  'These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.'"[32]  Indeed, "[p]reparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the

---

[26] *Id.*

[27] *Id.* at ECF p.83–84 and 87–88.

[28] Vidocq's Motion at 2, 3, 13 [Dkt. No. 192].

[29] Vidocq's Articles of Incorporation (Exhibit F to Scisciani Decl.) [Dkt. No. 193 at ECF p.53].

[30] *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 689 (S.D. Fla. Jan. 30, 2012) (citing *Great Am. Ins. Co. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 540 (D. Nev. 2008)).  District courts in the Ninth Circuit have repeatedly relied on *QBE's* list of "commandments" governing Rule 30(b)(6) depositions.  *See, e.g., Carlson v. Sam's West, Inc.*, No. 2:17-cv-02882-MMD-GWF, 2018 U.S. Dist. LEXIS 145961, at *4 (D. Nev. Aug. 28, 2018).

[31] *QBE Ins. Corp.*, 277 F.R.D. at 689 (citations omitted).

[32] *Great Am.*, 251 F.R.D. at 540 (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996)).

Page 6– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
    FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

privilege of using the corporate form to do business."[33]

The Court should order Vidocq to prepare its designee to testify to Vidocq's knowledge of the topics listed in Plaintiffs' Rule 30(b)(6) notice, including pre- and post-event information.

**B.    The First Amendment privilege does not apply.**

All of the discovery-related cases applying the First Amendment privilege involve attempts to compel membership lists and similar information that could "out" members and open them up to harassment for their shared beliefs.[34]  There are no such discovery requests at issue here, and the First Amendment privilege does not apply.

Vidocq does not suggest in any way that it associates to engage in a right protected by the First Amendment—"speech, assembly, petition for the redress of grievances, and the exercise of religion.'"[35]  It, instead, admits that its purpose is "to assist law enforcement in solving cold cases."[36]  There is no First Amendment right to investigate crime and, therefore, no derivative right to associate to investigate crime.  The Supreme Court has made abundantly clear that "[w]e would not expect a derivative right to receive greater protection than the right from which it was derived."[37]

In addition, Vidocq does not suggest in any way that the requested information falls within the categories of information protected by First Amendment privilege—*e.g.*, membership lists, donor information, or core political strategy.[38]  It, instead, admits that the documents are related to criminal investigations.[39]  The Supreme Court has expressly rejected "the view that an apparently limitless variety of conduct can be labeled 'speech whenever the person engaging in

---

[33] *QBE Ins. Corp.*, 277 F.R.D. at 689 (citing *Great Am.*, 251 F.R.D. at 541).
[34] Plaintiffs' Motion to Compel at 6 [Dkt. No. 190].
[35] *Steel MMA, LLC v. Newsom*, No. 21-CV-49-CAB-AGS, 2021 U.S. Dist. LEXIS 37709, at *8 (S.D. Cal. Mar. 1, 2021) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984)).
[36] Vidocq's Motion at 2–3 [Dkt. No. 192].
[37] *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462–63 (1958).
[38] *See*, *e.g.*, *id*.
[39] Vidocq's Motion at 10 [Dkt. No. 192].

Page 7– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
          FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the conduct intends thereby to express an idea.'"[40]

Furthermore, Vidocq offers no objective evidence to establish an impact on associational rights.[41] A *prima facie* showing requires Vidocq to offer evidence that members have an objectively reasonable basis to fear reprisal that will chill a protected right (*e.g.*, speech).[42] For example, in *NAACP v. Alabama ex rel. Patterson*, the Supreme Court found the standard satisfied because the NAACP "made an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members has exposed these members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility."[43] As a result, the Court concluded that disclosure of members' identities was likely to adversely affect the Association's "effort to foster beliefs which they admittedly have the right to advocate" because disclosure "may induce members to withdraw from the Association and dissuade others from joining it *because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure*."[44]

Vidocq's bare assertion of membership withdrawal is not enough.[45] "Conclusory statements, alone, do not establish a *prima facie* showing of First Amendment infringement."[46]

---

[40] *United States v. O'Brien*, 391 U.S. 367, 376 (1968).

[41] *In re Motor Fuel Temperature Sales Practices Litigation*, 707 F. Supp. 2d 1158 (D. Kan. 2010). *See also Mia Familia Vota v. Hobbs*, 343 F.R.D. 71, 84 (D. Ariz. 2022).

[42] *See NAACP*, 357 U.S. at 462–63.

[43] *Id.* at 462.

[44] *Id.* at 462–63 (emphasis added).

[45] *Compare* Vidocq's Motion at 14 [Dkt. No. 192] *with In re GlaxoSmithKline PLC*, 732 N.W.2d 257, 271 (Minn. 2007) ("The evidentiary showing required to demonstrate a reasonable probability of a chill on an association right is more than subjective assertions of a fear of reprisal. . . . Instead, the party asserting the right must demonstrate 'objective and articulable' facts that disclosure of information may chill association rights. To illustrate, 'specific evidence of past or present harassment of members due to their associational ties' or 'harassment directed against the organization itself' demonstrate a reasonable probability of a chill on association rights."). *See also Mi Familia Vota*, 343 F.R.D. at 84 ("The difficulty here is RPA offers no evidence of such a chilling effect. At most, it provides broad, theoretical arguments by its counsel about the 'fear of being hauled into Court under the threat of subpoena' harming its members' ability to 'freely associate and share thoughts and opinions.' But conclusory statements, alone, do not establish a *prima facie* showing of First Amendment infringement.").

[46] *Mi Familia Vota*, 343 F.R.D. at 84.

Page 8– PLAINTIFFS' RESPONSE TO VIDOCQ'S MOTION
    FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Vidocq, in fact, discloses information about its cases to the media and has a listing of those media reports on its public-facing website.[47]

The fact that Vidocq members and its law enforcement partners wish to continue violating *Brady* and the criminal discovery statutes is not a reason to protect Vidocq's information under the First Amendment or any other privilege.  The Court should deny Vidocq's motion for protective order and, instead, order Vidocq to produce the documents and information requested by Plaintiffs.

### III.  CONCLUSION

Based upon the foregoing, Plaintiffs ask the Court to deny Vidocq's motion for protective order and, instead, grant Plaintiffs' motion to compel.  Specifically, Plaintiffs ask the Court to order Vidocq to:

- produce all confidentiality agreements with law enforcement agencies,

- produce the complete document entitled "Synopsis of Vidocq Cases," and

- prepare its Rule 30(b)(6) designee to testify to Vidocq's knowledge of the topics listed in Plaintiffs' Rule 30(b)(6) notice, including pre- and post-event information.

DATED:  September 25, 2023

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>　Janis C. Puracal, OSB #132288<br>　E-Mail:  jcp@mlrlegalteam.com<br>　Andrew C. Lauersdorf, OSB #980739<br>　E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>　David B. Owens, WSBA #53856<br>　E-Mail:  david@loevy.com<br>　*Pro hac vice* |

---

[47] *See* Vidocq website at https://www.vidocq.org/news-publications/.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25 2023, the foregoing PLAINTIFFS' RESPONSE

TO VIDOCQ'S MOTION FOR PROTECTIVE ORDER was served on the following parties at

the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>    *Attorneys for Defendants*<br>    *City of Coquille, City of Coos Bay, Coos*<br>    *County, Craig Zanni, Chris Webley, Eric*<br>    *Schwenninger, Sean Sanborn, Ray McNeely,*<br>    *Kris Karcher, Pat Downing, Mark Dannels,*<br>    *Kip Oswald, Michael Reaves, David Zavala,*<br>    *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>    *Attorneys for Defendants Oregon State*<br>    *Police, John Riddle, Susan Hormann,*<br>    *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>    *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Laura E. Coffin<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br>lcoffin@luvaascobb.com<br>    *Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid
   envelope, addressed to the attorneys as shown above, and deposited with the United
   States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC

By  /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail:  jcp@mlrlegalteam.com
Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417