UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

        Case No. 6:20-cv-01163-MK

        Plaintiff,

        v.

        **ORDER ON PLAINTIFFS'
MOTION TO COMPEL AND
DEFENDANT VIDOCQ
SOCIETY'S MOTION FOR
PROTECTIVE ORDER**

MARK DANNELS *et al.*,

        Defendants.

**KASUBHAI,** United States Magistrate Judge:

Before the Court is a discovery dispute between Plaintiffs and Defendant Vidocq Society.

Pls.' Mot. To Compel Documents From Def. Vidocq Society, ECF No. 190 ("Pls.' Mot."); Def.

Vidocq Society's Mot. For Protective Order, ECF 192 ("Def. Vidocq's Mot."). For the reasons

explained below, Plaintiffs' Motion (ECF 190) is GRANTED in part and DENIED in part as

Page 1 — ORDER

MOOT. Defendant Vidocq's Motion (ECF 192) is DENIED. Because the Court finds that the issues raised in the motions are sufficiently briefed, request for oral argument is DENIED.

**BACKGROUND**

Plaintiffs' action arises out of the wrongful conviction of Plaintiff Nicholas McGuffin in a 2011 action titled *State of Oregon v. Nicholas James McGuffin*, Coos County Circuit Court Case No. 10CR0782 (the "Criminal Case"). Pl.'s Sec. Am. Compl., ECF No. 143 ("SAC"). His conviction was vacated by judgment in November 2019, and he was released from incarceration several weeks later. Plaintiffs' allegations in the present matter include § 1983 claims for the fabrication of evidence and the suppression of favorable evidence. SAC ¶¶ 32–41. The following allegations are taken as true for the purposes of this Order.

In the underlying Criminal Case, the summer of 2000 death of Leah Freeman was declared a homicide. SAC at ¶ 39. For nearly a decade, no arrests were made, and the case remained cold until it was reopened in 2008. *Id.* ¶¶ 90–93. At a luncheon in January 2010, District Attorney Paul Fraiser and other City of Coquille investigators ("Cold Case Investigators") presented the facts of the Leah Freeman case to members of Defendant Vidocq Society. *Id.* Vidocq is a Pennsylvania corporation that describes itself as:

> a volunteer-based membership [organization], founded in 1990, made up of forensic experts and investigators who serve as confidential consultants to assist law enforcement in solving cold cases. Once a case is accepted by Vidocq, the lead investigators are invited to come present their case to the members at one of Vidocq's monthly luncheon meetings. The Vidocq members then pose questions and brainstorm about how best to move the case forward.

Def. Vidocq's Mot. at 2–3 (citations omitted). Plaintiffs and Defendant Vidocq dispute whether Defendant Vidocq was able to provide any help in the investigation. Pls.' Mot. at 5; Def. Vidocq's Mot. at 3.

Defendant Richard Walter was a founding member of Vidocq. Cohan Decl. at 2, ECF No. 194 (authenticating information on Vidocq Society's Website); *see* https://www.vidocq.org/history/. Plaintiffs allege that at all relevant times, Mr. Walter acted as Defendant Vidocq's agent. SAC ¶ 10. In an alleged effort to fabricate evidence, Defendant City of Coquille and the Cold Case Investigators hired Defendant Vidocq and agreed to have Mr. Walter generate a false "profile" that would implicate Plaintiff McGuffin. *Id.* at ¶¶ 106–09. In essence, the alleged scheme was to reverse engineer a criminal profile linking Plaintiff McGuffin to the death of Leah Freeman. *Id.* at ¶¶ 110–12. The Cold Case Investigators and Mr. Walter also allegedly fabricated evidence by falsely reporting that blood was found on Leah Freeman's shoe. *Id.* at ¶ 114. Plaintiffs allege that Defendant Vidocq, the City of Coquille, and the Cold Case Investigators all knew of Mr. Walter's investigatory misconduct from prior cases and acted under color of law to deprive Plaintiff McGuffin of his constitutional rights. *Id.* at ¶ 110; *Id.* at ¶ 9.

As part of the initial disclosures required under Fed. R. Civ. P. 26(a)(1)(e), Defendant Vidocq produced 24 pages of documents related to their incorporation paperwork, tax status, code of ethics, sample invitation letter, and Defendant Vidocq's synopsis of the investigation and Criminal Case. Scisciani Decl. Ex. F, at 48–71, ECF No. 193 ("Vidocq's Initial Disclosures"); *Id.* Ex. A, at 5–6 ("Leah Freeman Synopsis"). On May 31, 2023, Plaintiffs sent a Fed. R. Civ. P. 30(b)(6) and 34 Deposition Notice to Defendant Vidocq. *Id.* Ex. G, at 73–91 ("Plaintiffs' 30(b)(6) and 34 Deposition Notice to Defendant Vidocq"). On July 14, 2023, Defendant Vidocq sent its Objections and Responses. *Id.* Ex. H, at 93–104 ("Vidocq Objections and Responses to Plaintiffs' 30(b)(6) and 34 Deposition Notice"). On September 15, 2023, Plaintiffs filed their Motion to Compel Documents from Defendant Vidocq Society, and Defendant Vidocq filed its

Page 3 — ORDER

Motion for Protective Order that same day. Pls. Mot.; Def. Vidocq's Mot. At issue is the scope of discovery propounded by Plaintiffs.

## LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court has broad discretion to determine relevancy and proportionality for the purposes of Rule 26(b)(1). *Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012). "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Discovery outside the scope of Rule 26(b)(1) must be limited by the court. Fed. R. Civ. P. 26(b)(2)(C)(iii). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

## DISCUSSION

Plaintiffs request the Court to order Defendant Vidocq to (1) produce all confidentiality agreements with law enforcement agencies; (2) produce the complete document entitled "Synopsis of Vidocq Cases"; and (3) prepare its Rule 30(b)(6) designee to testify to Defendant Vidocq's knowledge of the topics listed in Plaintiffs' Rule 30(b)(6) notice, including events that occurred before and after the Criminal Case. Pls.' Resp. To Vidocq's Mot. 1, ECF No. 202. In opposition, Defendant Vidocq requests the Court to issue a protective order which (1) precludes Plaintiffs from compelling Defendant Vidocq to produce its Case Synopsis List; and (2) limits the scope of Plaintiffs' questioning of Defendant Vidocq's Rule 30(b)(6) deponent to topics related to Defendant Vidocq's involvement with the Criminal Case. Def. Vidocq's Mot. at 15.

Page 4 — ORDER

## I.      Confidentiality Agreements With Law Enforcement Agencies

Plaintiffs asserts that Defendant Vidocq's confidentiality agreements with law enforcement agencies are within the scope of Rule 26(b)(1) because they are relevant to establishing a "policy of action" under Plaintiffs' *Monell* claim. Pl.s' Mot. at 1. Defendant Vidocq responds that "[w]ritten confidentiality agreements between Vidocq and law enforcement agencies do not exist and therefore are not in Vidocq's possession or control." Vidocq's Resp. To Pls.' Mot. To Compel 4, ECF No. 203 ("Vidocq's Resp."). Thus, Plaintiffs' Motion to Compel written confidentiality agreements between Vidocq and law enforcement agencies is denied as moot.[1]

## II.     Vidocq's Case Synopsis List

Plaintiffs seek discovery of Defendant Vidocq's Case Synopsis List. Defendant Vidocq asserts that "Vidocq's Case Synopsis List is a proprietary, confidential document that summarizes every case Vidocq has worked on with law enforcement from the years 1990-2013." Def. Vidocq's Mot. at 10.[2] Defendant Vidocq's briefing does not discuss the number of documents or pages that it would be compelled to produce. Defendant Vidocq identifies the case synopses in its privilege log as VIDOCQ BATES NOS. 000083-000150. Def. Vidocq's Mot. at 7. Defendant Vidocq has already produced its case synopsis of the Leah Freeman investigation. *See* Leah Freeman Synopsis at 5–6.

---

[1] Prior to briefing these motions, Vidocq opposed the production of the documents requested by Plaintiffs on the grounds, in part, that the documents were "subject to confidentiality agreements with third party law enforcement agencies." Vidocq's Objections and Responses to Plaintiffs' Fed. R. Civ. P. 30(b)(6) and 34 Deposition Notice at 99. If Vidocq does, in fact, have written confidentiality agreements with law enforcement agencies, then in accordance with the reasoning set forth below, the Court Orders Vidocq to produce its written confidentiality agreements with law enforcement agencies.

[2] In Vidocq's Response to Plaintiffs' Motion, Vidocq describes the Vidocq Case Synopsis List as spanning 33 years. Def. Vidocq's Resp. at 3. However, in Defendant Vidocq's Motion, it asserts twice that the Vidocq Cases Synopsis List covers cases from 1990-2013 but that the topics in the proposed Rule 30(b)(6) deposition span 33 years. Vidocq's Motion at 6, 7, 10, 13. The reference to the Case Synopsis List spanning 33 years appears to be a scrivener's error.

Plaintiffs assert that the synopses of Defendant Vidocq's work in other cases is relevant to establishing a "policy of inaction" under Plaintiffs' *Monell* claim. Pls.' Mot. at 1. Defendant Vidocq objects on the grounds of relevancy, overbreadth, and burdensomeness. Def. Vidocq's Resp. at 3; Def. Vidocq's Mot. at 12–13. Defendant Vidocq further objects on the grounds that the documents are protected by the First Amendment privilege, which the Court addresses in section IV below. *Id.* at 5; Def. Vidocq's Mot. at 13–14.

Defendant Vidocq correctly asserts that, because the Leah Freeman case synopsis has already been produced, the remaining synopses in the Case Synopsis List are unrelated to the Criminal Case. Defendant Vidocq's Resp. at 3. However, that is not the issue. Rather, the issue is whether the other case synopses are relevant to Plaintiffs' claims in the present action, which includes claims against Defendant Vidocq under a theory of *Monell* liability.

In *Monell*, the Supreme Court held that municipalities and other local government units could be sued for constitutional violations under § 1983. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Monell* liability also applies to suits against private entities acting under color of law. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). "To create liability under § 1983, the constitutional violation must be caused by a policy, practice, or custom of the entity[.]" *Id.* (quotation omitted). This includes a policy or custom of inaction. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020).

A defendant's failure to train or supervise may be used to establish a policy or custom of inaction. *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022). However, a defendant's failure to properly train its employees only creates *Monell* liability if the failure reflects a conscious choice, amounting to deliberate indifference. *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d

784, 793 (9th Cir. 2016). A pattern of similar constitutional violations may be used to demonstrate deliberate indifference. *Id.* at 794.

The synopses of Defendant Vidocq's work in other criminal cases are relevant to establishing a pattern of an alleged policy of inaction. Plaintiffs allege that Mr. Walter, acting as Defendant Vidocq's agent, fabricated evidence that was used against Plaintiff McGuffin in the Criminal Case. SAC ¶¶ 10, 110. Plaintiffs allege that Defendant Vidocq had actual knowledge of similar misconduct by Mr. Walter's in prior cases. SAC ¶ 110. In support of this allegation, Plaintiffs cite to multiple cases predating the Criminal Case in which the court admonished Mr. Walter's misconduct. *See* Pls.' Mot. at 4, n.19. Discovery of Defendant Vidocq's case synopses is relevant to Plaintiffs' *Monell* claims because it allegedly shows a pattern of misconduct amounting to a policy of inaction.

Defendant Vidocq improperly focuses on the anticipated *weight* of the evidence that Plaintiffs seek to discover, not its *relevancy* to Plaintiffs' claims. For example, Vidocq asserts that "District Attorney Paul Frasier confirmed in deposition that Vidocq Society had no direct or proximate cause in the indictment, arrest, or prosecution of Mr. McGuffin." Def. Vidocq's Resp. at 4. Plaintiffs dispute this characterization of the record. Pls.' Resp. at 5 (citing Scisciani Decl., Ex. C, at 37 ("Letter From Paul Frasier to Paul Reim"). The extent to which the District Attorney relied on Defendant Vidocq is a question of fact relevant to whether the alleged policy of inaction caused a constitutional deprivation. However, irrespective of causation, Defendant Vidocq's work in other cases remains relevant to establishing the alleged policy of inaction in the present action.

Defendant Vidocq asserts that compelling discovery of the Case Synopsis List is burdensome because "law enforcement agencies trust that information revealed about open cases

will remain confidential, so as not to impair the investigatory process." Def. Vidocq's Mot. at 13.

It further asserts that Defendant Vidocq's reputation and ability to operate would be harmed if

law enforcement agencies "knew that confidential information would be leaked." Def. *Id.* at 14.

However, producing confidential information in accordance with the Court's Order is not

equivalent to a leak. Furthermore, Defendant Vidocq's concerns about confidentiality are

effectively addressed by this Court's existing Protective Order limiting the use and disclosure of

"all documents, testimony, and other materials produced by the parties in this case and labeled

'Confidential[.]'" Stipulated Protective Order 3, ECF No. 181. Plaintiffs' discovery of Defendant

Vidocq's Case Synopsis List is relevant to their claims, proportional to the needs of the case, and

not overly burdensome. Subject to the Court's Stipulated Protective Order, Defendant Vidocq is

Ordered to produce the Case Synopsis List.

### III.    Deposition of Defendant Vidocq's Rule 30(b)(6) Designee

Defendant Vidocq opposes Plaintiffs' proposed scope of questioning. Def. Vidocq's Mot.

at 7.

When a notice or subpoena is directed at an organization, the noticing party "must

describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In

response to the notice or subpoena, [t]he named organization must designate one or more

officers, directors, or managing agents, or designate other persons who consent to testify on its

behalf[.]" *Id.* When being deposed, the organization's designee "must testify about information

known or reasonably available to the organization." *Id.*

Although it spans a broad range of topics extending over 30 years in certain

circumstances, Plaintiffs' Rule 30(b)(6) notice to Vidocq is stated with extensive particularity.

Scisciani Decl., Ex. G, at 75–88, ECF No. 193 ("Plaintiffs' Fed. R. Civ. P. 30(b)(6) and 34

Page 8 — ORDER

Deposition Notice"). In summary, Plaintiffs seek testimony on (1) Vidocq's organization and operation from 2009 to present; (2) all cases in which Vidocq agreed to assist a law enforcement agency between 2000 and 2011; (3) Vidocq's involvement with Mr. Walter from 1990 to present; and (4) the Vidocq Case Synopsis List. *Id.* Defendant Vidocq asks the Court for a protective order limiting the scope of questioning of its Rule 30(b)(6) designee to the period when Vidocq was involved in the Criminal Case, specifically, July 2009 to January 2010. Def. Vidocq's Mot. at 4, 6–7.

Plaintiffs oppose Defendant Vidocq's Motion and assert that the events before and after the Criminal Case are relevant to their *Monell* claims, necessary to proving a practice of withholding favorable information in violation of *Brady*.[3] Furthermore, Plaintiffs assert that the scope of discovery beyond the Criminal Case is relevant to proving Defendant "Vidocq's deliberate indifference to the risk of constitutional deprivations generally and the potential for those to be committed by Mr. Walter specifically." Pls.' Resp at 3..

Defendant Vidocq opposes the scope of topics in Plaintiffs' Rule 30(b)(6) notice on the same grounds as its opposition to production of the Vidocq Case Synopsis List, described in Section II above. Additionally, Defendant Vidocq asserts that preparation of its Rule 30(b)(6) deponent is burdensome because its designee will be required to prepare for testimony about cases that neither she nor any current member of Vidocq were involved with. Def. Vidocq's Mot. at 13.

For the reasons described above, the events that took place before and after Defendant Vidoqc's involvement with the criminal case are relevant to Plaintiffs' claims in the present

---

[3] In a *Brady* claim, the plaintiff must prove that the defendant withheld exculpatory evidence that he or his criminal defense attorney were unaware of at the time of the conviction. *Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018); *see Brady v. Maryland*, 373 U.S. 83 (1963).

Page 9 — ORDER

action. Rule 30(b)(6), expressly requires an organization to prepare its designee to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Preparation of Defendant Vidocq's designee is not an unreasonable burden. The Court Orders Defendant Vidocq to prepare its designee to testify about information known or reasonably available to the organization.

## IV.    First Amendment Protection

Last, Defendant Vidocq asserts that the proposed discovery is outside the scope of Rule 26(b)(1) because it is privileged information protected by the First Amendment." Def. Vidocq's Mot. at 10–11. Plaintiffs respond that the First Amendment privilege does not apply because Defendant Vidocq does not associate to engage in a right protected by the First Amendment and none of the discovery requests involve attempts to compel information that could harm Vidocq members for their shared beliefs. Pls.' Resp at 7.

Fed. R. Civ. P. 26(b)(1) entitles each party to discovery of "any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." (emphasis added). The party asserting the privilege has the burden of establishing the applicable privilege. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The First Amendment protects the "freedom to associate with others for the common advancement of political beliefs and ideas[.]" *Kusper v. Pontikes*, 414 U.S. 51, 56–57 (1973). "A party who objects to a discovery request as an infringement of the party's First Amendment rights is in essence asserting a First Amendment *privilege.*" *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010). "This privilege applies to discovery orders even if all of the litigants are private entities." *Id.* at n.5 (quotation omitted).

In the 9th Circuit, "a claim of First Amendment privilege is subject to a two-part framework." *Id.* at 1160. First, the privilege-asserting party must make a "*prima facie* showing of arguable first amendment infringement." *United States v. Trader's State Bank*, 695 F.2d 1132, 1133 (9th Cir.1983). That is, a demonstration that compelling the discovery request "will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." *Perry*, 591 F.3d at 1160 (citation omitted). Notably, "[a] protective order limiting the dissemination of disclosed associational information may mitigate the chilling effect and could weigh against a showing of infringement." *Id.* at n.6.

If a *prima facie* showing of First Amendment infringement is shown, then second, the burden shifts to the party seeking the discovery to demonstrate a sufficient interest "to justify the deterrent effect on the free exercise of the constitutionally protected right of association." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010) (quotation and alteration omitted); *citing Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 463 (1958).

Here, the proposed discovery is not protected by the First Amendment. Defendant Vidocq asserts that "[t]he goal of Vidocq Society is to 'assist law enforcement in solving difficult cold cases.'" Vidocq's Mot. at 11. Because Vidocq members do not associate for the common advancement of political beliefs and ideas, Defendant Vidocq fails to make a *prima facie* showing of a First Amendment infringement and is not privileged.

///

///

///

Page 11 — ORDER

**ORDER**

For the reasons stated above, Plaintiffs' Motion to Compel Documents From Defendant Vidocq Society (ECF No. 190) is GRANTED in part DENIED in part as MOOT. Defendant Vidocq Society's Motion For Protective Order (ECF No. 192) is DENIED. The parties' request for oral argument is DENIED.

IT IS SO ORDERED.

DATED this 6th day of December 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge