UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No. 6:20-cv-01163-MK<br><br>ORDER Re: SCOPE OF MCCREA DEPOSITION |
| Plaintiff, | |
| v. | |
| MARK DANNELS *et al.*, | |
| Defendants. | |

---

**KASUBHAI, United States Magistrate Judge:**

On January 12, 2024, the Court held a hearing by telephone conference to discuss the parties' briefing submitted by email on the permissible scope of questioning of Plaintiff

Page 1 — ORDER

McGuffin's former criminal defense attorney, Shaun McCrea. For additional background, *see* Order Re Pl.'s Mot. for Prot. Order to Modify Subpoena of McCrea, ECF No. 218 ("Order re McCrea Subpoena"). The Court granted a 90-day extension on all deadlines and ordered Plaintiffs to submit a working draft of the *Brady* evidence alleged by Plaintiff. ECF No. 233. The Court explains the permissible scope of Defendants' deposition questioning of Ms. McCrea below.

## LEGAL STANDARDS

Fed. R. Civ. P. 26(b)(1) entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court has broad discretion to determine relevancy for the purposes of Rule 26(b)(1). *Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012). However, even if a discoverable matter is relevant, on timely motion, the issuing court must modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii).

## DISCUSSION

Defendant seeks to ask Ms. McCrea questions about her due diligence in investigating and defending Plaintiff McGuffin in the underlying criminal trial. Defendants assert that Plaintiffs' *Brady* claim puts Ms. McCrea's due diligence in discovering *Brady* material that was reasonably available to her at issue, thereby waiving attorney client privilege and work product doctrine protection. Plaintiffs respond that because Ms. McCrea's alleged lack of due diligence does not defeat a *Brady* claim, Plaintiff McGuffin has not waived the attorney-client privilege and work product protection in that regard.

The Court previously found that Plaintiff McGuffin waived the attorney-client privilege and work product doctrine as it relates to his or Ms. McCrea's awareness of facts that would defeat the *Brady* claim. *See* Order re McCrea Subpoena, ECF No. 218.

A *Brady* claim is not defeated "by a defense counsel's failure to exercise diligence with respect to suppressed evidence." *Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014). Evidence is suppressed when the defense counsel is not reasonably aware of it. *Milke v. Ryan*, 711 F.3d 998, 1017 (9th Cir. 2013). The defense counsel is not reasonably aware of facts that require further investigation. *Amado*, 758 F.3d at 1136–37 ("a prosecutor should not be excused from producing that which the law requires him to produce, by pointing to that which conceivably could have been discovered had defense counsel expended the time and money to enlarge his investigations."). In contrast, a *Brady* claim may be defeated where the defense counsel was, in fact, "aware of the essential facts enabling him to take advantage of any exculpatory evidence." *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) (quoting *United States v. Brown,* 582 F.2d 197, 200 (2d Cir.1978)).

For example, in *Cannon v. Polk Cnty.*, 702 F. App'x 527, 529 (9th Cir. 2017), the 9th Circuit affirmed the district court's holding that although the defense counsel did not possess the photo line-up, because he knew of its existence and obtaining it would not have required him to enlarge his investigation, the prosecutor did not suppress the evidence. Rather, the defense counsel's strategic decision not to use the evidence he was actually aware of defeated the *Brady* claim. *Id.* In contrast, in *Milke*, 711 F.3d at 1016, the defense counsel's failure to obtain exculpatory evidence contained in the public record did not defeat the state's obligation to produce that evidence under *Brady*; holding, the defense counsel must have "enough information to ascertain the supposed *Brady* material on his own."

Page 3 — ORDER

Here, Plaintiff has not waived the attorney-client privilege or work product doctrine protection as it relates to Ms. McCrea's alleged failure to exercise due diligence with respect to her investigation and defense of Plaintiff McGuffin. For example, because the defense counsel must have enough information to ascertain the supposed *Brady* material on her own, Ms. McCrea's alleged failure to hire an expert to interpret the DNA testing results would not defeat Plaintiffs' *Brady* claim.

Having reviewed the parties' briefing, held a hearing by telephone, reviewed Plaintiffs' list of alleged *Brady* evidence, and considered the relevant law, the Court Orders the following:

1. Questions regarding Ms. McCrea's opinion about the adequacy of her representation in the Criminal Case are barred by the Stipulated Protective Order signed by the court in Plaintiff McGuffin's post-conviction case. *See* Puracal Supp. Decl. Ex. 4, ECF No. 212.

2. Questions regarding Ms. McCrea's investigation during the criminal case are barred by the work product doctrine. However, questions regarding what Ms. McCrea was actually aware of as a result of her investigation are permissible. For example, whether Ms. McCrea *investigated* whether the analytical techniques of the DNA lab had changed between 2000 and 2011 is an impermissible question protected by the work product doctrine. However, whether Ms. McCrea was *aware* that the analytical techniques of the DNA lab had changed over that time is a permissible question because Plaintiff McGuffin waived the work product protection regarding Ms. McCrea's actual awareness of exculpatory evidence. Similarly, whether Ms. McCrea hired or thinks that she should have hired an expert to review OSP's lab file is protected by the work product doctrine. However, whether Ms. McCrea was aware that the lab's protocols might determine how the data were reported is not protected.

Page 4 — ORDER

3.  Questions regarding Ms. McCrea's opinion about the significance of alleged *Brady* material to her defense in the criminal case are barred by the work product doctrine.

4.  Questions regarding what Ms. McCrea considered doing as part of her defense strategy in the Criminal Case are barred by the work product doctrine.

## CONCLUSION

The Court Orders Defendants' questioning of Ms. McCrea to remain consistent with the reasoning explained above and contained in the Court's prior Order re McCrea Subpoena, ECF No. 218.

IT IS SO ORDERED.

DATED this 29th day of January 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge