**Robert E. Franz, Jr.**     OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
  Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
  Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn,
  Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni,
  David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon,
  and the Estate of David E. Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No. 6:20-cv-01163-MK |
| Plaintiffs, v. | **Motion to Compel Plaintiff Nicholas McGuffin to Produce Documents** by Defendant City of Coquille |
| Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County, | Oral Argument Requested |
| Defendants. | |

Nicholas James McGuffin, as an Individual and as guardian ad litem, on behalf of S.M., a minor,

Case No. 3:21-cv-01719-MK
(Trailing Case)

     Plaintiffs,

  v.

Oregon State Police,

     Defendant.

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, the undersigned certifies that I have conferred with Plaintiffs' attorneys by phone and email, regarding the request for the production of documents that are the subject of this motion. Plaintiffs have explicitly refused to provide the employment records of Plaintiff Nicholas McGuffin after his termination from Legends; therefore, the Court's assistance is necessary.

## MOTION

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Defendant City of Coquille hereby moves this Court for an order compelling Plaintiff Nicholas McGuffin to produce his employment records as requested in the City of Coquille's Request for Production No. 11.

The following is a portion of the email Robert E. Franz, Jr. sent to one of Plaintiffs' attorneys on March 13, 2024:

Andrew:

This will confirm the agreement we have reached today.
* * *
One item that I brought up today was our Request 11 from our first request for documents which provides as follows:

*Request for Production No. 11: Produce copies of any and all documents related to the Plaintiff Nicholas McGuffin's employment, compensation, and any other income since 2000, whether while incarcerated or not. Said documents should include state and federal*

> *income tax returns whether filed or not, prepared by or on behalf of Plaintiff, any and all documents evidencing income received by Plaintiff from any source during any employment or business, including but not limited to, W-2 forms, pay stubs, employment agreements, bank statements, gross revenues, expenses, profit and loss statements and balance sheets, or any other documents establishing income received by Plaintiff.*
>
> As to this request, you indicated you will not provide any updated information that identifies Plaintiff Nick McGuffin's current place of work.  Thus, we will be filing a motion to compel the documents requested in RFP #11 as to all employment after the terminated employment of McGuffin by Legends up to the present.

For the most part, through document production, depositions, and the answers to interrogatories, Plaintiff McGuffin has complied with this request up to the end of his employment with Legends. Based upon the deposition of Jacob Shafer, general manager for Legends, McGuffin was terminated from Legends as a result of an incident that happened between McGuffin and a twenty-three-year-old woman that was on the kitchen staff.

Employment records are a common request in all cases where economic damages are sought. In this case, in addition to showing the amount of money Mr. McGuffin has been able to make since his incarceration, the employment records are relevant to the damages Mr. McGuffin is contending he has incurred as set forth in paragraphs 177, 178, 179, 216, 222, 228, 235, 241 of the Plaintiffs' Second Amended Complaint, wherein it is alleged that Mr. McGuffin has suffered severe trauma, extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other psychological effects in addition to loss of reputation in his community, and loss of employment options in his chosen vocation.

Mr. McGuffin's loss of employment options in his chosen vocation at Legends ended because of his own misconduct and had nothing to do with any of the Defendants. His conduct at his other places of employment is also relevant and Defendants are entitled to those records.

For the reasons stated herein, the requested information is relevant and discoverable. Having conferred with Plaintiffs' counsel in good faith to no avail, Defendant City of Coquille seeks assistance from this Court. Defendant City of Coquille, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), hereby moves this Court for an order compelling Plaintiff McGuffin to produce his employment records as requested in the City of Coquille's Request for Production No. 11., for all employment after Legends.

DATED:  Wednesday, June 26, 2024.

Respectfully submitted,

By:    /s/ Robert E. Franz, Jr.
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #730915
(541) 741-8220
**Attorneys for Municipal Defendants**