Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF COQUILLE'S SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER |

Page 1– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

               Cross-Claimant,

v.

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY

               Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

               Plaintiffs,

v.

OREGON STATE POLICE,

               Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

## I. RELIEF REQUESTED / INTRODUCTION

Plaintiffs Nicholas McGuffin and S.M. request the Court deny Defendant City of Coquille's second motion to compel as moot. Plaintiffs agreed in their discovery responses to produce income-related documentation. Plaintiffs never refused to produce these records, and the parties never conferred on this issue.

Plaintiffs refused to disclose only the name and location of Mr. McGuffin's current employer, and the parties conferred on *that* issue. Throughout 2023, the Defendants used this lawsuit to harass Mr. McGuffin's prior employer (Legends Bar and Grill at the Arrowhead Golf

Page 2– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Club). When Mr. McGuffin lost his job at Legends in 2023, he sought employment elsewhere. He has, since then, gone to great lengths to protect his new employer's identity to prevent the Defendants from continuing to interfere with his ability to work. Plaintiffs request the Court protect the identity of Mr. McGuffin's current employer. Plaintiffs propose to redact the name and location of his current employer from his income-related documentation.

## II.  STATEMENT OF FACTS

This case arises out of the wrongful conviction of Plaintiff Nicholas McGuffin. Mr. McGuffin was wrongly convicted in July 2011. His conviction was vacated by a post-conviction court by judgment dated November 29, 2019, and he was exonerated and released from incarceration on December 17, 2019. Plaintiffs filed this civil suit based on the Defendants' fabrication of evidence and withholding of favorable evidence in violation of Due Process.

Mr. McGuffin graduated from culinary school prior to his wrongful conviction and is a trained chef. Since his exoneration in 2019, Mr. McGuffin has been working to re-establish his career as a chef. He worked for several different employers before starting his position as a chef with his current employer in 2023. Mr. McGuffin produced in discovery records related to his income post-exoneration and through 2022.[1]

Defendant City of Coquille requested, and now moves to compel, documentation related to Mr. McGuffin's income from his current employment. Plaintiffs never refused to produce this information, and the parties never conferred on this issue.[2]

///

---

[1] Plaintiffs do not have any records related to income prior to his wrongful incarceration.
[2] *See* Plaintiffs' Response to City of Coquille's Request for Production No. 11 (Exhibit 1 to the Declaration of Janis C. Puracal in Support of Plaintiffs' Response to Defendant City of Coquille's Second Motion to Compel ("Puracal Decl.")). *See also* Email from Robert Franz to Andrew Lauersdorf, dated March 13, 2024 (Exhibit 2 to Puracal Decl.).

Page 3– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

There is no basis for Defendant City of Coquille's second motion to compel. There is also no basis for the City's suggestion in its motion that Mr. McGuffin was terminated from his prior employer due to "misconduct" with a 23-year-old woman.[3] Mr. McGuffin was let go from his prior place of employment at Legends Bar and Grill because he got frustrated, raised his voice, and reprimanded Johanna Miller, a food expeditor[4] at the restaurant, in front of other staff after she took a spoon from one dish and put it into another, risking cross-contamination in the food.[5] The General Manager at Legends, Jacob Shafer, explained at his deposition in this case that Mr. McGuffin's employment was terminated, because his management style was not consistent with Shafer's management philosophy, which favored encouragement over reprimand when mistakes were made.[6] With regard to Ms. Miller, Legends ultimately ran out of patience with her, and she was terminated after a history of not showing up for work and drinking alcohol on the job to the point of intoxication.[7] Meanwhile, Mr. Shafer provided Mr. McGuffin with a letter of recommendation, and testified that he would not hesitate to rehire Mr. McGuffin.[8]

Plaintiffs oppose the City's second motion to compel as moot and misleading.

### III. AUTHORITY

Defendant City of Coquille moves to compel documentation related to Mr. McGuffin's income from his current employment. Plaintiffs already agreed to produce these documents.[9] In their response to Request for Production No. 11, Plaintiffs wrote:

---

[3] Defendant City of Coquille's Motion at 3 and 4 [Dkt. No. 239].
[4] Legends General Manager explained that a food expeditor is a food runner: "So you have the food that comes from the kitchen. The cooks when then cook it, they go to the line. They prepare the food. They plate it. They put it in the window, and that person at that point runs it." Deposition of Jacob Shafer at 33:15–21 (Exhibit 3 to Puracal Decl.).
[5] *Id.* at 65:3–69:16.
[6] *Id.*
[7] Deposition of Robert Wallace at 15:20–16:7 and 30:24-32:10 (Exhibit 4 to Puracal Decl.).
[8] Deposition of Jacob Shafer at 71:5–9 (Exhibit 3 to Puracal Decl.).
[9] *See* Plaintiffs' Response to City of Coquille's Request for Production No. 11 (Exhibit 1 to Puracal Decl.).

Page 4– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

> Plaintiffs will produce all non-privileged documents in Plaintiffs' possession, custody, and control related to the allegations in the First Amended Complaint. All documents or portions of documents withheld from this production will be listed in a privilege log, which will also be produced.[10]

Plaintiffs then produced all records in their possession, custody, and control related to Mr. McGuffin's income, including income tax filings, W-2s, and copies of cashed checks through 2022. At the time of the parties' conferral (in March 2024), Mr. McGuffin had yet to prepare and file his 2023 taxes.[11] Plaintiffs never refused to produce those records, and the parties never conferred on that issue.[12] Plaintiffs have requested, and will produce, those records from the free tax clinic that has been donating time to prepare Mr. McGuffin's taxes since his exoneration.

The parties conferred only on the narrow issue of Plaintiffs' refusal to produce the name and location of Mr. McGuffin's current employer. Counsel for Defendant City of Coquille documented the topic of conferral in his post-conferral email:

> As to [Request for Production No. 11], you indicated you will not provide any updated information ***that identifies Plaintiff Nick McGuffin's current place of work***.[13]

Plaintiffs refused to disclose the identity of Mr. McGuffin's current employer because the Defendants have used this lawsuit to interfere with Mr. McGuffin's employment in the past. After Mr. McGuffin disclosed the name of his prior employer (Legends), Defendants subpoenaed from Legends a list of every female employee and their contact information.[14] Defendants then deposed six current and former employees of Legends, demanded that one of those former

---

[10] *Id.*

[11] *Cf.* Email from Robert Franz to Andrew Lauersdorf, dated March 13, 2024 (Exhibit 2 to Puracal Decl.).

[12] *See id.*

[13] *Id.* (emphasis added).

[14] Defendants' Subpoena Duces Tecum to Fisher Golf Club at p. 6 (Exhibit 5 to Puracal Decl.).

Page 5– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

employees produce his personal cell phone to be searched by the Defendants, and demanded that Legends produce its video surveillance camera for inspection.[15]  Even after Legends hired an attorney, counsel for Defendant City of Coquille informed Legends employees that he intended to show up at the restaurant unannounced.[16]

Mr. McGuffin lost his job at Legends in March 2023.  He has, since then, kept the name of his current employer private from even his friends and former co-workers to prevent the Defendants from harassing his new employer and jeopardizing his ability to maintain employment.[17]

Discovery of the name and address of Mr. McGuffin's current employer is not proportional to the needs of this case, especially given Defendants' history of excessive, irrelevant, and unnecessarily expensive discovery into Mr. McGuffin's previous employer.  The name and address of Mr. McGuffin's current employer has very little, if any, bearing on resolving the claims or defenses at issue in this litigation, and the burden to Mr. McGuffin and his employer of disclosing this information, including the impact on his employment and potentially the loss of his job, outweighs any potential benefit of the discovery.

To safeguard Mr. McGuffin's ability to work, while also complying with his discovery obligations, Plaintiffs propose to produce a redacted copy of his 2023 income tax records.  The Court should deny the second motion to compel as moot.  The Court should further protect the identity of Mr. McGuffin's current employer to prevent harassment by the Defendants.

///

///

///

---

[15] Puracal Decl. ¶ 7.  *See also* Deposition of Robert Wallace at 21:9–19 (Exhibit 4 to Puracal Decl.); Deposition of Jacob Shafer at 20:24–21:11 (Exhibit 3 to Puracal Decl.).
[16] Deposition of Jacob Shafer at 99:17–18 (Exhibit 3 to Puracal Decl.) (By Robert Franz: "So I'm going to come out there and have lunch one of these days so I'll see how it's set up.").
[17] *See, e.g.*, Deposition of Robert Wallace at 21:20–22:18 (Exhibit 4 to Puracal Decl.); Deposition of Jacob Shafer at 25:7–25 (Exhibit 3 to Puracal Decl.).

Page 6– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## IV.  CONCLUSION

Based upon the foregoing, Plaintiffs request the Court deny Defendant City of Coquille's second motion to compel.  Plaintiffs further request the Court protect the identity of Mr. McGuffin's current employer.

DATED:  July 10, 2024

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail:  david@loevy.com<br>    *Pro hac vice* |

Page 7– PLAINTIFFS' RESPONSE TO SECOND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF COQUILLE'S SECOND MOTION TO COMPEL was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon State*<br>   *Police, John Riddle, Susan Hormann,*<br>   *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br>   *Attorneys for Defendant Richard*<br>   *Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417