## SETTLEMENT AGREEMENT, RELEASE OF CLAIMS,
## AND COVENANT NOT TO SUE OR EXECUTE

The following actions are currently pending between the parties to this Settlement Agreement, Release of Claims, and Covenant Not To Sue or Execute:

- *Nicholas James McGuffin, as an individual and as guardian ad litem, on behalf of S.M., a minor, v. Mark Dannels et al.*, U.S. District Court Case Number 6:20-cv-01163-MTK, alleging non-economic loss and other damages and costs arising out of personal physical injury or sickness;

- *Nicholas James McGuffin, as an individual and as guardian ad litem, on behalf of S.M., a minor, v. Oregon State Police*, U.S. District Court Case Number 3:21-CV-01719-MTK, alleging non-economic loss and other damages and costs arising out of personal physical injury or sickness;

- *Nicholas James McGuffin, as an individual and as guardian ad litem, on behalf of S.M., a minor, v. Mark Dannels et al.*, U.S. Court of Appeals for the Ninth Circuit Case Number 25-2585, an interlocutory appeal of a preliminary ruling by the Court in Case Nos. 6:20-cv-01163-MTK and 3:21-CV-01719-MTK.

- *Nicholas James McGuffin v. State of Oregon*, Marion County Circuit Case Number 24CV13278.

The two actions in United States District Court have been consolidated and will be described collectively herein as "the federal actions." The action in the Ninth Circuit Court of Appeals will be described herein as "the appeal." The action in Marion County Circuit Court will be described herein as "the Marion County action." Collectively, these actions will be described herein as "the Actions."

Nicholas James McGuffin and S.M. (collectively, "Plaintiffs") are represented in the Actions by Janis C. Puracal, Andrew C. Lauersdorf, and David B. Owens. Kathy Wilcox, Mary

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 1 of 11**

Krings, John Riddle, Susan Hormann, and the Oregon State Police are among the defendants in the federal actions. The State of Oregon is the defendant/respondent in the Marion County action. Hormann, Krings, Riddle, Wilcox, the Oregon State Police, and the State of Oregon will be referred to collectively herein as "the State Defendants." Hormann, Krings, Riddle, and Wilcox will be referred to collectively herein as "the individual State Defendants." The State Defendants are represented by Assistant Attorneys General Jesse B. Davis and Kristen E. Hoffmeyer. The parties to this Agreement, Nicholas James McGuffin, S.M., and the State Defendants (collectively, "the Parties"). The Parties have agreed to settle the Actions for the consideration set forth in this Settlement Agreement, Release of Claims, and Covenant Not To Sue or Execute ("Agreement").

The terms of this Agreement are as follows:

1. **Effective Date:** This Agreement is effective on the date it is fully executed by all of the Parties to it and the Court in the federal actions has approved it.

2. **Settlement Payment:** As consideration for Plaintiffs' Release of Claims and Covenant Not to Sue or Execute, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay the total sum of nine million dollars ($9,000,000.00) ("settlement payment"), payable in three cash installments as specified in Exhibit A. The three installment payments shall be made by September __, 2025, consistent with the terms of Exhibit A. The Parties agree to execute such documents as may be reasonably necessary to effectuate the installment payments. An IRS Form 1099 will be issued for each year in which any portion of the settlement payment is made to any person or entity as specified in Exhibit A.

3. **Dismissal of Appeal:** Upon execution of this Agreement, State Defendants shall dismiss the appeal no later than September __, 2025.

4. **Resolution of the Marion County case:** The Parties agreed that Nicholas James McGuffin could continue to pursue the Marion County case solely for the purpose of obtaining

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 2 of 11**

relief in the form of a certificate of innocence pursuant to ORS 30.657(12)(a) and an order setting aside and sealing the conviction and arrest records pursuant to ORS 30.657(12)(b), and the Parties further agree that such relief was obtained.

**5.    Plaintiffs' Release of Claims:**   In consideration for the above settlement payment on the specified terms and the relief obtained in the Marion County action described above, Plaintiffs, individually and on behalf of any heirs, executors, administrators, successors, assigns, and agents, agree to release, acquit, and forever discharge the State Defendants and all those in interest with them, including the State of Oregon and all of its agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers, as well as the individual State Defendants and their heirs, executors, administrators, successors, assigns, and agents  (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in the Actions or that exist or may exist against the Released Parties as of the Effective Date of this Agreement, except as described in paragraph 4 above.  The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties, including the Oregon Department of Justice and Risk Management, arising from the negotiation or execution of this Agreement.

The Release specifically includes, but is not limited to, claims for:

5.1. Damages, such as past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage;

5.2. Any form of equitable relief, including injunctions or declaratory judgments;

5.3. Any type of litigation expenses, such as attorney fees, expert witness fees, costs, and disbursements;

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal
Page 3 of 11**

5.4. Any form of relief for claims arising from alleged negligent, grossly negligent, or intentional acts or omissions;

5.5. Except as described in paragraph 4 above, any form of recovery, payment, service, or action contemplated by or made available pursuant to ORS 30.657 or any amendment to ORS 30.657 enacted after the effective date of this Agreement, including but not limited to:

(a) statutory compensation or damages pursuant to ORS 30.657(5);

(b) an award of attorney fees, costs, and disbursements pursuant to ORS 30.657(7)(a);

(c) reimbursement for restitution, assessments, fees, court costs and all other sums paid by Plaintiffs pursuant to ORS 30.657(7)(b); and

(d) an award of access to existing state, local, or other programs providing services pursuant to ORS 30.657(7)(c), although this Agreement does not prevent Plaintiffs from engaging or obtaining such services if otherwise qualified under applicable law.

5.6. Any other form of relief for claims of deprivation of rights under state or federal law.

The Release expressly excludes any and all claims alleged by Plaintiffs in the federal actions against any of the following:

5.7  Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, the Estate of David E. Hall;

5.8  The Vidocq Society;

5.9  the City of Coquille;

5.10  the City of Coos Bay; or

5.11  Coos County.

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 4 of 11**

6.      **Plaintiffs Covenant Not to Sue or Execute**: This Agreement is executed by the Parties hereto pursuant to the provisions of ORS 31.815 as a covenant not to sue or execute. Specifically, the federal actions will be dismissed in their entirety as against the Released Parties, and Plaintiffs will never again institute any Released Claim against any of the Released Parties. Plaintiffs will not enforce against any of the Released Parties any judgment they may obtain in the federal actions or any judgment that they may obtain based on any other claim, demand, or cause of action, whether known or unknown, under any legal, equitable, or other theory of recovery, that was raised or could have been raised in the Actions or that exists or may exist against any party in the federal actions as of the Effective Date of this Agreement. This Agreement is not intended to provide any benefit or advantage to any of the persons or entities identified in paragraphs 5.7 through 5.11 above, and Plaintiffs expressly reserve all rights in this regard.

7.      **Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

8.      **Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

9.      **Plaintiff is Responsible for all Subrogation and Liens:** Plaintiffs acknowledge that all subrogation and lien claims arising out of contract or under state or federal law including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security, are the sole and separate obligation of Plaintiffs which Plaintiffs agree to pay or otherwise resolve.

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 5 of 11**

Plaintiffs will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**10.    Medicare Disclaimer and Waiver:**  By signing below, plaintiffs declare under penalty of perjury that: (1) plaintiffs are not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare.  Plaintiffs waive, release, and forever discharge Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and Plaintiffs shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b).  Plaintiffs further understand this settlement may impact, limit or preclude plaintiffs' right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**11.    No Tax Representations:**  No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party.  **The Released Parties, as part of their reporting requirements, may communicate with the IRS, including submitting IRS form 1099.  The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.  Plaintiffs are solely responsible for the tax consequences of settlement payment and Plaintiffs agree not to hold the Released Parties responsible for taxes due.**

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 6 of 11**

12.    **Entire Agreement:**  This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement.  There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.

13.    **No Admission of Fault or Future Precedent:**  This Agreement is entered into solely for the purpose of settlement to avoid the burden and expense of litigation.  The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties.  This Agreement does not establish a precedent in the settlement of any current or future grievance or other dispute among the Parties, and shall not be admissible as evidence in any future court, administrative or arbitration proceeding except in a proceeding brought to enforce the terms of this Agreement.  In the event any Plaintiff pursues a claim released, waived, or discharged pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

14.    **No Waiver:**  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

15.    **Invalidity:**  This Agreement does not waive any right that may not legally be waived.  If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

16.    **Binding Agreement and Ownership of Claims:**  This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest,

Page 7 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

Exhibit 1 to the Declaration of Janis C. Puracal
Page 7 of 11

insurers and assigns.  The Parties represent and acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

17.    **Acknowledgment of the Terms of the Agreement:**  By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understand the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement.  Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement voluntarily.  Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

18.    **Judgment of Dismissal with Prejudice:**  The Parties agree to the entry of a limited judgment dismissing the State Defendants from the federal actions with prejudice and without attorney fees, costs, or disbursements to any party.  Counsel for Plaintiffs shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  The Parties agree to execute these documents and any further documents and take any further actions as may be reasonable and necessary in order to carry out the purpose and intent of this Agreement.

19.    **Waiver of Rule of Construction Against Drafter:**  This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

20.    **Counterparts:**  This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

///

Page 8 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

Exhibit 1 to the Declaration of Janis C. Puracal
Page 8 of 11

**IT IS SO AGREED TO BY THE PARTIES:**

_____        DATED this _____ day of September, 2025.
**NICHOLAS JAMES MCGUFFIN**
Plaintiff

     Subscribed and sworn to before me this _____ day of September, 2025, in the State of

Oregon, County of _____.


                                               _____
                                             Notary Public for Oregon
                                             My commission expires:_____


_____        DATED this _____ day of September, 2025.
**NICHOLAS JAMES MCGUFFIN**
As _Guardian Ad Litem_ for Plaintiff S.M.

     Subscribed and sworn to before me this _____ day of September, 2025, in the State of

Oregon, County of _____.


                                             _____
                                             Notary Public for Oregon
                                             My commission expires:_____

///

///

///

///

///

///

///

Page 9 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

                                           992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 9 of 11**

_____    DATED this _____ day of September, 2025.
**ANDY HEIDER, MAJOR**
**OREGON STATE POLICE**
On behalf of Defendant Oregon State Police


_____    DATED this _____ day of September, 2025.
**BEN GUTMAN**
**INTERIM DEPUTY ATTORNEY GENERAL**
Oregon Department of Justice
On behalf of Respondent State of Oregon


_____    DATED this _____ day of September, 2025.
**SUSAN HORMANN**
Defendant


_____    DATED this _____ day of September, 2025.
**MARY KRINGS**
Defendant


_____    DATED this _____ day of September, 2025.
**JOHN RIDDLE**
Defendant


_____    DATED this _____ day of September, 2025.
**KATHY WILCOX**
Defendant

///

///

Page 10 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal**
**Page 10 of 11**

**APPROVED AS TO FORM:**

_____          DATED this _____ day of September, 2025.
**JANIS C. PURACAL**, OSB #132288
**ANDREW C. LAUERSDORF**, OSB # 980739
**DAVID B. OWENS**, WSB # 53856
Attorneys for Plaintiffs



_____          DATED this _____ day of September, 2025
**JESSE B. DAVIS**, OSB #052290
Senior Assistant Attorney General
Of Attorneys for Defendant State of Oregon

Page 11 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

992108725/JBD/ce1

**Exhibit 1 to the Declaration of Janis C. Puracal
Page 11 of 11**