**Robert E. Franz, Jr.**     OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
Franz & Henderson
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, Estate of David E. Hall, City of Coquille, City of Coos Bay, and Coos County, Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Estate of Dave Hall, Vidocq Society, City of Coquille, City of Coos Bay, Coos County, and Oregon State Police,<br><br>    Defendants. | Case No. 6:20-cv-01163-MTK<br><br>**Declaration of Christopher Webley** |

I, Christopher Webley, hereby declare under penalty of perjury as follows:

I am currently 57 years of age. I make this declaration based on my personal knowledge of the facts contained herein.

I am one of the named Defendants in the above-entitled matter. I currently work as a parole and probation officer for Coos County Community Corrections, a position I have held since 2012. Prior to that, I was employed by the Coquille Police Department, having started there in 2006. A copy of my law enforcement transcript is attached hereto as Exhibit A.

In addition, I have an Associate of Arts Degree from Lane Community College, a Bachelor of Science Degree from the University of Oregon, and a Master of Science Degree from the University of Oregon.

I had no involvement with the Leah Freeman case prior to 2008. And, at no time did I ask that the case be presented to the District Attorney's Office for the prosecution of anyone. When the case became active again, I was assigned to do different tasks, such as interview people, which I did. I was partnered with Officer McNeely, so nearly all my work on the investigation was done in conjunction with him as I documented in my reports. Examples of my involvement are contained in Exhibit 5026, Binder 6: CPD015804 to CPD015814; Binder 7: CPD016550 to CPD016589. I also testified at grand jury in 2010. That testimony was truthful. I did not testify at the criminal trial.

On occasion, Paul Frasier would ask for documents, which I provided. Paul Frasier was never denied any documents he asked for. At no time did I ever withhold any reports from Paul Frasier or fail to provide to him reports or copies of reports upon his request. Paul Frasier had full access to all my reports and all evidence in the possession of the Coquille Police Department; and at any time, he could have come to the Coquille Police Department and inspected any evidence or police reports and documents related to the investigation. His office was located in

Page 2 of 7 – Declaration of Christopher Webley

the City of Coquille. I do not know of any reports that he was denied access so that he could review or make copies.

I have never arrested Mr. McGuffin for any crime, violation, or matter relating to Leah Freeman; and I never made any decisions related to the arrest of Nick McGuffin relating to Leah Freeman.

I have never prosecuted Mr. McGuffin for any crime, violation, or matter relating to Leah Freeman; I have never initiated any prosecution of Mr. McGuffin for any crime, violation, or matter relating to Leah Freeman; I have never continued any prosecution of Mr. McGuffin for any crime, violation, or matter relating to Leah Freeman; I have never insisted on the institution or continuation of any criminal proceedings relating to Leah Freeman against Nick McGuffin; and I have never made any decisions relating to the prosecution, initiation, or continuation of the prosecution of Mr. McGuffin for any crime, violation, or matter relating to Leah Freeman.

I have never given any false testimony or false information in any matter relating to Leah Freeman or Mr. McGuffin. I have never tried to have any person give false testimony or false information in any matter relating to Leah Freeman or Mr. McGuffin.

I have never fabricated any evidence in any proceeding, investigation, or prosecution involving Mr. McGuffin and/or Leah Freeman. I have never tried to get any person to fabricate any evidence in any proceeding, investigation, or prosecution involving Mr. McGuffin and/or Leah Freeman.

I have never destroyed any evidence in any proceeding, investigation, or prosecution involving Mr. McGuffin and/or Leah Freeman. I have never tried to get any person to destroy any evidence in any proceeding, investigation, or prosecution involving Mr. McGuffin and/or Leah Freeman.

I never made any attempts to coerce a false confession from anyone, including Mr. McGuffin. I did nothing in the investigation of the murder of Leah Freeman to dissuade or prohibit any witness from testifying and giving evidence about his knowledge of the facts relating to Mr. McGuffin and/or Leah Freeman.

At no time did I fabricate police reports of my interactions or the interactions of anyone else with McGuffin; nor did I suppress, tamper with, or destroy any evidence relating to the murder of Leah Freeman; nor did I suppress evidence of any misconduct by any law enforcement officers on any topic; nor did I destroy a videotape from the US Bank on North Central; nor did I suppress DNA evidence found on Freeman's shoes.

I never fabricated any evidence relating to the criminal case and proceedings involving Nick McGuffin, and I never attempted to fabricate any evidence relating to the criminal case and proceedings involving Nick McGuffin. I never destroyed any evidence relating to the criminal case and proceedings involving Nick McGuffin, and I never attempted to destroy any evidence relating to the criminal case and proceedings involving Nick McGuffin. I never tampered with any evidence relating to the criminal case and proceedings involving Nick McGuffin, and I never attempted to tamper with any evidence relating to the criminal case and proceedings involving Nick McGuffin. I never coerced any witnesses into giving false testimony for or against Nick McGuffin relating to the criminal case and proceedings involving Nick McGuffin; and I never attempted to coerce any witnesses into giving false testimony for or against Nick McGuffin relating to the criminal case and proceedings involving Nick McGuffin. I never suppressed any evidence relating to the criminal case and proceedings involving Nick McGuffin, and I never attempted to suppress any evidence relating to the criminal case and proceedings involving Nick McGuffin.

At no time did I ever fail to disclose any exculpatory information related to the investigation and/or prosecution of Nick McGuffin to Paul Frasier. I did not hide, conceal, destroy, withhold, or fail to disclose any exculpatory information or evidence to Paul Frasier, nor did I suppress any exculpatory evidence or information at any time. Paul Frasier had full access to all the documents, information, reports, notes, and evidence in the custody of the Coquille Police Department to read or copy at any time.

Nor did I ever destroy any exculpatory information or evidence related to the investigation and prosecution of Nick McGuffin. At no time did I ever see any violations of the constitutional rights of Nick McGuffin; thus, there was never a need for me to intervene in order to prevent any constitutional violations of the rights of Nick McGuffin. And, at no time have I ever participated in any type of a conspiracy against Nick McGuffin for any purpose on any matter.

I had no involvement in any decision to submit the Freeman matter to the Grand Jury and I had no involvement in making the decision of the Grand Jury to return a true bill.

I never arrested Mr. McGuffin at any time with regards to the warrant issued for his arrest relating to the murder of Leah Freeman; and I have never served any warrants on Mr. McGuffin at any time. I had no involvement in the decision to issue the arrest warrant for Nicholas McGuffin as set forth in Exhibit 5058 at 5. The warrant was issued by a circuit court judge for Coos County, and I never appeared before that Judge for the purpose of obtaining a warrant for the arrest of Nicholas McGuffin.

At no time have I ever confined or imprisoned Mr. McGuffin, nor have I ever participated in any confinement or imprisonment of Mr. McGuffin with regards to the Leah Freeman matter. A no time have I ever seized Mr. McGuffin, nor have I ever participated in any seizure of Mr. McGuffin with regards to the

Page 5 of 7 – Declaration of Christopher Webley

Leah Freeman matter. I did not serve the arrest warrant on Mr. McGuffin; nor did I participate in the service of the arrest warrant on Mr. McGuffin. Mr. McGuffin was commanded to be arrested by a Coos County Circuit Court Judge, not by me.

As to Plaintiff S.M., I have never talked to S.M., and I have never done anything to interfere in the relationship between S.M. and Mr. McGuffin. I have never taken custody of S.M. I have never talked to any child of Mr. McGuffin; nor have I ever had any type of contact with any child of Mr. McGuffin. Further, I have never done anything to interfere with any relationship that Mr. McGuffin had or has with any of his children.

The investigation done by me and the other police officers from the City of Coquille was not negligent or reckless. It was very good.

The allegations made in this lawsuit in the complaints filed in this Court against the City of Coquille and its police officers are false and not true, including each and every allegation made against me.

The allegations made in this lawsuit in the complaints filed in this Court against the City of Coquille and its police officers that the City of Coquille and its officers somehow persuaded witnesses to testify falsely or that there was an attempt to falsely implicate McGuffin can be heard to be untrue just by listening to the recordings of the various witnesses who were interviewed by the City of Coquille Police Officers; and by listening and viewing the video recording of the witnesses who testified at all of the Grand Jury proceedings; and by listening to the trial testimony of the witnesses that testified. A review of all the proceedings and exhibits will illustrate what a good investigation was conducted by the City of Coquille and its officers in this case. Further, Mr. McGuffin could have testified at either Grand Jury and/or he could have testified at his own criminal trial to deny any of the statements made by any witness, including any statements made by any police officer, but he did not. See Exhibits 5059, 5001, 5002, 5003.

Page 6 of 7 – Declaration of Christopher Webley

PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

/s/ Christopher Webley					January 9, 2025
Christopher Webley					Date