Anthony R. Scisciani III, OSB No. 070013
Meredith A. Sawyer, *pro hac vice*
Lisa Lear, OSB No. 852672
Kelsey L. Shewbert, OSB No. 221063
HWS LAW GROUP
101 SW Main Street, Suite 1605
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
ascisciani@hwslawgroup.com
msawyer@hwslawgroup.com
llear@hwslawgroup.com
kshewbert@hwslawgroup.com
*Attorneys for Defendant Vidocq Society*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,<br><br>　　　　　　　Plaintiffs,<br><br>　V.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>　　　　　　　Defendants. | Civil Case No. 6:20-CV-01163-MTK (Lead Case)<br><br>DEFENDANT VIDOCQ SOCIETY'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A COMBINED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

VIDOCQ SOCIETY,

        Cross-Claimant.

v.

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY.

        Cross Defendants

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

        Plaintiffs,

v.

OREGON STATE POLICE,

        Defendant.

Civil Case No. 3:21-cv-01719-MTK (Trailing Case)

## I. ABSENCE OF RULE 7-1 CERTIFICATE OF COMPLIANCE

LCR 7-1(A) requires that prior to filing a motion the parties make a good faith effort to confer through personal or telephone conference to resolve the dispute. Contrary to representations made in Plaintiffs' moving brief, this did not occur. Plaintiffs' counsel sent an email to all defense counsel on January 28, 2025, stating their intention to file a motion seeking leave to file a combined response to the defendants' individual motions for summary judgment and asked defense counsel to advise if there was any objection. Counsel for Vidocq Society, Walter, and the Municipal Defendant each responded individually, opposing Plaintiffs'

proposed combined response brief. At no point did Plaintiffs' counsel contact Vidocq's counsel by telephone to confer regarding their planned motion nor did Vidocq's counsel have any missed calls from counsel. (Sawyer Decl. at ¶3). Plaintiffs' failure to have a telephone conference prior to filing their motion is contrary to LCR 7-1 and the motion should be denied.

## II.  RELIEF REQUESTED

Defendant Vidocq Society ("Vidocq") submits this Opposition to Plaintiffs' Motion for Leave to File a Combined Response to Defendants' Summary Judgment Motions on the grounds that at 200 page response brief is contrary to the Court's prior orders, offends the governing standards applicable to non-moving parties on summary judgment under Rule 56 as well as notions of due process, and is unworkable both with respect to ruling on the individual defendant's distinct motions and with respect to ensuring a proper record is created in the event of any appeal.

## III.   ARGUMENT AND AUTHORITY

Plaintiffs seek to file an "omnibus" brief that is 200 pages long, instead of filing a separate response to the four individual motions for summary judgment filed by defendants in this matter. The motion should be denied.

**A.  The Court's prior orders contemplated separate response briefs from Plaintiffs to each defendant's motion for summary judgment and compliance with the 50-page limitation.**

The Court has addressed the issue of page limits with respect to motions for summary judgment on two occasions and has ruled both times that motions and responses were limited to 50 pages. (*DKT Nos*. 256, 271). Vidocq has relied upon these orders. The Court's enforcement of these orders promotes fairness.

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 3

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

If the Court were to allow Plaintiffs to file a combined 200-page response brief Plaintiffs would be free to circumvent the 50-page limitation (per defendant group) in two ways. First, Plaintiffs would not have to use part of their page limits for their statement of facts section that is specific to each defendant group – and could avoid having to specifically identify what evidence they have with respect to the claims asserted against each individual defendant. Plaintiffs would then have far more pages available to use for legal argument – an advantage that none of the defendants have had. Plaintiffs have expressly acknowledged that this is their very intention. (*See*, Plf's motion at p. 4).

Second, Plaintiffs could target their arguments to certain defendants utilizing more than the 50 pages allowed for any particular defendant group, though still staying within the total 200-page limits. This too, would be contrary to the Court's order on page limitations and is inherently inequitable.

**B.     The standards applicable to summary judgment and due process considerations require Plaintiffs to respond separately to each of the defendants' motions.**

Throughout this case, Plaintiffs have lumped defendants together as one monolithic group, contending they all - to some degree - worked in concert to deprive McGuffin of his constitutional rights. Defendants have made numerous attempts to obtain clarity as to the claims being asserted against each defendant and the evidence Plaintiffs rely upon in support of those claims. Such efforts were made in the defendants' respective Motions to Dismiss under Rule 12(b) (*DKT Nos.49, 55, 57, 104, 105,106* ) and in Motions to Compel by Vidocq and the State defendants regarding insufficient discovery responses (*DKT Nos.* 252 at pp. 11-12 and 22; 252-1. 252-2).  Plaintiffs' current motion is a thinly veiled attempt to continue treating the claims against the 24 defendants as one group. If Plaintiffs are allowed to file a joint response,

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 4

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

the response will undoubtedly make blended factual assertions against the defendants as a group (or against various subsets of defendants), thereby confusing and conflating the claims and supporting evidence. This would clearly violate the non-moving party's burden of proof on summary judgment as well as the defendants' due process rights.[1]

The very purpose of summary judgment is to test the sufficiency of a plaintiff's evidence against the individual defendant sued. *E. P. Hinkel & Co., Inc. v. Manhattan Co.,* 506 F.2d 201, 205 (D.C. Cir. 1974); *Celotex Corp v. Catrett*, 477 US 317, 323 (1986). As the Supreme Court in *Celotex* stated:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, *but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.*

*Id.* at 327. (Emphasis added).

---

[1] A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000). In order to carry its burden of production, the moving party must either: produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Id.* In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. *Id.*

If, the moving party carries its burden of production, the burden shifts to the nonmoving party who must produce evidence to support its claim or defense. *Id.* at 1103. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment, citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 5

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

Accordingly, in order for Plaintiffs to survive Vidocq's Motion for Summary Judgment, they must produce actual evidence in support of their specific claims against Vidocq. This Court has previously explained that summary judgment is the appropriate procedural tool where Plaintiffs' evidence will be scrutinized with respect to each defendant.[2] Requiring Plaintiffs to provide an individual response to Vidocq's motion – separate from the motions filed by the other defendants – will ensure that Plaintiffs are held to the Rule 56 standards and are forced to clearly identify and produce specific evidence as to Vidocq individually to support their claims. In addition, insisting on an individual response to Vidocq's motion is essential to protect Vidocq's right to procedural due process in this matter.

Plaintiffs' goal, of course, is to continue treating the defendants as one entity and by mixing everyone and everything together, to ensure there is no clear way for any defendant to be dismissed. The fact of the matter is that Plaintiffs have a separate burden of proof against *each* defendant – and each defendant has its own right to procedural due process. Due process requires at a minimum: (1) notice; (2) an opportunity to be heard on the merits; and (3) an impartial tribunal. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Plaintiffs should not be allowed to circumvent the clear requirements of Rule 56 and the protections of procedural due process by filing a combined response brief.

C.  **Judicial economy is promoted by requiring Plaintiffs to file separate response briefs – not a combined "omnibus" brief.**

The very notion of an omnibus brief underscores the absurdity and unworkable nature of such a brief in this context. The word "omnibus" means "containing or including many

---

[2] See, *DKT #268* - Redacted Transcript of Proceedings, dated 8/27/24, at p.46:14-47:10; 90:2-92:22.

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 6

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

items." (See, *https://www.merriam-webster.com/dictionary/omnibus*). If Plaintiffs are allowed to combine their response into one "omnibus" brief, Plaintiffs should then be responsible for identifying which "items" - including which factual statements, which specific evidence, and which specific arguments - correspond to which specific "motion" filed by which individual defendant. That way, each defendant knows precisely which "item" is being applied to its particular motion – and the Court can track each "item" as it relates to each motion.

Given the need to track the factual assertions and arguments in a combined response brief, it is clear that a combined response will not make Court's job easier and will not foster a "clearer and more efficient presentation of the issues," as Plaintiffs suggest. Instead, it presents the Court with the unenviable task of trying to keep everything straight as to each of the motions, each of the defendants, each of the claims against each of the defendants, and all of the evidence that has been presented. That problem is further compounded when considering how the individual defendants would then address Plaintiffs' combined arguments in their respective reply briefs.

Moreover, Plaintiffs' argument that a combined brief "will reduce the need for the Court to spend time cross-referencing the facts and legal arguments between briefs" is absurd. (See, page 4). Assuming Plaintiffs file a separate response to each of the defendants' motions, the Court will *not* have to cross reference anything, including the facts and law from the *other* defendants' briefs and if the Court were to do so, this would be contrary to Rule 56. Instead, the Court can simply review the motion, response, reply, and supporting evidence to each of

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 7

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

the defendants' separate motions and make its ruling. It is a combined brief - not separate briefs - that would necessitate cross-referencing of facts and arguments.

To the extent the Court may face some potential repetition in Plaintiffs' individual response briefs, that possibility is far preferable than expecting the Court to tease out which facts and which supporting evidence is being used to respond to which defendant's motion. In sum, the Defendants' motions should be briefed and responded to separately by Plaintiffs so that the Court's consideration is given to all specific evidence that relates to each motion per Rule 56 and the linear process contemplated by that Rule.

**D.    A combined response brief will negatively affect any appeal.**

Finally, combining Plaintiffs' response into a single, 200 page brief will create chaos in the context of an appeal.  In the event a party seeks appellate review, the Court of Appeals will need to see – and judicial economy and due process again would be promoted by – a presentation of that which is relevant to each individual motion.  Again, while there may be some repetition in the briefing, the avoidance of repetition is not grounds for allowing Plaintiffs to circumvent the Court' prior orders, the standards governing summary judgment, due process considerations, and simple clarity.  Each defendant should be able to see a clear presentation of evidence and law by Plaintiffs that pertains to the claims against that defendant.

## IV.    CONCLUSION

For the reasons set forth above, Vidocq Society respectfully requests that Plaintiffs Motion for Leave to File a Combined Response to Defendants' Motions for Summary Judgment be denied.

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 8

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

## WORD COUNT CERTIFICATION

I certify that this memorandum contains 1,949 words, in compliance with the Local Civil Rules.

DATED this 4th day of February 2025.

                                       HWS LAW GROUP

                                       BY: */s/ Meredith A. Sawyer*
                                       Anthony R. Scisciani III, OSB No. 070013
                                       ascisciani@hwslawgroup.com
                                       Meredith A. Sawyer, *pro hac vice*
                                       msawyer@hwslawgroup.com
                                       Kelsey L. Shewbert, OSB No. 221063
                                       kshewbert@hwslawgroup.com
                                       Lisa Lear, OSB No. 852672
                                       llear@hwslawgroup.com
                                       Attorneys for Defendant Vidocq Society

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Oregon, that the following is true and correct:

I am employed by the law firm of HWS Law Group.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO / Plaintiffs**<br>Janis C. Puracal<br>Andrew C. Lauersdorf<br>Maloney Lauersdorf Reiner PC<br>1111 E. Burnside Street, Suite 300<br>Portland, OR 97214 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>jcp@mlrlegalteam.com<br>acl@mlrlegalteam.com<br>cv@mlrlegalteam.com<br>ms@mlrlegalteam.com |
| **CO / Plaintiffs**<br>David B. Owens, *Pro Hac Vice*<br>Loevy & Loevy<br>100 S. King Street, Suite 100<br>Seattle, WA 98104-2885 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>david@loevy.com |
| **CO / Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore and Shelly McInnes**<br>Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net |
| **CO / Defendants John Riddle, Susan Hormann, Mary Krings, Kathy Wilcox, and Oregon State Police**<br>Jesse B. Davis<br>Todd Marshall<br>Kristen Hoffmeyer<br>Oregon Department of Justice<br>100 SW Market Street | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>jesse.b.davis@doj.oregon.gov<br>todd.marshall@doj.oregon.gov<br>kristen.hoffmeyer@doj.oregon.gov<br>maureen.a.mccarthy@doj.oregon.gov |

DEF.VIDOCQ OPP. TO PLFs' MOTION
FOR LEAVE TO FILE COMBINED
RESPONSE TO DEFS' MOTIONS FOR SJ  -Page 10

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

| | |
|---|---|
| Portland, OR 97201 | jennifer.burdick@doj.oregon.gov |
| **CO / Defendant Richard Walter**<br>Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Suite 300<br>Eugene, OR 97401 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>edefreest@luvaascobb.com<br>KWorkman@luvaascobb.com |
| **CO / Defendant Richard Walter**<br>Laura E. Coffin<br>Coffin Law<br>541 Willamette St Ste 211<br>Eugene OR 97401<br>541-325-8080 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>lauracoffin@coffin.law |

DATED this 4th day of February, 2025.

*/s/ Caroline Bryant*
Caroline Bryant, Legal Assistant