David Zavala
December 20, 2021

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


NICHOLAS JAMES MCGUFFIN, as an    )
individual and as guardian ad    )
litem, on behalf of S.M., a      )  Civil No.
minor,                           )  6:20-cv-01163-MK
                                 )
                Plaintiffs,      )  VIDEOCONFERENCE
                                 )  DEPOSITION
        v.                       )
                                 )
MARK DANNELS, PAT DOWNING,       )
SUSAN HORMANN, MARY KRINGS,      )
KRIS KARCHER, SHELLY MCINNES,    )
RAYMOND MCNEELY, KIP OSWALD,     )
MICHAEL REAVES, JOHN RIDDLE,     )
SEAN SANBORN, ERIC               )
SCHWENNINGER, RICHARD WALTER,    )
CHRIS WEBLEY, ANTHONY WETMORE,   )
KATHY WILCOX, CRAIG ZANNI,       )
DAVID ZAVALA, ESTATE OF DAVE     )
HALL, VIDOCQ SOCIETY, CITY OF    )
COQUILLE, CITY OF COOS BAY,      )
COOS COUNTY, and OREGON STATE    )
POLICE,                          )
                                 )
                Defendants.      )
_____ )


DEPOSITION UPON ORAL EXAMINATION

OF DAVID ZAVALA

David Zavala
December 20, 2021

Page 2

1        BE IT REMEMBERED THAT, pursuant to the Oregon Rules of

2    Civil Procedure, the deposition of DAVID ZAVALA, an

3    adverse-party witness, was taken remotely via videoconference

4    on behalf of the Plaintiffs, before JEAN M. KOSTNER, a

5    Certified Court Reporter for Oregon, on Monday, the 20th day of

6    December, 2021, at the hour of 9:00 a.m., in the State of

7    Oregon.

Page 4

1    ALSO PRESENT:

2        Nick McGuffin

3

    REPORTED BY:

4

    Jean M. Kostner, CSR #90-0051

5        Subcontractor for:

    US LEGAL SUPPORT

Page 3

1                    APPEARANCES
2
     ON BEHALF OF THE PLAINTIFFS:
3
         Andrew C. Lauersdorf, OSB #980739
4        Janis C. Puracal, OSB #132288
         Christine A. Webb, OSB #184744
5        MALONEY LAUERSDORF, REINER, PC
         1111 East Burnside Street, Suite 300
6        Portland, Oregon  97214
         (503 245-1518
7        acl@mlrlegalteam.com
         jcp@mlrlegalteam.com
8        caw@mlrlegalteam.com
9    ON BEHALF OF THE DEFENDANTS:
10       Sarah R. Henderson
         LAW OFFICE OF ROBERT E. FRANZ, JR.
11       Post Office Box 62
         Springfield, Oregon  97477
12       (541) 741-8220
         shenderson@franzlaw.comcastbiz.net
13        (Representing City of Coquille, City of Coos Bay,
          Coos County, Craig Zanni, Chris Webley, Eric
14        Schwenninger, Sean Sanborn, Ray McNeely, Kris
          Karcher, Pat Downing, Mark Dannels, Kip Oswald,
15        Michael Reaves, David Zavala, Anthony Wetmore,
          Shelly D. McInnes)
16
     Jesse B. Davis
17   OREGON DEPARTMENT OF JUSTICE
     100 Southwest Market Street
18   Portland, Oregon  97201
     (503) 947-4700
19   jesse.b.davis@doj.state.or.us
      (Representing Oregon State Police, John Riddle,
20    Susan Hormann, Mary Krings, Kathy Wilcox)
21   Amanda Rockett
     WOOD SMITH HENNING & BERMAN LLP
22   12755 Southwest 69th Avenue, Suite 100
     Portland, Oregon  97223
23   (971) 256-4023
     arockett@wshblaw.com
24    (Representing Vidocq Society and Richard Walter)
25

Page 5

1                  INDEX OF TESTIMONY
2
3    WITNESS                                    PAGE
4        DAVID ZAVALA
5            Examination by Mr. Lauersdorf . . . . . . .    7
6
7
8
9
10
11
12
13
14            REQUESTS FOR INFORMATION
15
     Information Requested by Mr. Lauersdorf:      PAGE    LINE
16
17       Reports reviewed prior to depositions       17      19
18
19
20
21
22
23
24
25

Exhibit 56, Page 2 of 5

David Zavala
December 20, 2021

Page 6

1                    INDEX OF EXHIBITS
2
   DEPOSITION
3  EXHIBIT NO.          DESCRIPTION          IDENTIFIED
4
5  EXH 1    Coquille Police Department Incident
            Report, No. 00001911, 06/29/00  (4 pages)    45
6
   EXH 2    Coquille Police Department Supplemental
7           Report, No. 00001905, 06/29/00  (5 pages)    46
8  EXH 3    Coquille Police Department Supplemental
            Report, No. 00001905, 06/29/00 (3 pages)     50
9
   EXH 11   Emails, 06/11/10                             75
10
   EXH 13   David Zavala Grand Jury Testimony            79
11          (11 pages)
12 EXH 15   Police Notebook (151 pages)                  97
13 EXH 16   Map of Coquille Loop                         88
14 EXH 17   Map of Pishtrap Road, Turnaround             88
15
16
17
18
19
20
21
22
23
24
25

Page 7

1                    DAVID ZAVALA,
2  called as a witness on behalf of the Plaintiffs, having been
3  first duly sworn to tell the truth, the whole truth, and
4  nothing but the truth, was examined and testified as follows:
5           THE WITNESS: Yes, I do.
6                    EXAMINATION
7  BY MR. LAUERSDORF:
8       Q.   Officer Zavala, my name is Andy Lauersdorf.  You
9  and I have never met before.  Is that right?
10      A.   Yes.
11      Q.   Are you having trouble hearing me?
12      A.   I was just going to turn it up just a little bit.
13      Q.   Okay.
14      A.   All right.
15           MS. HENDERSON:  Oh, that's --
16      A.   That's about it.  Okay.
17           MS. HENDERSON:  I'm going to make this a little
18 bigger so we can see better.
19 BY MR. LAUERSDORF:
20      Q.   You understand that I'm an attorney.  Correct?
21      A.   Yes.
22      Q.   And you understand that I represent the plaintiffs
23 in this matter, Mr. McGuffin and his daughter.  This matter is
24 a lawsuit filed against a number of defendants, including
25 yourself.  Right?

Page 8

1       A.   Yes.
2       Q.   Can you please state your name as given at birth.
3       A.   David Zavala.
4       Q.   Do you have a middle name at all?
5       A.   No middle name.
6       Q.   I noticed that in your -- somewhere in your
7  background the name David Calvin Zavala comes up.  Have you
8  ever used the name Calvin for any reason?
9       A.   No.
10      Q.   What's your place and date of birth?
11      A.   My place and date of birth?
12      Q.   Yes.
13      A.   Salem, Oregon.  February 4th, 1971.
14      Q.   And what's your current address?  Business address.
15      A.   My business address, 930 Chemawa Road, Northeast,
16 Keizer, Oregon.
17           COURT REPORTER:  930 -- what's the road?
18      A.   Chemawa, C-H-E-M-A-W-A, Road, Northeast, and that's
19 in Keizer, Oregon.
20 BY MR. LAUERSDORF:
21      Q.   And that's Keizer, K-E-I-Z-E-R.  Right?
22      A.   Yes.
23      Q.   Who is your current employer?
24      A.   City of Keizer.
25      Q.   Is that Keizer PD?

Page 9

1       A.   Yes.
2       Q.   When did you start with Keizer Police Department?
3       A.   October of 2000.
4       Q.   And what's your current title?
5       A.   Police officer.
6       Q.   Are you still a school resource officer?
7       A.   I am not.
8       Q.   Have you attained a rank beyond a standard officer?
9  Sergeant, lieutenant, captain, anything like that?  Detective?
10      A.   Well, I guess I'd question detective as being a
11 rank.
12      Q.   Well, any title beyond police officer.
13      A.   I would say no.  I say that because the position
14 I'm currently in from our agency, we are not documented as or
15 considered detectives due to our agree- -- shoot, I just drew a
16 blank -- based on our contract, but other agencies consider us
17 detectives because of the work that we do.
18      Q.   Okay.  But you haven't achieved the rank of
19 sergeant or lieutenant or captain, anything like that?
20      A.   That is correct.  I have not.
21      Q.   Okay.  And what's your DPSST number?
22      A.   37549.
23      Q.   Okay.  You're here today to be deposed.  Do you
24 understand that?
25      A.   Yes.

Exhibit 56, Page 3 of 5

David Zavala
December 20, 2021

Page 34

1    Q.   And so Coquille PD didn't have any kind of policy
2  about you having to write up your reports as soon as possible
3  or the next day or whatever after an encounter?
4    A.   Not that I can recall, that there was a policy for
5  that, to give us a timeline.
6    Q.   Okay.  So from their perspective, it was when you
7  got to it, you got to it?
8    A.   That was something you would have to ask them.
9    Q.   Okay.  And then, if an investigation that you were
10  involved in resulted in a suspect being charged or indicted,
11  what were you supposed to do with your reports and notebooks at
12  that point?
13    A.   If they were charged and indicted?
14    Q.   Charged or indicted.
15    A.   So I guess I'm not understanding the question.
16  Because you --
17    Q.   But you understand that a person can be charged on
18  an information.  Right?  A person can be charged with a crime
19  and tried without being indicted.  Right?
20    A.   Correct.  I understand that.
21    Q.   So when a suspect is either charged with a crime
22  and being prosecuted, or indicted and being prosecuted, at that
23  point what was your -- what were you supposed to do with your
24  notebooks and police reports?
25    A.   Well, with the police report, once we complete it,

Page 35

1  it gets sent to the supervisor to approve it.
2    Q.   Okay.
3    A.   At that point, I would assume that they are the
4  ones that route it.  Our records department would route it to
5  the DA's office, so the DA's office would have that report.
6    Q.   Okay.  So you don't have any role in making sure
7  that the DA would get your reports?
8    A.   No.
9    Q.   Did you have any role in making sure that the DA
10  would get your notebooks?
11    A.   No.
12    Q.   In the time you were employed with the Coquille
13  Police Department, did they provide you with any in-house
14  training on evaluating witness credibility?
15    A.   That, I do not recall.
16    Q.   Did they provide you with any in-house training on
17  documenting a crime scene?
18    A.   That, I do not recall.
19    Q.   Did they provide you with any in-house training on
20  collecting and preserving evidence?
21    A.   That, I do not recall.
22    Q.   During your time with Coquille Police Department,
23  did they provide you with any in-house training on what are
24  commonly referred to as "Brady obligations"?
25    A.   That, I do not recall.

Page 36

1    Q.   Do you know what a Brady obligation is?
2    A.   I'm familiar with the term of being "bradied."  I
3  had not heard that term until recently here where I work at the
4  Keizer Police Department.
5    Q.   Okay.  What does "being bradied" mean to you?
6    A.   To me it means that we, as an officer, are not
7  found to be credible and that we will not be able to give
8  testimony in a criminal nature.
9    Q.   Okay.  Did anyone at Coquille ever provide you any
10  training with your obligations to turn over evidence to a
11  criminal defendant?
12    A.   That, I don't recall.
13    Q.   While you were employed with Coquille Police
14  Department, did Coquille Police Department provide you any
15  training on protecting a suspect's constitutional rights?
16    A.   That, I don't recall.
17    Q.   Were you assigned a mentor when you started at the
18  Coquille PD?  Or just the FTO?
19    A.   Just the FTO.
20    Q.   And how long did you have to work with the FTO?
21  How long was your field training?
22    A.   From the time that I started employment there until
23  the time that I completed my FTEP manual, which I think you
24  alluded to was in May of -- May of '99.
25    Q.   Okay.  So at that point you would have been on your

Page 37

1  own?
2    A.   Correct.
3    Q.   And what was the chain of command at Coquille PD
4  when you started?  Who was your direct report?
5    A.   Depending on which shift I was working, because
6  there's times that I would work by myself; there's other times
7  that I would work during the daytime, and you would have a
8  lieutenant there, you may have a sergeant there, and you also
9  had the police chief there.
10    Q.   Who was responsible for reviewing your reports?
11    A.   I don't know if anybody one -- if one person was
12  responsible.  I know I didn't review them, so I don't know
13  who -- you would have to ask them who was ultimately
14  responsible.
15    Q.   Okay.  Well, who do you recall reviewing any of
16  your reports?
17    A.   Chief Reaves.
18    Q.   Okay.  Anyone else?
19    A.   No.
20    Q.   And what were your job responsibilities once
21  you're -- once you completed your FTEP manual?  Just standard
22  patrol officer?
23    A.   Yes.
24    Q.   So what kind of cases did you handle then at the
25  outset?

Exhibit 56, Page 4 of 5

David Zavala
December 20, 2021

Page 118

1  BY MR. LAUERSDORF:

2      Q.  Okay.  Are you familiar with the ABC News program

3  20/20?

4      A.  Yes.

5      Q.  Have you ever seen the episode that aired on

6  October 15th, 2010, about the disappearance of Ms. Freeman?

7      A.  No.

8      Q.  Never?

9      A.  No.

10         MR. LAUERSDORF:  All right.  Let's take a -- what

11  have we got?  12:04?  Let's take six minutes.  I just want to

12  go over my notes, and then I think we can probably wrap it up.

13  Okay?

14         MS. HENDERSON:  Okay.

15         (Recess taken from 12:04 p.m. to 12:10 p.m.)

16         MR. LAUERSDORF:  Okay.  Back on the record with

17  actually Officer David Zavala rather than Sarah Henderson

18  there.

19         That's all of the questions that I have, so I'll go

20  ahead and turn the floor over to anybody else who wants to ask

21  any questions.  I know that Ms. Henderson has reserved the

22  right to read and sign, so I'll just note that for the record.

23  And we will take a copy of the transcript.

24         MS. HENDERSON:  So you guys are ordering the

25  original?

Page 119

1         MR. LAUERSDORF:  We'll order the original.  Sure.

2         MS. HENDERSON:  Okay.  And I will take a copy.  And

3  thank you, yes, reserve the right to read and sign.

4         MR. LAUERSDORF:  Anybody else have any questions

5  for Officer Zavala?

6         MR. DAVIS:  This is Jesse Davis.  I don't have

7  questions, but I would like a copy of the transcript.

8         MR. LAUERSDORF:  Okay.  Ms. Rockett, a copy of the

9  transcript?

10         MS. ROCKETT:  Yes, please.  No questions from us,

11  though.

12         MR. LAUERSDORF:  Okay.  I think that will conclude

13  it, then.

14         Officer Zavala, thank you for your time today.

15         THE WITNESS:  Thank you.

16

17         (WHEREUPON, the deposition ended at the hour

18         of 12:11 p.m.)

19

20              -o0o-

21

22

23

24

25

Page 120

1  STATE OF OREGON      )

2  County of Douglas    )        ss.  C E R T I F I C A T E

3

4      I, JEAN M. KOSTNER, Certified Shorthand Reporter for the

5  state of Oregon, do hereby certify that:

6      Pursuant to stipulation of counsel for the respective

7  parties, hereinbefore set forth, DAVID ZAVALA, appeared

8  remotely before me via Zoom videoconference at the time and

9  place set forth in the caption hereof;

10      That, at said time and place, I reported in stenotype

11  all testimony adduced and oral proceedings had in the foregoing

12  matter, to the best of my ability;

13      That, thereafter, my notes were reduced to typewriting,

14  and that the foregoing transcript, pages 1 through 119, both

15  inclusive, constitutes a full, true, and correct transcript of

16  all such testimony adduced and oral proceedings had and of the

17  whole thereof.

18      IN WITNESS WHEREOF, I have hereunto set my hand and CSR

19  stamp this 5th day of January, 2022, in the City of Roseburg,

20  County of Douglas, State of Oregon.

21

22

23         _____

           JEAN M. KOSTNER

           Certified Court Reporter

24         CSR No. 90-0051

25

Page 121

1         DEPOSITION ERRATA SHEET

2

Page No. _____ Line No. _____

3

Change: _____

4

Reason for change: _____

5

Page No. _____ Line No. _____

6

Change: _____

7

Reason for change: _____

8

Page No. _____ Line No. _____

9

Change: _____

10

Reason for change: _____

11

Page No. _____ Line No. _____

12

Change: _____

13

Reason for change: _____

14

Page No. _____ Line No. _____

15

Change: _____

16

Reason for change: _____

17

Page No. _____ Line No. _____

18

Change: _____

19

Reason for change: _____

20

Page No. _____ Line No. _____

21

Change: _____

22

Reason for change: _____

23

24  _____

25  David Zavala              Date