**Robert E. Franz, Jr.**     OSB #730915
E-Mail: rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail: shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
 Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
 Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn,
 Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David
 Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon, and the Estate
 of David E. Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No. 6:20-cv-01163-MTK (Lead Case) |
| Plaintiffs, | **Notice of Appeal** of Defendant Kip Oswald |
| v. | |
| Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County, | |
| Defendants. | |

Page 1 of 4 – Notice of Appeal-Defendant Kip Oswald

Nicholas James McGuffin, as an
Individual and as guardian ad litem,
on behalf of S.M., a minor,

         Plaintiffs,

    v.

Oregon State Police,

         Defendant.

Case No. 3:21-cv-01719-MTK
(Trailing Case)

NOTICE OF APPEAL is hereby given that Defendant-Appellant Kip
Oswald in the above-entitled matter, which was first filed in the United States
District Court for the District of Oregon on July 20, 2020, hereby appeals to the
United States Court of Appeals for the Ninth Circuit from the District Court's
Decision and Ruling by United States District Judge Mustafa R. Kasubhai made in
this action on March 21, 2025, said decision denying Defendant Oswald's Motion
for Summary Judgment for qualified immunity as to Plaintiffs' 42 U.S.C. Section
1983 claims to which he was entitled to qualified immunity pursuant to *Saucier v.
Katz*, 533 U.S. 194, 205, 121 S. Ct. 2151, 2158, 150 L. Ed. 2d 272 (2001).

Attached hereto as Exhibit A is a copy of said District Court's Decision.
This appeal is allowable pursuant to *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009);
*Behrens v. Pelletier*, 516 U.S. 299 (1996); and *Mitchell v. Forsyth*, 472 U.S. 511
(1985) [Holding that immediate appeal from denial of summary judgment on the
issue of qualified immunity was available even if other claims remained for trial.]
This appeal is timely as it has been filed with the District Clerk within 30 days
after the date of the decision appealed from.  FRAP 4(a)(1)(A).  Attached hereto as
Exhibit B is the Representation Statement.

Qualified immunity is "a limited 'entitlement not to stand trial or face the
other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511 (1985), at 526.
Here, the Decision by the District Court determined that certain conduct of

Defendant Oswald violated a provision of the Constitution of the United States as to each Plaintiff; and that at the time of such conduct, it had been clearly established by the federal courts that such conduct violated a provision of the United States Constitution.  Thus, Defendant Oswald has the right to show in this appeal that all his conduct which the District Court deemed supported for purposes of summary judgment met the elements of qualified immunity.  *Behrens v. Pelletier,* 516 U.S. 299 (1966), at 313.

The appeal from the District Court's Decision made in this case is appealable because the District Court's Decision is a final determination and rejection of qualified immunity for Defendant Oswald, and conclusively determines that Defendant Oswald must bear the burden of going forward with a trial in this case. Therefore, the District Court's ruling rejecting qualified immunity at the Motion for Summary Judgment stage of this proceeding is a "final decision" within the meaning of 28 U.S.C.A. § 1291. *Ashcroft v. Iqbal,* 556 U.S. 662, 672, 129 S. Ct. 1937, 1946, 173 L. Ed. 2d 868 (2009).

The conclusion that the Decision of the District Court requires Defendant Oswald to go forward with the burden of a trial is confirmed by the fact that on March 27, 2025, the District Court issued its Trial Management Order (Exhibit C attached hereto), said Order requiring Defendant Oswald to now go forward with the Trial of this matter on September 15, 2025, and the preparation and submission of numerous trial documents prior to trial.  And this is true even though the District Court in its Decision simply denied qualified immunity for Defendant Oswald.  As stated in *Behrens v. Pelletier,* 516 U.S. 299 (1966), at 313:

> This argument was presented by petitioner in the trial court, and there is no apparent impediment to its being raised on appeal. And while the District Court, in denying petitioner's summary judgment motion, did not identify the particular charged conduct that it deemed adequately supported, *Johnson* recognizes that under such circumstances "a court

of appeals may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed." *Johnson, supra,* at 319, 115 S. Ct., at 2159. That is the task now facing the Court of Appeals in this case.

DATED: Tuesday, April 15, 2025.

Respectfully submitted,


By:    /s/ Robert E. Franz, Jr.
       **Robert E. Franz, Jr.**
       OSB #730915
       (541) 741-8220
       **Attorney for Defendant-Appellant**
       **Kip Oswald**



**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

WAYNE L. MORSE UNITED STATES COURTHOUSE
405 EAST EIGHTH AVENUE
EUGENE, OR 97401
Tel: 541-431-4120   Fax: 541-431-4129

MUSTAFA TAHER KASUBHAI
UNITED STATES DISTRICT JUDGE

March 21, 2025

Re:    Preliminary ruling on Defendants' Motions for Summary Judgment

      McGuffin v. Dannels (20-cv-01163-MTK) (lead case)
      McGuffin v. Oregon State Police (21-cv-1719-MTK) (trailing case)

Dear Counsel,

      As you are all aware the following motions for summary judgment are before the Court: (1) Motion for Summary Judgment, ECF No. 281, filed by Defendants City of Coos Bay, City of Coquille, Coos County, Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn, Eric Schwenninger, Joel D. Shapiro, Chris Webley, Anthony Wetmore, Craig Zanni, and David Zavala ("Municipal Defendants"); (2) Motion for Summary Judgment, ECF No. 294, filed by Susan Hormann, Mary Krings, Oregon State Police, John Riddle, and Kathy Wilcox ("State Defendants"); (3) Motion for Summary Judgment, ECF No. 287, filed by Defendant Vidocq Society; and (4) Motion for Summary Judgment, ECF No. 314, filed by Defendant Richard Walter.

      Below is a summary of my preliminary ruling on the present motions. A detailed Opinion an Order with the Court's reasoning will be docketed before trial. The purpose of this letter is to provide sufficient notice to you that Defendants' motions are unavailing except possibly on the issue of testimonial immunity. My detailed Opinion and Order will address all issues properly raised. If I have not addressed a specific summary judgment argument against a claim, it is because it remains under advisement and will be addressed in my Opinion and Order. I am providing this notice so the parties will have adequate time to prepare and submit the materials ordered in a Trial Management Order you will receive shortly. Because most of Defendants' issues raised in their motions for summary judgment are denied, this matter remains for trial beginning September 15, 2025.

      The Trial Management Order requires the parties to confer and submit a joint schedule for presentation of evidence, taking into consideration the dates and times I have blocked out and provided to you in the Trial Management Order. I appreciate this trial will take several weeks. While counsel

Exhibit A at 1

previously represented that this trial may take up to two months, the parties are ordered to submit a joint schedule that allows for six weeks (September 15-October 24). One additional reason I am providing this preliminary ruling is so that parties will also have additional time to explore settlement. Finally, I am vacating the scheduled oral argument on the motions for summary judgment.

## Municipal Defendant's Motion for Summary Judgment

**First Claim for Relief[1] — Count 1: Fourteenth Amendment; and Count 4: Failure to Disclose Exculpatory Evidence (*Brady and Youngblood*)**

      The Court's Decision: Denied. However, testimonial immunity may apply to Defendants with respect to any claims relating to Defendants' testimony. I understand there will likely be evidentiary objections and will address them at the pre-trial conference.

**First Claim for Relief — Count 2: Malicious Prosecution**

      The Court's Decision: Denied.

**First Claim for Relief – Count 3: Illegal Pretrial Detention Following the Issuance of Legal Process**

      The Court's Decision: Denied.

**First Claim for Relief – Count 5: Failure to Intervene; and Count 6: Conspiracy**

      The Court's Decision: Denied.

**First Claim for Relief – Count 7: Destruction of Exculpatory Evidence**

      The Court's Decision: Denied with respect to Defendant Karcher, and granted with respect to remaining municipal defendants.

**First Claim for Relief – Count 8: *Monell***

      The Court's Decision: Denied.

**Qualified Immunity**

      The Court's Decision: Denied.

---

[1] All counts under Plaintiffs' First Claim for Relief are brought under 42 U.S.C. § 1983 for violations of various Constitutional rights under or incorporated by the Fourteenth Amendment.

Exhibit A at 2

**First Claim for Relief – Count 9: Violation of S.M.'s Fourteenth Amendment Rights**

      The Court's Decision: Denied.

**Second Claim for Relief – False Imprisonment[2]**

      The Court's Decision: Denied.

**Third Claim for Relief – Malicious Prosecution**

      The Court's Decision: Denied.

**Fourth Claim for Relief – Civil Conspiracy**

      The Court's Decision: Denied.

**Fifth Claim for Relief – Negligent Training and Supervision**

      The Court's Decision: Denied.

**Sixth Claim for Relief – Intentional Infliction of Emotional Distress ("IIED")**

      The Court's Decision: Denied.

**Seventh Claim for Relief – Negligent and/or Intentional Spoliation of Evidence**

      The Court's Decision: Denied.

**Eighth Claim for Relief – Attorney Fees Pursuant to 42 U.S.C. § 1988(b)**

      The Court's Decision: Denied.

---

[2] Plaintiffs' Second through Seventh Claims for Relief are brought under Oregon law.

Exhibit A at 3

**State Defendants' Motion for Summary Judgment[3]**

**State Defendants raise several of the same bases as Municipal Defendants for summary judgment on parallel claims Plaintiffs bring against both groups of defendants.**

   The Court's Decision: Denied. I have considered the arguments State Defendants raise and Plaintiffs' response. There remain substantial disputes of fact remaining for a jury to decide.

---

[3] For the reasons stated in the Court's January 10, 2025 Order (ECF No. 309), the Court did not consider any of the content beyond page 50 of State Defendants' Motion for Summary Judgment, and any issues State Defendants raised within the stricken content is disregarded as not properly before the Court.

Exhibit A at 4

**Vidocq Society's Motion for Summary Judgment**

**Whether Plaintiffs cannot establish liability under § 1983 upon *Monell* because Vidocq is a private entity, was not acting under color of state law, and its conduct did not amount to state action.**

    The Court's Decision: Denied.

**Whether Plaintiffs cannot establish liability under *Monell* because they cannot establish that Vidocq's conduct proximately caused the deprivation of their constitutional rights.**

    The Court's Decision: Denied.

**Whether Plaintiffs cannot establish elements of their state-law claims.**

    The Court's Decision: Denied.

**Whether Plaintiff S.M. cannot recover for loss of consortium under § 1983 or under Oregon state law.**

    The Court's Decision: Denied.

**Whether Plaintiffs' claims are barred by issue preclusion (collateral estoppel).**

    The Court's Decision: Denied.

Exhibit A at 5

**Mr. Walter's Motion for Summary Judgment**

**Defendant Walter raises on summary judgment many of the issues raised in the other Defendants' motions for summary judgment as those issues pertain to him.**

The Court's Decision: Denied.

I understand there are several sub-arguments to each of the issues raised on summary judgment.  My decision denying the primary issues necessarily involved denial of the sub-arguments, and so I did not address them separately in this preliminary ruling letter. This letter will be entered in the case file as correspondence to counsel.

Sincerely,

/s/ Mustafa T. Kasubhai

Mustafa Taher Kasubhai (he/him)
United States District Judge
United States District Court for the District of Oregon

Exhibit A at 6

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

### Representation Statement

**Appellant:**

<u>Name of Party</u>:

Defendant Kip Oswald

<u>Name of Counsel for Appellant</u>:

Robert E. Franz Jr., OSB 730915
Franz & Henderson
P.O. Box 62
Springfield, OR  97477
E-Mail:  rfranz@franzlaw.comcastbiz.net
Telephone: (541) 741-8220 / Registered for Electronic Filing 9th Circuit

**Appellees:**

<u>Names of Parties</u>:

Nicholas James McGuffin

S.M., a minor, appearing by her guardian *ad litem*, Nicholas James McGuffin

<u>Names of Counsel for Appellees</u>:

Janis C. Puracal, OSB 132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB 980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518

David B. Owens, WSBA #53856, pro hac vice
E-mail: david@loevy.com
LOEVY & LOEVY c/o Civil Rights and Justice Clinic
University of Washington Law School, William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA 98145-1110
Telephone: (312) 590-5449

Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, *et al.*, | Case No. 6:20-cv-01163-MTK (Lead Case) |
|     Plaintiffs, | |
| v. | **TRIAL MANAGEMENT ORDER** |
| MARK DANNELS, *et al.*, | |
|     Defendants. | |

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, *et al.*, | Case No. 3:21-cv-01719-MTK (Trailing Case) |
|     Plaintiffs, | |
| v. | |
| OREGON STATE POLICE, | |
|     Defendant. | |

**KASUBHAI,** United States District Judge:

In preparation for the pretrial conference and jury trial in this case the Court sets the following dates and deadlines:

Exhibit C at 1

1.    <u>Pretrial Conference</u>: June 23 and 24, 2025, at 9:00 AM, before Judge Kasubhai in

Courtroom #1.

2.    <u>Jury Trial</u>: Beginning September 15, 2025, in Judge Kasubhai's Courtroom #1. The trial

is scheduled for six weeks. The trial date is a firm date and will be continued only in unusual and

unforeseen circumstances.

3.    <u>Pretrial Material Filing Deadlines</u>:

    a.    **Six weeks before pretrial conference (May 12, 2025):**

        (1)    Plaintiff's exhibit lists with copies of exhibits to chambers. The exhibit

lists shall be filed with the Court. The exhibits themselves shall not be

filed, but instead provided directly to chambers.

        (2)    Plaintiff's witness statements including Plaintiff's expert reports if not

previously provided.

        (3)    Pretrial order unless waived by the parties with leave of the Court.

    b.    **Five weeks before pretrial conference (May 19, 2025):**

        (1)    Defendants' exhibit lists with copies of exhibits to chambers. The exhibit

lists shall be filed with the Court. The exhibits themselves shall not be

filed, but instead provided directly to chambers.

        (2)    Defendants' witness statements including Defendants' expert reports if not

previously provided.

        (3)    All deposition designations (see deposition procedures below).

        (4)    Trial memoranda. Provide a brief summary of all material factual and

legal contentions along with the elements of each claim and any defenses.

Trial memoranda are limited to 15 pages unless a party seeks leave of the

Exhibit C at 2

Court. The parties may request waiver of trial memoranda in factually
simple cases or in cases where the issues in the case were adequately
summarized during motion practice.

(5)    Proposed verdict forms.

(6)    Proposed jury instructions.

    a.   Joint proposed jury instructions. The parties, following conferral, shall
identify and submit all agreed upon instructions as "joint" instructions.

    b.   Contested jury instructions. If the parties disagree as to the form or
content of any instruction, the parties shall jointly file, in a separate
document from the "joint" instructions, alternate proposed instructions
along with each party's brief argument as to the need for the proposed
alternate instruction.

    c.   Form of jury instruction submissions. Each instruction, including any
model instruction, shall be on a separate sheet of paper citing any
relevant authority. In addition to filing these items with the Court, jury
instructions and verdict forms must also be emailed to the Court at
MKPropdoc@ord.uscourts.gov. Any modification of model
instructions should be clearly shown by using bold font or underlining.

(7)    Neutral Statement of the Case. The parties shall confer on a proposed
neutral statement of the case and submit it jointly if agreement is possible.

c.    **Four weeks before pretrial conference (May 26, 2025):**

(1)    Motions in *limine*. Do not file motions in *limine* that are pre-emptive in
nature regarding opposing counsel's obligations under the code of

Exhibit C at 3

professional conduct or the rules of evidence. Do not file broad requests that are not specific to the evidence in the case (*e.g.*, "motion to preclude hearsay" or "motion to prevent counsel from arguing law in opening statement").

(2)   Objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions. Objections to witnesses and exhibits must be specific and complete and must identify the exhibit or witness. Responses to objections must be sufficiently specific to enable the Court to provide a ruling.[1]

(3)   A joint list of exhibits the parties stipulate will be admitted.

d.   **Three weeks before pretrial conference (June 2, 2025):**

(1)   Responses to motions in *limine*;

(2)   Responses to objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions.

(3)   A chart listing all objections and motions in *limine* that require a ruling from the Court. This must be prepared in Microsoft Word format and emailed to MKPropdoc@ord.uscourts.gov. Do not e-file this document. Please use the below format for this e-mail submission:

---

[1] Example: Plaintiff objects to exhibit 201 (plaintiff's employment application) on grounds of relevance. Plaintiff has stipulated to the effective date of her employment. Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment. This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

Exhibit C at 4

| Exhibit number, witness name, or Motion in Limine number | Objection and/or applicable rule. |
|---|---|
| | (this should not exceed two sentences) |
| | |

e. **Two weeks before pretrial conference (June 9, 2025):**

(1)  The parties are Ordered to submit a joint trial schedule outlining a six-week trial beginning September 15, 2025 and concluding October 24, 2025.

4.  <u>Procedures</u>: Except as otherwise noted above, the original and one copy of all trial documents shall be filed with the Court and copies served on all parties. Each item submitted to the Court shall be a separately captioned and stapled document; do not staple different items together. Failure to comply with the Court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial or other sanctions as appropriate.

a.  **Exhibits and Exhibit Lists**: Plaintiff's exhibits should be numbered and listed starting with "1." Defendants' exhibits should be numbered and listed starting with "201." The case number should be printed on each exhibit sticker. If there are multiple parties or more than 200 exhibits per party, contact the courtroom deputy for number assignments. If any exhibit is replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix (e.g., exhibit 101A would replace exhibit 101) or else with a new assigned number. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Exhibit C at 5

Copies of each numbered exhibit shall be supplied to the Court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with this order. Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs.

Parties must seek leave of the Court to file supplemental exhibits after the exhibit deadline set forth above unless there is a joint agreement. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

b.    **Witnesses**:

(1) <u>General Directions</u>: The parties and counsel are encouraged to advise the Court in their pre-trial submissions of their pronouns and honorifics and the pronouns and honorifics of any witnesses they intend to call. Parties and counsel are instructed to address witnesses in all written documents and court proceedings by those identified pronouns and honorifics.

(2) <u>Lay Witnesses</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations if relevant. If the witness will testify consistent with deposition testimony, simply indicate that. If a witness will testify to anything outside of deposition testimony, submit a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

Give a time estimate for the direct testimony of each witness.

Exhibit C at 6

All witnesses are excluded from the courtroom with the exception of expert witnesses.

(3) <u>Expert Witnesses</u>: Supply a written report of each expert, whether for the case in chief or rebuttal, setting forth the expert's qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered in the expert report will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

The requirement for filing expert witness statements for purposes of trial does not supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26. Fact experts, such as a treating physician, may be limited in proffering an opinion on issues outside treatment unless required expert disclosures are made.

c. **Accommodating Disabilities**:  Please notify the Court in advance of any witnesses, party, or counsel who will need accommodation for any disability.

d. **Translators**: The court does not provide translators in civil cases.

e. **Depositions**: Deposition transcripts which are intended solely for impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court, highlighting those portions sought to be admitted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties with each party highlighting their designations in a different color.

Exhibit C at 7

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" and they typically do not go to the jury during deliberations. Please consider in advance how you wish to present the deposition testimony to the jury; whether through video, proxy witness, or audio recording. The Court's clerk is available to sit in as a proxy witness.

**Objections to deposition designations**: Please provide portions of the deposition transcript with objections highlighted in order for the Court to rule. If the Court strikes any portion of the deposition, be prepared to remove that portion from the audio or video recording that is to be played to the jury.

5. <u>Pretrial Conference</u>: During the pretrial conference, be prepared to discuss the following:

    a.    Motions in *limine* and other objections.

    b.    Anticipated trial timetable;

    c.    Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player);

    d.    *Voir dire* questions. While it is the custom in federal court for the judge to conduct *voir dire*, please note that Judge Kasubhai requires the attorneys to conduct *voir dire*. The Court will provide the jurors with some introductory questions and the attorney will then inquire of all prospective jurors.

    e.    Stipulated facts;

    f.    Other matters that may arise.

6.    <u>Additional Guidance</u>: Please refer to the Trial Court Guidelines for U.S. District Court of Oregon, on the court's website: **https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines**. If you are not familiar with the courtroom's technology, please arrange a tutorial

Exhibit C at 8

with the courtroom deputy in advance of trial. New attorneys (attorneys practicing less than 7 years) who are trying to get trial experience may present argument to the Court and examine a witness with a senior attorney providing back up (in other words, the Court is willing to suspend the "one witness/one attorney rule" in these situations).

IT IS SO ORDERED.

DATED this <u>27th</u> day of March 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

Exhibit C at 9

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing

document on the following by CM/ECF System Transmission:

Janis C. Puracal, OSB 132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB 980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518

David B. Owens, WSBA 53856, pro hac vice
E-mail: david@loevy.com
LOEVY & LOEVY c/o Civil Rights and Justice Clinic
University of Washington Law School, William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA 98145-1110
Telephone: (312) 590-5449

DATED:  Tuesday, April 15, 2025.

Respectfully submitted,


By:    /s/ Robert E. Franz, Jr.
       Robert E. Franz, Jr.
       OSB #730915
       (541) 741-8220
       Attorney for Defendant-Appellant
       Kip Oswald