Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Civil No. 6:20-cv-01163-MTK (Lead Case) |
| Plaintiffs, | |
| v. | |
| MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY, | PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEALS AS FRIVOLOUS |
| Defendants. | |

VIDOCQ SOCIETY,

                Cross-Claimant,

     v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE,
SEAN SANBORN, ERIC
SCHWENNINGER, RICHARD WALTER,
CHRIS WEBLEY, ANTHONY WETMORE,
KATHY WILCOX, CRAIG ZANNI,
DAVID ZAVALA, JOEL D. SHAPIRO AS
ADMINISTRATOR OF THE ESTATE OF
DAVID E. HALL, VIDOCQ SOCIETY,
CITY OF COQUILLE, CITY OF COOS
BAY, and COOS COUNTY

                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

                Plaintiffs,

     v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MTK
(Trailing Case)

# INTRODUCTION

The Ninth Circuit has admonished litigants that the "'decision to appeal should be a considered one, . . . not a knee-jerk reaction to every unfavorable ruling,'" *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir.1989)). Here, this Court has not even made its (unfavorable) ruling, and yet individual Municipal Defendants and individual State Defendants (the Appealing Defendants) have filed notices of appeal.

The appeals do not involve a final order, as Congress has required pursuant to 28 U.S.C. § 1921, are at best premature, and, at any rate, are frivolous.

Trial courts are not helpless in the face of an abuse of process and are empowered to certify the improper interlocutory appeals as frivolous, retrain jurisdiction, and continue to trial. *See Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)); *Chuman v. Wright*, 960 F.2d 104, 105 (9th 1992). This Court should exercise that authority now and certify Appealing Defendants' interlocutory appeals frivolous.

Nor is it predestined that Defendants will be entitled to seek interlocutory appeals in this case once the Court issues its opinion and order on summary judgment. For one, the Appealing Defendants have an ethical obligation to make a considered decision about whether there is a valid basis for even seeking immediate review. *Cf.* FED. R. CIV. P. 11.

In addition, interlocutory jurisdiction is strictly circumscribed. While it is true that *some* denials of summary judgment involving assertions of qualified immunity can be immediately appealed, *e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), others cannot, *e.g.*, *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Part of determining whether interlocutory jurisdiction is hypothetically possible will involve analysis of this Court's opinion and order because jurisdiction "to hear an interlocutory appeal" often "turns on the basis for denial" of a motion for summary judgment. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009). Indeed, this Court's order will set the firm boundaries about the scope of any appeal, and its findings of fact and

1

conclusions that there is sufficient evidence to create a dispute of material fact are "categorically unreviewable on interlocutory appeal." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009).

As a result, while it is absolutely true the present appeals should be certified frivolous because they are premature, there is no validity to any suggestion that any of the individual Defendants will be able to seek interlocutory review after this Court enters its order on summary judgment. The "basis for denial" of the motions and the "categorically unreviewable" fact determinations will necessarily shape the availability of any interlocutory appeal.

Plaintiffs recognize this is a two-way street. In the same way that Plaintiffs maintain that the Appealing Defendants cannot now know whether they have a good-faith basis for seeking appeal of this Court's forthcoming order, Plaintiffs cannot determine at this time whether another motion to certify will be filed if immediate review is sought after the entry of the Court's order on summary judgment. Accordingly, once this Court enters its order, should some individual Defendants elect to pursue another appeal, Plaintiffs will then evaluate whether the appeals warrant another motion to certify. What is clear right now, however, is that *these* appeals are frivolous and Plaintiffs respectfully ask they be certified as such.

## BACKGROUND

As this Court is aware, these suits involve the wrongful conviction of Plaintiff Nicholas McGuffin for crimes he did not commit. *See generally* Second Amended Complaint, Dkt. No. 143. Defendants seem determined to try every effort to prevent an adjudication of McGuffin's substantive claims. They have filed numerous dispositive motions, all of which have failed. *See, e.g.*, Motions for Summary Judgment, Dkt. Nos. 281, 287, 294, and 314. The most recent effort was in seeking summary judgment. *See id.*

This Court has yet to issue a final opinion and order on the pending motions for summary judgment. There is no docket entry of this Court's decision. And, this Court has indicated its final Opinion and Order is forthcoming.

To assist the parties, the Court provided the parties with an informal letter, not placed on the Court's docket, identifying *preliminary* rulings on *some* issues presented in the motions. Letter to Parties (Mar. 21, 2024). This letter made it clear that this Court was giving a "summary of" preliminary rulings on the motions for the purpose of providing notice to the parties. The Court emphasized that its final order will address "all issues properly raised," and that the failure to address certain issues in the informal letter is because such an issue "remains under advisement" and will be addressed by the final Opinion and Order. *Id.* at 1.

## DISCUSSION

### I.    The Current Interlocutory Appeals Are Frivolous and Should Be Certified As Such

This Court has the authority to certify the present interlocutory appeals as frivolous, and it should respectfully exercise that authority.

#### A.    This Court Is Authorized to Certify Premature Interlocutory Appeals As Frivolous

Pursuant to 28 U.S.C. § 1291, the scope of federal appellate jurisdiction is circumscribed and limited almost exclusively to final orders. *See Ortiz v. Jordan*, 562 U.S. 180, 188 (2011).

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982) (per curiam).

However, "a notice of appeal may be so baseless that it does not invoke appellate jurisdiction." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). In *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), the Ninth Circuit adopted the rule from *Apostol*, empowering district courts to certify appeals as frivolous and proceed with trial. As the Ninth Circuit recognized, the Supreme Court later confirmed the propriety of *Apostol/Chuman* certification, particularly in civil-rights cases. *See Marks v. Clarke*, 102 F.3d 1012, 1018 (9th Cir. 1996) ("The Supreme Court recently endorsed the district court's power to certify a defendant's interlocutory

3

appeal of the denial of qualified immunity as frivolous or forfeited as a means of protecting civil rights plaintiffs from abusive successive pre-trial assertions of qualified immunity.") (citing *Behrens v. Pelletier*, 116 S. Ct. 834, 840-41 (1996)). In "[r]ecognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial," the Ninth Circuit has "authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018).

In addition to certifying an appeal as raising grounds that are frivolous or forfeited, *see Chuman*, 960 F.2d at 105, *Rodriguez*, 891 F.3d at 790–91, there are many ways an appeal can otherwise be frivolous and warrant certification by a district court. For example, an appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. *In re George*, 322 F.3d 586, 591 (9th Cir. 2003). An appeal is also frivolous if the appellate court would not have jurisdiction over the matter, including some assertions of qualified immunity. *Johnson*, 515 U.S. at 313; *see also Rodriguez*, 891 F.3d at 791–92. Likewise, most basically, an appeal is frivolous where it does not arise from a final order. It is axiomatic that there must be a *final* order to actually take an appeal, interlocutory or otherwise. 28 U.S.C. § 1291; *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997). Accordingly, an appeal is frivolous in the sense that the Court of Appeals lacks jurisdiction where there is no final, appealable order. *Id.*

4

**B. This Court Should Certify Appealing Defendants' Premature Interlocutory Appeals As Frivolous**

While Plaintiffs may ultimately have to address certification of interlocutory appeals involving some questions of qualified immunity as exceeding jurisdiction in a subsequent motion,[1] the basis for seeking certification of the present appeals as frivolous is simple: the appeals are premature and do not arise from a final order or an order that can be deemed "final" whatsoever.  For present purposes, in order to be final, a ruling must: (1) be "a full adjudication of the issues," and must (2) "'clearly evidence[] the judge's intention that it be the court's final act in the matter.'" *Nat'l Distribution Agency*, 117 F.3d at 433 (quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)).

---

[1] There are many authorities demonstrating that courts certify appeals as frivolous where defendants' legal arguments are clearly contrary to established law or rest on factual disputes even where Defendants pay lip-service to the governing standards. *See, e.g.*, *V.R. v. Cnty. of San Bernardino*, 2022 WL 3137728, at *2 (C.D. Cal. Mar. 31, 2022) (certifying an appeal as frivolous in part because the defendant raised "factual disputes that are improper on appeal"); *Lopez v. City of Riverside*, 2022 WL 17371075, at *3 (C.D. Cal. Oct. 3, 2022) (certifying the defendants' appeal as frivolous due to existing factual disputes despite the defendants repeatedly contending they solely relied on undisputed facts and legal arguments); *Roberts v. Khounphixay*, 2021 WL 228894, at *3 (W.D. Wash. Jan. 22, 2021) (certifying an appeal as frivolous where the defendant's "arguments require the Court to resolve facts in her favor" but where the defendant's "conduct—when viewing the facts in Plaintiff's favor—would not be in alignment with any constitutional policy"); *Vargas v. Cnty. of L.A.*, 2021 WL 2403162, at *5 (C.D. Cal. May 5, 2021) (certifying an appeal as frivolous where "Defendants argue that the facts are not in dispute, and then declare that the Court erred in drawing inferences in Plaintiff's favor"); *Henderson v. City of Torrance* 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021) (certifying an appeal as frivolous for two reasons: (1) "Defendants' argument that no triable issues exist is meritless, and merely highlights the fact that Defendants purport to but do not actually accept Plaintiff's version of events" and (2) "Defendants' claim that the Court's qualified immunity analysis was based on a high level of generality regarding clearly established law is simply not accurate"); *Estate of Richard Risher v. City of Los Angeles*, 2020 WL 13401583, at *3 (C.D. Cal. Nov. 2, 2020) (certifying an appeal as frivolous where the defendants "fail[ed] to accept Plaintiffs' facts as true in asserting their entitlement to qualified immunity"); *Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 WL 4496500, at *4-5 (D. Nev. Aug. 4, 2020) (certifying an appeal as frivolous where the defendant's arguments on appeal relied on interpreting disputed facts in their favor); *Estate of Farmer v. Las Vegas Metro. Police Dep't*, 2019 WL 2471826, at*4 (D. Nev. June 13, 2019) (certifying an appeal as frivolous because the denial of summary judgement was due to a genuine dispute of material fact and because defendant's arguments that plaintiff's rights were not clearly established were without merit); *Craig v. Orange*, 2019 WL 12377861, at *2–3 (C.D. Cal. Apr. 1, 2019) (certifying an appeal as frivolous where the defendant asserted his own version of the facts in addressing established law).

Here, this Court has not issued an order at all. The Court sent the parties an informal and preliminary letter, and did not issue a docket entry, let alone an actual order involving a "full adjudication" of the issues. Indeed, by its very terms, the Court indicated it would further adjudicate the issues involved in the summary judgment filings. Likewise, the Court expressly indicated there would be a forthcoming "final act in the matter"; *i.e.*, a detailed Opinion and Order that would actually address all properly raised issues, including those not spelled out in the letter itself. There is no appellate jurisdiction in this instance. *Id.*; *see also, e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012); *Pereyra v. Hughes Mkt., Inc.*, 142 F.3d 444 (9th Cir. 1998).

Indeed, even if the Court had done more—and, for example, actually issued an order rather than an informal letter—there still would not be appellate jurisdiction. In *Meyer*, for example, the Court of Appeals agreed a premature notice of appeal did not divest the trial court of jurisdiction because the trial court's minute entry was "not a final appealable order," 707 F.3d at 1041 (citing *Ruby v. Sec'y of the U.S. Navy,* 365 F.2d 385, 389 (9th Cir. 1966)), in part because the order at issue "expressly stated that a written order would follow." *Id.* Accordingly, the notice of appeal was "premature" and had no operative effect.

The Ninth Circuit's analysis in *Pereyra v. Hughes Mkt., Inc.*, is likewise controlling. 142 F.3d 444 (9th Cir. 1998). There, the trial court issued a summary judgment order but indicated it "may amend or amplify" the order "with a more specific statement grounds for decision." *Id.* There, as here, no judgment had been entered. *Id.* There, as here, the Court of Appeals lacked "jurisdiction because the district court has not issued a final, appealable order" and the "notice[s] of appeal [are] premature." *Id.*

Because there is no finality, and because the appeals are premature, the Court of Appeals lacks jurisdiction and this Court should certify the appeals frivolous pursuant to its authority under *Chuman* and other authorities.

## II.     Assuming *Arguendo* Subsequent Notices of Appeal Are Filed After the Present Appeals Are Deemed Frivolous, Any Future Interlocutory Could Still Be Frivolous

The foregoing is sufficient to resolve the present motion. For the benefit of the Court, Plaintiffs provide further explanation as to the practical question of whether interlocutory appeals are a foregone conclusion—and whether this motion is delaying the inevitable—should any of the individual Defendants seek interlocutory review of this Court's order, once issued.

### A.  Defendants Cannot Reasonably Commit To Filing An Interlocutory Appeal Absent this Court's Actual Analysis

Defendants cannot now know whether they have a good-faith basis to appeal. Their decision must be considered, and not a reflex to an unfavorable ruling. FED. R. CIV. P. 11; *In re George*, 322 F.3d at 591.[2] This Court's factual determinations, and its analysis and reasoning, will substantially control the scope of any interlocutory appeal, as explained further below. Without that analysis, Defendants' appeals are no more than a knee-jerk reaction to an unfavorable ruling (which has not even happened yet).

### B.  This Court's Actual Ruling, Once Issued, Will Largely Determine Whether Interlocutory Appeal is Even Hypothetically Available

Taking a step back, the limited nature of interlocutory jurisdiction means that this Court's findings and opinion and order will be significant to determine whether any individual defendant can seek interlocutory review.

The collateral-order doctrine provides a narrow exception to the final-judgment rule from 28 U.S.C. § 1291 for a "small class" of cases where immediate appeal is permitted for issues that: (1) conclusively determine the disputed question, (2) resolve an important issue

---

[2] The State Defendants seemed to suggest at the hearing on the motion that they may have been worried about preserving their appellate rights, and so filed notices of appeal early due to that concern and in light of an old Fifth Circuit case. Obviously, Plaintiffs understand the need to "play it safe." However, in this instance, it is abundantly clear—as this Court said in its informal letter—that the adjudication would be forthcoming in an Opinion and Order. *That* is the decision they may seek to appeal; and the clock would start to run once issued.

completely separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment. *Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541, 546 (1949).

Some qualified immunity appeals can meet this threshold. *Mitchell*, 472 U.S. at 528. To qualify, the arguments cannot have been forfeited. *See In re Mortg. Elec. Registration Sys., Inc.,* 754 F.3d 772, 780 (9th Cir. 2014) ("arguments not raised in the district court will not be considered for the first time on appeal"); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal … are deemed forfeited….") (citation omitted).

In addition, to ensure the questions are collateral to the merits, an appeal involving qualified immunity must turn on (properly-raised) pure questions of law. *Behrens*, 516 U.S. at 313 (1996); *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

By contrast, under *Johnson v. Jones*, 515 U.S. 304, 313 (1995), fact-driven arguments are off-limits in collateral order appeals and exceed appellate jurisdiction. *See, e.g.*, *Rodriguez*, 891 F.3d at 791–92 (concluding that an interlocutory appeal was frivolous where the appellants' arguments on appeal "relied on disputed facts" because appellate courts may only "exercise jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity."); *Conatser v. N. Las Vegas Police Dep't*, 445 F.App'x 932, 933 (9th Cir. 2011) (holding the Court lacked appellate jurisdiction because defendants presented fact-related disputes to the summary judgment order denying qualified immunity); *Estate of Anderson*, 985 F.3d at 730–31 (similar). In addition, Defendants may not "attempt to evade *Johnson's* jurisdictional bar by characterizing their arguments as legal ones." *Fatai v. Ramos*, No. 23-15354, 2024 WL 863360, at *1 (9th Cir. Feb. 29, 2024) (citing P*eck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022)).

Given these principles, part of determining whether interlocutory jurisdiction is even hypothetically possible will involve analysis of this Court's opinion and order; jurisdiction "to hear an interlocutory appeal" largely "turns on the basis for denial" of a motion for summary

judgment. *Maropulos*, 560 F.3d at 975; *see, e.g.*, *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1179 (9th Cir. 2013) (basis for district court's denial of summary judgment determines whether there is jurisdiction); *Garver v. Brandt*, 584 F. App'x 393, 394 (9th Cir. 2014) (similar).

There are many ways in which this Court's ruling could well-and-truly determine whether there can be jurisdiction over any potential interlocutory appeal.

For example, this Court could find—as Plaintiffs argued, *see* Dkt. 327 at ECF p.53—that the individual Municipal Defendants' arguments (including on qualified immunity) were too cursory to even consider. Forfeited arguments, cannot be raised on interlocutory review. *See Chuman*, 960 F.2d at 105, *Rodriguez*, 891 F.3d at 790–91. Such forfeiture can occur even when, as Plaintiffs argued here, a defendant uses boilerplate language about qualified immunity but actually makes no real substantive argument about its applicability that accepts Plaintiff's facts. *E.g.*, *Fatai*, 2024 WL 863360, at **1–2.

Relatedly, as Plaintiff also argued, Dkt. 327 at p.55, this Court might find Defendants failed to construe the facts in the light most favorable to Plaintiffs—which could also be a waiver or failure of proof that would make the appeals frivolous. *Chuman*, 960 F.2d at 105, *Rodriguez*, 891 F.3d at 790–91.

In addition, as Plaintiffs also argued, *see* Dkt. 327 at ECF pp.12–13, this Court could find Defendants had not met their initial burden at summary judgment of showing an "absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That factual determination would be categorically unreviewable, and unchallengeable on interlocutory review. *Eng*, 552 F.3d at 1067.

Moreover, if this Court were to make a (categorically unreviewable) finding that disputes of material fact preclude a determination of qualified immunity at summary judgment, that determination could not be challenged in an immediate appeal. *See, e.g.*, *Shay v. Cnty. of Los Angeles*, 2019 WL 4598238, at *8 (C.D. Cal. Sept. 23, 2019) (disputes of fact preclude ruling on

immunity at summary judgment); *Mattingly v. California Dep't of Parks & Recreation*, No. 23-CV-03754-VKD, 2024 WL 4353062, at *8 (N.D. Cal. Sept. 30, 2024) ("Fact disputes also preclude summary judgment on the basis of qualified immunity, as the determination of whether a reasonable officer could have believed that his conduct was lawful can be determined on summary judgment only where materials facts are undisputed.") (citing *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000), and *Ortego v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998)); *David v. Betts*, 734 F. Supp. 3d 1050, 1081 (D. Haw. 2024) ("Such disputes of fact preclude a grant of qualified immunity on summary judgment.") (citing *Estate of Lopez by and through Lopez v. Gelhaus*, 871 F.3d 998, 1021 (9th Cir. 2017) ("Because [defendant's] entitlement to qualified immunity ultimately depends on disputed factual issues, summary judgment is not presently appropriate.")); *Banks v. Berge*, No. 3:16-CV-02129-AA, 2019 WL 1270925, at *8 (D. Or. Mar. 18, 2019) ("genuine disputes of material fact preclude the application of qualified immunity at this stage of the proceedings").

Should the court make these sorts of findings, because the fact disputes are so wrapped up in the assertion of immunity, there would be no way to resolve a question "collateral" to the merits, as required by the collateral-order doctrine that could be subject to immediate appeal. *See, e.g.*, *S.R. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019) (finding "numerous genuine disputes of material fact, which preclude a grant of summary judgment on qualified immunity" and noting that when disputed issues of fact are necessary to a qualified immunity determination, such factual issues must be resolved by the jury); *Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132, 135 (9th Cir. 2009) ("'Given the significance of the disputed issues of fact here, qualified immunity from suit is effectively unavailable . . . .'") (quoting *Sledd v. Lindsay,*

102 F.3d 282, 288 (7th Cir.1996)).[3] That determination by this Court would not fall within narrow interlocutory jurisdiction or permit an interlocutory appeal either.

Finally, an appeal could be certified as frivolous where the result is "obvious." *In re George*, 322 F.3d at 591. Here, the constitutional rights at issue—*e.g.*, the prohibition on fabricating evidence, and duty of public officials to disclose favorable material to the accused— were well established decades before the Leah Freeman investigation. So, this Court could certify a future appeal frivolous, in light of its order, on that basis too. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) (prohibition on fabricating evidence is virtually self evident and was certainly established in the 1990s); *Mellen v. Winn*, 900 F.3d 1085, 1101 (9th Cir. 2018) (not an open question by 1997 that officials have duty to disclose favorable material).

Accordingly, even following certification of the Appealing Defendants' present (premature and frivolous) appeals, whether they can file valid notices of appeal in the future remains to be seen (and is unlikely).

## CONCLUSION

Appealing Defendants' premature appeals should be certified as frivolous.


Respectfully submitted,



*/s/ David B. Owens*
DAVID B. OWENS*

---

[3] Defendants' own arguments in seeking summary judgment are what give rise to these potential dispositions. Defendants could have charted a different course. For example, they could have—but in Plaintiffs' view did not—accept the facts in the light most favorable to Plaintiffs. If they wanted to actually assert immunity, the Municipal Defendants needed to use more than boilerplate language and cite evidence. At minimum, if they wanted to raise an issue in a manner that would give rise to a potential interlocutory appeal, they had to follow the rules and accept Plaintiffs facts. They refused to do so. That choice—their choice—precludes jurisdiction. *Cf. Adams v. Speers*, 473 F.3d 989, 991 (9th Cir. 2007) ("The exception to the normal rule prohibiting an appeal before a trial works only if the appellant concedes the facts and seeks judgment on the law.").

LOEVY & LOEVY C/O
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110
SEATTLE, WA 98145-1110
(312) 243-5900
david@loevy.com
*admitted pro *hac vice*

## **<u>Certificate of Service</u>**

I, David B. Owens, an attorney, certify that on May 15, 2025, I filed the foregoing via the

Court's electronic filing service which effectuated service on all counsel.

<u>/s/ David B. Owens</u>