DAN RAYFIELD
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
TODD MARSHALL #112685
Senior Assistant Attorney General
KRISTEN E. HOFFMEYER #085338
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.oregon.gov
       Todd.Marshall@doj.oregon.gov
       kristen.hoffmeyer@doj.oregon.gov

Of Attorneys for State Defendants Hormann,
Krings, Riddle, Wilcox and Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | Case No.  6:20-cv-1163-MTK (Lead Case)<br>              3:21-cv-1719-MTK (Trailing Case)<br><br>STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS |

Page 1 -    STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
   JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| VIDOCQ SOCIETY, <br><br>     Cross-Claimant. <br><br> RICHARD WALTER, <br><br>     Cross-Claimant. | |
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor, <br><br>     Plaintiff, <br><br>   v. <br><br> OREGON STATE POLICE, <br><br>     Defendant. | |

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that in accordance with LR 7-1, the parties' counsel conferred in good faith regarding the issues presenting in this motion, but the parties were unable to resolve the issues disputed herein.

**MOTION**

As contemplated in this Court's minute order dated April 30, 2025, (ECF 364), the State Defendants (Susan Hormann, Mary Krings, John Riddle, Kathy Wilcox, and the Oregon State Police (OSP)) seek a stay of all proceedings, including pretrial deadlines and trial, in this matter pending the resolution of interlocutory appeals filed by the State and Municipal Defendants of the Court's denial of qualified immunity on all federal claims against them.

**MEMORANDUM OF LAW**

In a letter dated March 21, 2025, but not placed on the Court's docket, the Court provided a "summary of [its] preliminary ruling" on the parties' motions for summary judgment, including the State Defendants' motion (ECF 294), which raised qualified immunity defenses. *See* 3/21/2025 Letter from Court at 1. On the issue of qualified immunity, that letter states the

Page 2 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"Court's Decision" as "Denied," though it contemplates a "detailed Opinion and Order" that will be forthcoming "before trial." (*Id*. at 1–2). The State Defendants have filed a timely notice of appeal from that letter ruling, (ECF 361), as have the Municipal Defendants.

Following that letter ruling, the Court issued a Trial Management Order (ECF 346) and then an Amended Trial Management Order (ECF 365). Both Orders impose a series of deadlines and substantial trial preparation burdens on the parties, including the preparation of exhibits, exhibit lists, witness statements, trial memoranda, jury instructions, verdict forms, and motions in limine. Those deadlines were to begin as soon as May 12, 2025 (ECF 346 at 2), though they have since been extended to begin on June 6, 2025 (ECF 365 at 2).

As set forth below, that interlocutory appeal is procedurally proper because the denial of qualified immunity is appealable under the collateral order doctrine and because the letter ruling is sufficiently final to be appealable as a denial of qualified immunity. Because that appeal is properly taken, it requires an automatic stay of all claims against which the State Defendants have raised qualified immunity—that is, all federal claims raised under 42 U.S.C § 1983. Further, because the remaining state claims, which are before this Court via supplemental jurisdiction, share a common nucleus of fact with the federal claims and trying those claims during the pendency of the appeal would unnecessarily compound the disputed issues, this Court should stay proceedings on those claims as well.

      A.    **The denial of a qualified immunity defense is appealable under the collateral order doctrine.**

The Supreme Court has held that "pretrial orders denying qualified immunity generally fall within the collateral order doctrine." *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014). The "collateral order doctrine" is "best understood not as an exception to the final decision rule laid down by Congress in § 1291, but as a practical construction of it." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted). That is, "28 U.S.C. § 1291 gives courts of appeals jurisdiction over all final decisions of district courts," and "the collateral order doctrine accommodates a small class of rulings, not concluding the litigation, but conclusively resolving

Page 3 -    STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

claims of right separable from, and collateral to, rights asserted in the action." *Id*. (internal quotation marks omitted).[1]

Under *Plumhoff*, the Ninth Circuit generally has jurisdiction over the denial of qualified immunity on summary judgment, making that kind of order subject to interlocutory appeal. *Foster v. City of Indio*, 908 F.3d 1204, 1209–10 (9th Cir. 2018). Because "such orders conclusively determine whether the defendant is entitled to immunity from suit," they resolve an "important" question, and the resolution of that question cannot "be effectively reviewed on appeal from a final judgment because by that time the immunity from standing trial will have been irretrievably lost." *Id*.

And although *Foster* recognized a limited category of qualified-immunity denials that are not appealable under the collateral order doctrine, the denial of qualified immunity here does not fall in that category. *Foster* explained that interlocutory appeal on qualified immunity is limited to cases when "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." *Id*. at 1210 (internal quotation marks omitted). Interlocutory appeal is unavailable, by contrast, when the appeal turns on "a *fact*-related dispute about the pretrial record." *Id*. (internal quotation marks omitted).

As will be explained below in section C, qualified immunity in this case turns on a number of legal questions that, if resolved in the State Defendants' favor, require granting immunity even if the facts are viewed in the light most favorable to plaintiff. Thus, the ruling denying qualified immunity is immediately appealable.

---

[1] Because the Supreme Court has squarely held that the denial of qualified immunity is appealable under the collateral order doctrine, this court need not consider the three conditions necessary to the application of that doctrine, which are "that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 350 (internal quotation marks omitted).

Page 4 -    STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312
                    Department of Justice
                    100 SW Market Street
                    Portland, OR 97201
                    (971) 673-1880 / Fax: (971) 673-5000

### B. This Court's letter ruling is sufficiently final to be appealable as a denial of qualified immunity.

Precisely because the purposes of qualified immunity require allowing an immediate appeal before a defendant can be subjected to the burden of trial, this Court's letter ruling must be viewed as sufficiently final to be appealable.

The letter ruling would clearly be appealable if it had satisfied the separate document requirement of Federal Rule of Civil Procedure 58, as construed in *Ingram v. ACandS*, Inc., 977 F.2d 1332, 1338–39 (9th Cir. 1992). Under *Ingram*, a "dispositive order for notice of appeal purposes" is anything that (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet." *Id*. at 1338–39.

Admittedly, the letter ruling here does not satisfy all of those requirements. Although the letter ruling was sent by email to counsel, it was neither signed by a clerk not entered on the docket sheet. And it is at least somewhat ambiguous whether it "states that it is an order." On the one hand, it describes the ruling as "preliminary" and contemplates a "detailed Opinion and Order" that will be forthcoming "before trial." Yet it also states that the "Court's Decision" on qualified immunity is "Denied," (*id*. at 2), and the use of "definite language" such as "denied" is sufficient finality at least as to the substance of the ruling even if its ultimate rationale is yet to be announced in a forthcoming and more detailed order. *Compare Ueckert v. Guerra*, 38 F.4th 446, 451 (5th Cir. 2022) (viewing oral denial of qualified immunity sufficiently final where that ruling used "definite language" stating that the motion raising that defense was "denied").

But even without strict adherence to the requirements recited in *Ingram*, the letter ruling is appealable because "an oral ruling or a minute order that does not meet" the above requirements is appealable and can support "appellate jurisdiction" if—as is so far true of the letter ruling here—it "is not followed by a properly entered dispositive order." *Ingram*, 977 F.2d at 1339. That rule must rest on the practical necessity of providing some opportunity to appeal from a district court decision that affects the parties, particularly the parties' who have asserted

Page 5 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

qualified immunity, even if that decision is not formally memorialized in a manner that complies with Rule 58.

Indeed, the need for an opportunity to appeal is particularly compelling for any order—like one denying qualified immunity—that denies a party's request to vindicate its right not to stand trial. When a defendant raises "a meritorious claim" on appeal seeking to vindicate a "right not to be tried," it "would be irreparably harmed if the trial court continued to proceed to trial prior to the disposition of the appeal." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (internal quotation marks omitted; discussing double-jeopardy rights); *see also Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) (explaining that qualified immunity "is 'an *immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial'" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985); emphasis and ellipses in *Padgett*)).

Put differently, when a defendant raises a qualified immunity defense, that defendant cannot be required to endure the expense of trial (including the expense of any preparations necessary only for trial) until the availability of qualified immunity has been conclusively resolved against it. Requiring that defendant to wait until the eve of trial for such a ruling would undermine the defense just as surely as delaying an appeal of such a ruling until after trial—the difference in harm is merely one of degree, not of kind.

Under *Ingram*, then, this Court's letter ruling—which states a clear decision denying qualified immunity and contemplates a written order only to *explain* that decision—is appealable, and the Ninth Circuit has jurisdiction over an interlocutory appeal from that ruling as of the date of that ruling, at least unless and until some further written order complying with Rule 58 is issued by the Court. *See Ingram*, 977 F.2d at 1339 ("If an oral ruling, or a minute order that does not meet [those] requirements * * * is *not* followed by a properly entered dispositive order, this court will have appellate jurisdiction when a notice of appeal is filed *any time after the district court's ruling*." (first emphasis in original, second added)). Any other rule would require

Page 6 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the State Defendants to risk the possibility that, if no further order is entered, the time for filing a timely appeal on this issue will lapse under *Ingram*. *Cf. Ingram*, 977 F.2d at 1339 ("Moreover, if a district court enters two dispositive orders, each of which is sufficient to trigger the time for appeal under Fed. R. App. P. 4(a)(4), a party should not have to run the risk that the order he may choose to appeal from may not be the same order a court of appeals decides he should have chosen.").

In short, because the State Defendants seek to invoke the Ninth Circuit's interlocutory jurisdiction to review this Court's clear expression of its intent to deny qualified immunity, they are entitled to the same protections—under the same timeframe—available in any appeal from that kind of decision, regardless of how it is issued or expressed by the trial court. *Cf. In re Cahn*, 188 B.R. 627, 630 (B.A.P. 9th Cir.1995) ("Even a minute entry order can be a final, appealable order if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act." (internal quotation marks omitted)).

### C. An automatic stay of the federal claims is required because appeal of this Court's denial of qualified immunity on those claims is not frivolous.

Because the State Defendants have filed a proper interlocutory appeal, they are entitled to a stay of at least those claims on which qualified immunity has been raised—meaning all federal claims raised against them under 42 U.S.C. § 1983.

When an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). But "while a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Id*. Thus, a district court may retain jurisdiction pending an interlocutory appeal of a qualified-immunity denial if it certifies in a written finding that the appeal is frivolous. *Id*. at 105.

"An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit," as when raised only as a "a knee-jerk reaction to every unfavorable ruling." *In re*

Page 7 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*George*, 322 F.3d 586, 591 (9th Cir. 2003) (internal quotation marks omitted).  When a "legal issue on the merits presents a question of first impression in this circuit," an appeal is "not frivolous."  *United States v. Weyhrauch*, 548 F.3d 1237, 1242 (9th Cir. 2008), *vac'd and rem'd on other grounds*, 561 U.S. 476, 130 S. Ct. 2971 (2010).

In a qualified immunity case, certification of an "appeal as frivolous is the exception, not the rule."  *Johns v. City of Eugene*, 6:16-CV-00907-AA, 2018 WL 11176240, at *1 (D. Or. Mar. 28, 2018) (citing *Padgett*, 587 F.3d at 985).  That exception can be met when, for example, the denial of qualified immunity rests *entirely* on a determination that the availability of that defense turns on the resolution of a factual issue that is genuinely disputed.  *See, e.g.*, *Zawacky v. Clark Cnty.*, C22-5101-KKE, 2024 WL 3316080, at *1 (W.D. Wash. June 21, 2024).  That is, a "pretrial appeal of a qualified immunity decision is improper where immunity *hinges* on disputed facts," not when a defendant claims that they "did not violate clearly established law even when the evidence in the summary judgment record is viewed in the light most favorable to plaintiff."  *Johns v. City of Eugene*, 6:16-CV-00907-AA, 2018 WL 11176240, at *2 (D. Or. Mar. 28, 2018) (emphasis in original).

Here, even though this Court was unpersuaded by the State Defendants' qualified immunity arguments, those arguments present several legal questions that could reasonably be decided in the State Defendants' favor regardless of how any factual disputes are resolved. Without seeking to relitigate those issues in this Court, those legal questions include, for example, whether a forensic DNA analyst clearly engages in unlawful evidence fabrication when presenting evidence that, rather than affirmatively incriminating the criminal defendant, merely fails to discuss an unknown marginal contributor of DNA on a piece of evidence—especially when the record reveals no genuine dispute that the governing guidelines do not *require* reporting such marginal DNA contributions.  *See* State Defendants' MSJ, ECF 294, at 41–42. Those legal questions also include whether a forensic DNA analyst clearly withholds exculpatory evidence by declining to interpret DNA evidence in an exculpatory manner, even when they

Page 8 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

disclose to the criminal defendant sufficient test results to allow that defendant to offer an exculpatory interpretation himself.  *See id*. at 46–48.

No binding authority forecloses a decision in favor of qualified immunity on those questions.  Indeed, the available authority, as discussed in the State Defendants' briefing on summary judgment, points in that direction.  Even if this Court reads those authorities differently, the issues at a minimum remain open and undecided as questions "of first impression in this circuit," as distinct from the kind of frivolous issue that is squarely foreclosed by binding precedent.  *Weyhrauch*, 548 F.3d at 1242.

### D. A stay of the remaining claims is warranted because they should not proceed in the absence of the federal claims.

Although the foregoing authorities require a mandatory stay resulting from the State Defendants' interlocutory appeal, that mandatory stay applies only to the federal claims—that is, the claims on which qualified immunity has been raised.  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("Thus, the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal.").  But no mandatory stay applies to the state law claims at issue.  *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) ("[D]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal.").

Nevertheless, this Court may still order a stay of other aspects of the case not on appeal, as a matter of discretion.  *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005).  In exercising that discretion, the Court must weigh the competing interests involved, among which are "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer [if the case is allowed] to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Andrade Rico v. Beard*, No. 217CV1402KJMDBP, 2019 WL 4127206, at *7 (E.D. Cal. Aug. 30, 2019) (cleaned up) (quoting *Lockyer*, 398 F.3d at 1110).

Page 9 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Applying the third factor first, a discretionary stay is warranted because the "federal and state claims are based on the same nucleus of facts, such that trying the claims separately would be duplicative and an inefficient use of court resources." *Tamas v. Washington*, C07-0750RAJ, 2008 WL 11506716, at *1 (W.D. Wash. Nov. 26, 2008) (citing *Levya v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979))); *see also Kendrick v. Cnty. of San Diego*, No. 15CV2615-GPC(AGS), 2018 WL 3361354, at *4 (S.D. Cal. July 10, 2018) (even where some but not all of the defendants' interlocutory appeals were certified as frivolous, court noted that "[b]ecause the facts underlying the qualified immunity analyses are intertwined as to all the Defendants, the case will be stayed pending resolution of the interlocutory appeal in order to conserve judicial resources.").

Here, the federal and state law claims, and the defenses to them, involve intertwined factual premises, and allowing them to proceed separately would be inefficient and duplicative. For example, Plaintiffs assert § 1983 claims for failure to disclose exculpatory information (First Claim, Count 4) and destruction of exculpatory evidence (First Claim, Count 7). Plaintiffs also assert a state law claim for negligent and/or intentional spoliation of evidence (Seventh Claim). Each of those rests on Plaintiffs' contention that the State Defendants suppressed or destroyed evidence that was favorable to McGuffin in his criminal proceedings. *See* Second Am. Compl. ¶¶ 232 252, 316 (describing largely the same evidence as suppressed or destroyed).

For another example, Plaintiffs assert a § 1983 claim for malicious prosecution (First Claim, Count 2). Plaintiffs also assert state law claims for malicious prosecution and false imprisonment (Second and Third Claims). All these claims are dependent upon the absence of probable cause. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (§ 1983 malicious prosecution); *Miller v. Columbia Cnty.*, 282 Or. App. 348, 360 (2016) (state law malicious prosecution and false arrest). Also common to those three claims is Plaintiffs' contention that the grand jury's indictment of McGuffin—that is, its finding of probable cause—was based on fabricated evidence. *See* Second Am. Compl. ¶¶ 211, 218-220, 279, 287.

Page 10 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs also contend that McGuffin's conviction was based on that same fabricated evidence. *See id.* ¶ 211 (First Claim, Count 1). And Plaintiffs assert that OSP was negligent under state law in failing to properly train and supervise its employees, resulting in those employees violating McGuffin's constitutional rights by fabricating evidence and suppressing or destroying exculpatory evidence. First Am. Compl. (trailing case, ECF 144) ¶¶ 128-131, 166-167 (Fourth Claim). Thus, that negligence claim, though it adds OSP's training and supervision to the discussion, rests squarely upon the same factual core as the § 1983 claims, the allegedly fabricated and suppressed evidence.

Litigating and defending these claims at trial would entail the same testimony, witnesses, and evidence. It would take little more litigant and judicial resources to try the federal and state claims in one trial than to try any of them individually. *See Murrietta-Golding through Lopez v. City of Fresno*, No. 1:18-CV-0314 AWI SKO, 2021 WL 22447, at *3 (E.D. Cal. Jan. 4, 2021) ("Generally, it is more advisable and efficient for a single jury to hear all of the evidence and decide all of the issues"). Were the state law claims to proceed to trial during the pendency of the appeal, the same witnesses would have to be recalled for a subsequent trial of the federal claims if the appeal is unsuccessful. Such an event would expose the State Defendants to a risk of Plaintiffs recovering twice for the same injury. Or, if the State Defendants prevail on appeal, a verdict in favor of Plaintiffs on the state law claims may result in anomalous and inconsistent rulings on claims with common elements.

In short, allowing the state law claims to proceed to trial during the pendency of the appeal would almost certainly compound, rather than reduce, the complexity of the matter and the number of disputed issues.

As to the relative harms and hardships to the parties, allowing the state law claims to go to trial while the appeal is pending forces the State Defendants to endure the time-consuming burdens of pretrial preparation and trial on essentially the same factual contentions upon which they contend they are entitled to qualified immunity. *See Behrens v. Pelletier*, 516 U.S. 299, 308

Page 11 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
        JBD/ce1/989705312
                            Department of Justice
                            100 SW Market Street
                            Portland, OR 97201
                        (971) 673-1880 / Fax: (971) 673-5000

(1996) (describing the purpose of qualified immunity is to avoid trial as well as pretrial matters). That irreparable damage to their immunity is a hardship that strongly favors the State Defendants. *Andrade Rico v. Beard*, 2019 WL 4127206, at *8. The interest in avoiding unnecessary and duplicative litigation also favors the State Defendants. *Id*.

Plaintiffs cannot identify harm from a stay that is sufficiently strong to justify trying the state law claims while the appeal is pending. While this case has been active for nearly five years, nothing about its age makes the requested stay a particular hardship for Plaintiffs. The events at issue began in 2000 and were largely concluded by 2011. Thus, the additional time necessary to resolve the appeals does not pose a hardship by way of further faded memories. *Id*. at *7 (discussing the element of hardship from delay)

In considering motions to stay under similar circumstances, court have found that issues such as the complexity of the evidentiary issues to be resolved and the potential for duplication of witness testimony militated in favor of a stay. *Wilson v. City of Los Angeles*, No. CV 18-5775-KS, 2021 WL 9684445, at *3 (C.D. Cal. Mar. 12, 2021) (holding that the complexity of the evidentiary issues and potential for duplicative witness testimony were matters that, in the interest of justice and judicial economy, weighed in favor of a stay). Courts in similar circumstances have also noted that allowing state law claims to proceed "would necessarily encroach upon the (now-stayed) federal claims—it would improperly interfere with 'those aspects of the case involved in the appeal.'" *David v. Betts*, No. CV 20-00002 JMS-WRP, 2021 WL 2355391, at *5 (D. Haw. June 9, 2021) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

Unlike in an appeal from final judgment, where a stay serves no purpose in an unsuccessful appeal, the interlocutory appeal in this case supports a stay *regardless* of the outcome on appeal: a stay will ensure that this Court and the parties do not unnecessarily expend resources litigating supplemental claims that, if the appeal is successful, should not be before this Court via supplemental jurisdiction under 28 U.S.C. § 1367. And if the appeal is unsuccessful, a

Page 12 -   STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
JBD/ce1/989705312

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

stay will likewise ensure that this Court and the parties do not unnecessarily expend resources by separately litigating claims with a common nucleus of fact.

## CONCLUSION

This Court should grant a stay of all proceedings in this case pending the resolution of the State Defendants' interlocutory appeal. At a minimum, it must stay all proceedings on claims subject to that interlocutory appeal.

DATED May  15 , 2025.

                                Respectfully submitted,

                                DAN RAYFIELD
                                Attorney General


                                *s/ Jesse B. Davis*
                                JESSE B. DAVIS #052290
                                Senior Assistant Attorney General
                                TODD MARSHALL #112685
                                Senior Assistant Attorney General
                                KRISTEN E. HOFFMEYER #085338
                                Senior Assistant Attorney General
                                Department of Justice
                                100 SW Market Street
                                Portland, OR 97201
                                Telephone: (971) 673-1880
                                Fax: (971) 673-5000
                                Email: jesse.b.davis@doj.oregon.gov
                                           Todd. marshall@doj.oregon.gov
                                           Kristen.hoffmeyer@doj.oregon.gov

                                Of Attorneys for State Defendants Hormann, Krings, Riddle, Wilcox and Oregon State Police

Page 13 -  STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
      JBD/ce1/989705312
                                          Department of Justice
                                          100 SW Market Street
                                          Portland, OR 97201
                               (971) 673-1880 / Fax: (971) 673-5000